Hand-Delivered

**FILED**
**CHARLOTTE, NC**

**MAY 18 2021**

US District Court
Western District of NC

# UNITED STATES DISTRICT COURT

### for the

## WESTERN District of NORTH CAROLINA

### CHARLOTTE Division

Case No. 3:21 cv 228 GM

*(to be filled in by the Clerk's Office)*

| | |
|---|---|
| ANDRE ANTONIO DAVIS<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an*<br>*additional page with the full list of names.)*<br>**–v–**<br><br>ALPHABET<br>GOOGLE<br><br>& SHAREHOLDERS<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names. Do not include addresses here.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Non–Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Page 1 of 6

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ANDRE ANTONIO DAVIS                 *plaintiff in pro per* |
| Address | P.O BOX 551239 |

| | | |
|---|---|---|
| GASTONIA | NC | 28054 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | GASTON COUNTY |
| Telephone Number | (980) 251-1605 |
| E-Mail Address | |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SUNDAR PICHAI |
| Job or Title *(if known)* | CHIEF EXECUTIVE OFFICER |
| Address | 1600 AMPHITHEATRE PARKWAY |

| | | |
|---|---|---|
| MOUNTAIN VIEW | CA | 94043 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | SANTA CLARA |
| Telephone Number | 1-650-253-0000 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | ALAN R MULALLY |
| Job or Title *(if known)* | BOARD MEMBER |
| Address | 1600 AMPHITHEATRE PARKWAY |

| | | |
|---|---|---|
| MOUNTAIN VIEW | CA | 94043 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | SANTA CLARA |
| Telephone Number | 1-650-253-0000 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 3

    Name     _____

    Job or Title *(if known)*   _____

    Address     _____

                  *City*     *State*     *Zip Code*

    County

    Telephone Number   _____

    E-Mail Address *(if known)*

☐ Individual capacity   ☑ Official capacity  Type text here

Defendant No. 4

    Name     _____

    Job or Title *(if known)*   _____

    Address     _____

                  *City*     *State*     *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity   ☑ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

    ☑ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    VIOLATIONS OF ANTITRUST, CIVIL AND CONSTITUTIONAL RIGHTS

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Violations of Civil Constitutional Rights under Bivens Action , 403 U.S. 388 (1971)

N/A
_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

NC
_____

B. What date and approximate time did the events giving rise to your claim(s) occur?

Jan 15 2021
_____

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Alphabet has been hacking my

Data aiding the Infragard to convert my computer into an Alexis device via their software

and hardware without permission to listen into my home using the screen as live camera and

using the data to track my IP address. Alphabet violated antitrust law national and worldwide

money laundering and kickback scheme subjecting Mr. Davis to domestic terrorisms and

control and to hide their illegal bribes and money laundering campaign to take from the

United States government undermining established Congressional statues and laws of this

nation. Mr. Davis has been attacked by algorithms that was racist, bulley by the ALPHBET

AND GOOGLE Hack teams and Infragard agents that get paid to be online to follow harass

you on the cellphone, computer and car by satellites. Therefore Alphabet is liable.

**IV.     Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

mental anguish, depression, paranoid loss of sleep and other medical concerns.

**V.     Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Amount excess 40,200,000,000.00 applicable under this courts jurisdiction.

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          5/17/2021

Signature of Plaintiff      *Andre Davis*

Printed Name of Plaintiff    Andre Antonio Davis

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

ALPHABET INC & GOOGLE LLC SHAREHOLDERS

**Adage Capital Partners GP LLC**

Phil Gross    PORTFOLIO MANAGER

200 Clarendon Street 52nd Floor

Boston, MA 02116 United States

PHONE:1-617-867-2800

COUNTY: SUFFOLK COUNTY

**Achmea Investment Management BV**

ERIK VAN HOUWELINGEN  BOARD MEMBER

Trade Route 2 Zeist,

3707 NH Netherlands

PHONE: 31-30-245-3999

**Acadian Asset Management LLC**

RONALD D FRASHURE   CHAIRMAN

260 Franklin Street

Boston, MA 02110 United States

PHONE:1-617-850-3500

COUNTY: SUFFOLK COUNTY

**ACTIAM NV**

HANS VAN HOUWELINGEN  CEO/CCO

Graadt Van Roggenweg

250 Utrecht, 3531 AH

Netherlands

PHONE

31-6-1272-0480

COUNTY: NETHERLANDS


**ACT TWO INVESTORS LLC**

Jeffrey Scharf   FOUNDER

641 ESCALONA DRIVE

SANTA CRUZ CA 95060

Phone  831-246-0035

COUNTY:  SANTA CRUZ COUNTY


**Advisor Partners LLC**

ANDREW RUDD PHD    CHAIRMAN & FOUNDER

2175 North California Blvd Suite 400

Walnut Creek, CA 94596 United States

PHONE: 1-888-265-2257

COUNTY:  CONTRA COSTA COUNTY


**Affiliated Managers Group Inc**

DWIGHT D CHURCHILL    BOARD MEMBER

600 Hale Street

Prides Crossing, MA 01965 United States

PHONE:  1-617-747-3300

COUNTY: ESSEX COUNTY

**Aegon Asset Management UK PLC**

WILLIAM MERVYN FREW CAREY SHANNNON     BOARD MEMBER

3 Lochside Avenue Edinburgh Park

Edinburgh, EH12 9SA United Kingdom

PHONE: 44-131-338-4748


**ADVISOR CAPITAL MANAGEMENT LLC**

KEVIN KERN     FOUNDING PARTNER

10 Wilsey Square, Suite 200

Ridgewood, NJ 07450

PHONE: 201-447-3400

COUNTY: BERGEN COUNTY


**Alecta Pensionsforsakring Omsesidigt**

INGRID BONDE  CHAIRMAN

Regeringsgatan 107 Stockholm, 10373 Sweden

PHONE: 46-8-441-6000


**ALLEN GREY PROPRIETARY LIMITED**

IDN LIDDLE     CHAIRMAN

1 Silo Square, Victoria & Alfred Waterfront,

Cape Town, 8001, South Africa

PHONE: +27860000654


**Allianz Asset Management AG**

Dr. Thomas Naumann Chief Financial Officer

Seidlstr 24-24a

80335 Munchen, Germany

Phone: +49-89122070

**ALLIANCEBERNSTEIN LP**

SETH PERRY BERNSTEIN  PRESIDENT/CEO

1345 Avenue of the Americas

New York, NY 10105 United States

PHONE: 1-212-969-1000

COUNTY:  NEW YORK COUNTY


**Alberta Investment Management Corp**

MARK D WISEMAN          CHAIRMAN

1100-10830 Jasper Avenue

Edmonton, AB T5J 2B3 Canada

PHONE: 1-780-392-3600


**Alpine Woods Capital Investors LLC**

ARLEEN BAEZ    CHIEF OPERATING OFFICER

2500 Westchester Avenue Suite 215

Purchase, NY 10577 United States

PHONE:  1-646-808-3701

COUNTY:  WESTCHESTER COUNTY


**Allstate Corp/The**

JUDITH A SPRIESER     BOARD MEMBER

2775 Sanders Road

Northbrook, IL 60062 United States

PHONE:1-847-402-5000

COUNTY: COOK COUNTY

4

**ALPS Advisors Inc**

LANTON SPAHR  PRESIDENT

1290 Broadway Suite 1100

Denver, CO 80203 United States

PHONE:1-866-759-5679

COUNTY:  Arapahoe County

**Amalgamated Bank**

ROBERT M WROBEL  CHAIRMAN

275 7TH AVE

NEW YORK, NY 10001 United States

PHONE: +1 202-293-9800

COUNTY: NEW YORK COUNTY

**AMERICAN CENTURY COMPANIES INC**

dba AMERICAN CENTURY INVESTMENT

VICTOR SHENG ZHANG  PRESIDENT/CEO

PO Box 419200 Kansas City, MO 64141 United States

PHONE:  1-816-531-5575

COUNTY: Clay, Jackson, and Platte

**American Investment Council**

KEN MEHLMAN   BOARD MEMBER

799 9th Street, Northwest Suite 200

Washington, DC 20001 United States

PHONE:1-202-465-7700

5

COUNTY: NO COUNTIES

**American National Insurance Co**
Ross Rankin Moody, Chairman of the Board
1 Moody Plaza
Galveston, TX 77550 United States
PHONE: +1 409-763-4661
COUNTY: GALVESTON COUNTY

**AMG Funds LLC**
JEFFERY T CERITTI   CHIEF EXECUTIVE
600 STEAMBOAT RD SUITE 300
GREENWICH, CT 06830 United States
PHONE:1-610-382-7849
COUNTY: FAIRFIELD COUNTY

**Amundi Pioneer Asset Management Inc**
DOMENICO AIELLO CHIEF FINANCIAL OFFICER
60 State Street
Boston, MA 02109 United States
PHONE: 1-617-742-7825
COUNTY: SUFFOLK COUNTY

**AMERIPRISE FINANCIAL INC**
**JAMES M CRACCHIOLO    CHAIRMAN**
**55 Ameriprise Financial Center**
**Minneapolis, MN 55474 United States**
**PHONE:1-612-671-3131**
**COUNTY:  HENNEPIN COUNTY**

**AMERIPRISE FINANCIAL INC**

6

JAMES M CRACCHIOLO CHAIRMAN AND CEO

55 Ameriprise Financial Center

Minneapolis, MN 55474 United States

PHONE: 1-612-671-3131

COUNTY: HENNEPIN COUNTY


**Ameritas Investment Partners Inc**

WILLIAM WALLACE LESTER     CHAIRMAN

5945 R Street

Lincoln, NE 68505 United States

PHONE:1-877-546-3863

COUNTY: LANCASTER COUNTY



**AMF Pensionsforsakring AB**

MARCUS BLOMBERG     ACTING CHIEF INVESMENT OFFICER

Klara Sodra Kyrkogata 18

Stockholm, 113 88 Sweden

PHONE: 46-8-696-31-00



**AMP Capital Investors Ltd**

FRANCESCO DE FERRARI

50 Bridge Street Sydney, NSW 2000

Australia

PHONE: 61-2-9257-8020



**Ancient Art LP/Texas**

Quincy James Lee     CHIEF EXE OFC

7

500 West 5th Street Suite 1110

Austin, TX 78701 United States

PHONE:1-512-351-4440

COUNTY: TRAVIS COUNTY

**APG ASSET MANAGEMENT NV**

CELINE VAN ASSELT  CHIEF FINANCE & RISK OFFICER

Gustav Mahlerplein 3

Amsterdam, 1082 MS Netherlands

PHONE

31-20-604-80-00

**APG Asset Management NV**

PAUL SPIJKERS  PRESIDENT

Gustav Mahlerplein 3 Amsterdam,

1082 MS Netherlands

PHONE : 31-20-604-80-00

**AQR Capital Management LLC**

CLIFFORD SCOTT ASNESS        PRINCIPAL

2 Greenwich Plaza

Greenwich, CT 06830 United States

PHONE: 1-203-742-7500

COUNTY: FAIRFIELD COUNTY

**ARK Investment Management LLC**

GENE L NEEDLES JR     BOARD MEMBER

3 East 28th Street, 7th Floor

New York, NY 10016 United States

PHONE: 1-212-426-7040

COUNTY:  NEW YORK COUNTY


**Armor Advisors LLC**

EDEN NANZIA  CFO AND COMPLIANCE OFFICER

410 PARK AVENUE SUITE 530

NEW YORK NY 10022

 Phone: (646) 873-8501

 COUNTY:  NEW YORK COUNTY


**Arrowstreet Capital, Limited Partnership**

ANTHONY RYAN  Chief Executive Officer

200 Clarendon St Ste 5700

Boston , MA, 02116-5081

Phone:(617) 919-0000

COUNTY:  SUFFOLK COUNTY


**Arrow Capital Management Inc**

ROBERT PARSONS     MANAGING PARTNER

36 Toronto Street Suite 750

Toronto, ON M5C 2C5 Canada

PHONE:  1-416-323-0477


**Ar Asset Management Inc**

9

Anita Rosenstein Chief Executive Officer

9229 SUNSET BOULEVARD SUITE 425

WEST HOLLYWOOD CA 90069

Phone:310-859-7644

COUNTY: LOS ANGELES

**Arthur M Cohen & Associates**

Arthur Cohen  OWNER

1033 Skokie Blvd STE 200,

Northbrook, IL 60062

PHONE: : (847) 480-2990

COUNTY: COOK COUNTY

**ARTISAN PARTNERS FUNDS INC**

James D. Hamel, CFA Portfolio Manager

PO Box 219322

Kansas City, MO 64121-9322

PHONE: 1 800 344 1770

COUNTY: JACKSON, CLAY, PLATTE, CASS COUNTIES

**Artisan Partners LP**

ANDREW A ZIGLER    BOARD MEMBER

875 East Wisconsin Avenue Suite 800

Milwaukee, WI 53202 United States

PHONE: 1-800-399-1770

COUNTY:  MILWAUKEE COUNTY

10

**Ashfield Capital Partners LLC**

J STEPHEN LAUCK    BOARD MEMBERS

801 Montgomery Street Suite 200

San Francisco, CA 94133 United States

PHONE:  1-415-391-4747

COUNTY:  SAN FRANCISCO COUNTY

**Atria Investments Llc**

LISA FALER   DIRECTOR

5925 CARNEGIE BLVD SUITE 500

CHARLOTTE NC 28209

COUNTY:  MECKLENBURG

**Atlanta Capital Management Co LLC**

KELLY WILLAMS    PRESIDENT

1075 Peachtree Street Northeast, Suite 2100

Atlanta, GA 30309 United States

PHONE: 1-404-876-9411

COUNTY: FULTON COUNTY

11

**Atwood & Palmer Inc**

STEVEN NELSON PALMER PRESIDENT

4520 Madison Avenue Suite 200

Kansas City, MO 64111 United States

County: Jackson County, but portions spill into Clay, Cass, and Platte counties.


**AUTUS Asset Management LLC**

MARK ANDREW FIEDLER  MANANGING MEMBER

16435 North Scottsdale Road Suite 105

Scottsdale, AZ 85254 United States

PHONE:1-480-348-1800

COUNTY: MARICOPA COUNTY


**Aviva PLC**

JAMES McCONVILLE    BOARD MEMBER

Saint Helen's 1 Undershaft

London, EC3P 3DQ United Kingdom

PHONE:44-20-7283-2000


**AXA SA**

DENIS DUVERNE    BOARD MEMBER

2-4 Rue Jules Lefebvre

Paris, 75009 France

PHONE: 33-1-56-92-92-93

**Axiom Investment Management LLC**

LIAM FRANCIS DALTON    CHAIRMAN

780 3rd Avenue 43rd Floor

New York, NY 10017 United States

PHONE:  1-212-521-3800

COUNTY:  NEW YORK COUNTY

**Badgley Phelps & Bell Inc**

J KEVIN CALLAGHAN    CHAIRMAN

1420 5th Avenue Suite 3200

Seattle, WA 98101 United States

PHONE:1-206-623-6172

COUNTY:  KING COUNTY

**BAILLE GIFFORD FUNDS**

Andrew Telfer, Senior Partner

Calton Square 1 Greenside Row Edinburgh, EH1 3AN

United Kingdom

PHONE: 44-131-275-2000

**BANK OF AMERICA CORP**

BRIAN T MOYNIHAN  CHAIRMAN/CEO

100 North Tryon Street

Charlotte, NC 28255 United States

PHONE:  1-704-386-5681

COUNTY: MECKLENBURG

**Baird Financial Group**

HOMER BAIRD Owner and Principal

3838 Oak Lawn Ave Ste 820

Dallas , TX, 75219-4509

Phone: (214) 521-3777

**Banco de Sabadell SA**

DR. JOSEP OLIU CREUS    CHAIRMAN

Avenida 3) 5/16scar Espl3) 17/32 37

Alicante, 03007 Spain

PHONE: 34-935-916-360


**Banco Santander SA**

ANA BOTIN SANZ D SAUTUOLA Y O SHEA    CHAIRMAN

Avenida de Cantabria s/n Boadilla del Monte

Madrid, 28660 Spain

PHONE:34-91-2890-000


**Banco Bilbao Vizcaya Argentaria SA**

CARLOS TORRES VILA   CHAIRMAN

Plaza de San Nicolas 4

Bilbao, 48005 Spain

PHONE: 34-902-22-44-66


**Bank Hapoalim BM**

DOV KOTLER CHIEF EXECUTIVE OFFICER

50 Rothschild Boulevard Tel Aviv,

66883 Israel

PHONE: 972-03-567-3800

**Bank of New York Mellon/The**

Dr Wesley W Von Schack

Aegis Insurance Services Inc

240 Greenwich Street

New York, NY 10286 United States

PHONE: 1-212-495-1784


**BANK OF NOVA SCOTIA THE**

BRIAN J PORTER PRESIDENT & CEO

Scotiabank Scotia Plaza 44 King Street West Toronto,

ON M5H 1H1 Canada

PHONE: 1-416-866-6161


**BANK OF MONTREAL**

DAVID C JACOBSON VICE CHAIRMAN

100 King Street West 1 First Canadian Place Toronto,

ON M5X 1A1 Canada

PHONE

1-416-867-6785


**BARCLAYS BANK PLC**

NIGEL HIGGINS CHAIRMAN

1 Churchill Place

London, E14 5HP United Kingdom

PHONE:44-20-7488-1144


**BARON CAPITAL INC**

**Alexander L Umansky   FUND MANAGER**

767 FIFTH AVENUE 48TH FLOOR

NEW YORK NY 10153

PHONE: 212-583-2000

COUNTY: NEW YORK COUNTY

**Barrett & Co**

Craig R. Barrett      Co-Chairman

42 Weybosset Street

Providence, RI 02903 United States

PHONE: 1-401-351-1000

COUNTY: PROVIDENCE COUNTY

**Baupost Group LLC/The**

JIM MOONEY    PRESIDENT AND PARTNER

10 Saint James Avenue Suite 1700

Boston, MA 02116 United States

PHONE:1-617-210-8300

COUNTY: SUFFOLK COUNTY

**Baxter Investment Management**

William J Baxter Junior

1030 E Putnam Ave

Greenwich , CT, 06830

Phone: (203) 637-4559

COUNTY: FAIRFIELD COUNTY

**BBR ALO FUND LLC**

STEVEN KASS   BOARD MEMBER

C/O BBR PARTNERS, LLC

55 EAST 52ND STREET, 18TH FLOOR

NEW YORK NY 10055

PHONE:   (212) 313-9870

COUNTY : NEW YORK COUNTY


**Beck Mack & Oliver LLC**

ROBERT J CAMPBELL    PARTNER

565 Fifth Avenue 19th Floor

New York, NY 10017 United States

PHONE:  1-212-661-2640

COUNTY:  NEW YORK COUNTY


**Bessemer Investment Management Inc**

GEORGE WILCOX  PRESIDENT

45 Rockefeller Plaza #630

New York, NY 10111

Phone: 1-212-708-9184

COUNTY: NEW YORK COUNTY


**BILL AND MELINDA GATES FOUNDATION**

BILL GATES        TRUSTEE

 500 5TH AVE NORTH

SEATTLE WA 98109

Business Phone:       206-709-3100

COUNTY:  KING COUNTY


**BILL AND MELINDA GATES FOUNDATION**

MELINDA GATES

500 5TH AVE NORTH

SEATTLE WA 98109

Business Phone:       206-709-3100

COUNTY:  KING COUNTY

**BILL AND MELINDA GATES FOUNDATION**

WARREN BUFFET

500 5TH AVE NORTH

SEATTLE WA 98109

Business Phone:       206-709-3100

COUNTY:  KING COUNTY

**Birch Hill Investment Advisors LLC**

GARY MIKULA   PRESIDENT

24 Federal Street 10th Floor

Boston, MA 02110 United States

PHONE: 1-617-502-8300

COUNTY: SUFFOLK COUNTY

**BlackRock Fund Advisors**

**ROBERT STEVEN KAPITO  PRESIDENT**

400 Howard Street

San Francisco, CA 94105 United States

PHONE: 1-415-670-2000

COUNTY: SAN FRANCISCO COUNTY

## BLACKROCK INC.

Laurence D Fink
55 EAST 52ND STREET
New York , NY, 10055-0002
United States
Phone:  (212) 810-5300
County: New York County


## BLACKROCK INC

## LAURENCE DOUGLAS FINK  CHAIRMAN/CEO/CO-FOUNDER

55 East 52nd Street
New York, NY 10055 United States
PHONE
1-212-810-5300
COUNTY: NEW YORK COUNTY


Ultimate parent company AMERICAN INTERNATIONAL GROUP INC
Subsidiary SUNAMERICA INC
BRIAN DUPERREAULT   CHAIRMAN
175 Water St
NEW YORK, NY 10038 United States
PHONE: 1-347-493-2228
COUNTY: NEW YORK COUNTY


## Bloom Tree Partners LLC

ALOK AGRAWAL      CEO
101 Park Avenue
New York, NY 10178 United States
PHONE:1-212-716-2614
COUNTY:  NEW YORK COUNTY

**Bloombergsen Inc**

LAWRENCE S BLOOMBERG   CHAIRMAN AND CO FOUNDER

TD North Tower, Financial Dist 77 King Street West, Ste 4220

Toronto, ON M5K 1H1 Canada

PHONE:  1-416-594-9090


**Blue Pool Capital Ltd**

OLIVER WEISBURG   CHIEF EXECUTIVE OFFICER

Room 3208, 2 Exchange Square Central

Hong Kong (SAR)

PHONE: 852-2825-9000

**BNY MELLON**

THOMAS P GIBBONS CHIEF EXECUTIVE OFFICER

240 Greenwich Street

New York, NY 10286

PHONE: 1 212 495 1784

COUNTY:  NEW YORK COUNTY


**BNP Paribas Asset Management Holding SA**

FREDERIC JANBON      CEO

1 Blvd Haussman Paris, 75009 France

PHONE: 33-1-58-97-25-25




**Boston Financial Management LLC**

MIKE BROWN      CEO

1 Winthrop Square

Boston, MA 02110 United States

PHONE: 1-617-338-8108

COUNTY: SUFFOLK COUNTY

**BRAGG FINANCIAL ADVISORS**

1031 South Caldwell Street, Suite 200

Charlotte, North Carolina 28203

PHONE (704) 377-0261

COUNTY: MECKLENBURG

**BRIDGE BUILDER TRUST**

Helge K. Lee, Secretary

12555 Manchester Road

St. Louis, MO 63131

COUNTY: ST. LOUIS COUNTY

PHONE: (314) 515-2000

**BRIDGE BUILDER TRUST**

Sean Graber, Esq. **Agent for Service**

Morgan, Lewis & Bockius LLP

1701 Market Street

Philadelphia, PA 19103

PHONE:215 -963- 5076

COUNTY: PHILADELPHIA COUNTY

**Bridges Investment Management Inc**

EDSON L BRIDGES III     PRESIDENT AND CEO

8401 West Dodge Road Suite 256

Omaha, NE 68114 United States

PHONE:1-402-397-4700

COUNTY: DOUGLAS COUNTY


**British Airways Pension Investment Management Ltd**

FRASER SMART   BOARD  MEMBER

2-4 Lampton Road

Whitelocke House Hounslow, TW3 1HU United Kingdom

PHONE: 44-20-8538-2100


**British Columbia Investment Management Corp**

PETER M MILBURN    CHAIRMAN

750 Pandora Avenue

Victoria, BC V8W 0E4 Canada

PHONE: 1-778-410-7100


**Broadleaf Partners LLC**

DOUGLAS  S. MACKAY CEO

9 Aurora Street Suite 5

Hudson, OH 44236 United States

PHONE: 1-330-650-0921

COUNTY: SUMMIT COUNTY


**Bmo Funds, Inc**

Headquarters

C/O TIMOTHY M BONIN

OTHER NAME: MARSHELL FUND

MDIVX - BMO Dividend Income Fund Class I

111 E. Kilbourn Ave

STE 200

Milwaukee US-WI 53202-6672

County: Milwaukee County

**Boston Common Asset Management LLC**

GEETA AIYER   PRESIDENT

84 State Street Suite 940

Boston, MA 02109 United States

PHONE:1-617-720-5557

COUNTY: SUFFOLK COUNTY

**Boston Private Wealth LLC**

ANTHONY DECHELLIS   CEO

1 Federal Street 30th Floor

Boston, MA 02110 United States

PHONE: 1-800-422-6172

COUNTY:  SUFFOLK COUNTY

**Bourne Lent Asset Management, Inc**

DONALD W. BOURNE SR.   CHAIRMAN AND FOUNDER

3 Memorial Avenue

Pawling, New York 12564

PHONE: 845-855-1590

COUNTY: NEW YORK COUNTY

**Boston Family Office LLC/The**

BENJAMIN T RICHARDSON           PARTNER

88 Broad Street 2nd Floor

Boston, MA 02110 United States

PHONE: 1-617-624-0800

COUNTY: SUFFOLK COUNTY


**BOWEN HANES AND CO INC**

F BORDEN HANES JR     CHAIRMAN

3290 Northside Parkway Suite 880

Atlanta, GA 30327

PHONE: 404-995-0507

COUNTY: FULTON COUNTY


**BPCE SA**

LAURENT MIGNON  CHAIRMAN

50 Avenue Pierre Mendes France Paris

Cedex 13, 75201 France

PHONE: 33-1-58-40-41-42


**Bradley Foster & Sargent Inc**

ROBERT H BRADLEY  CHAIRMAN/PRINCPAL/PORTFOLIO MGR

185 Asylum Street City Place II, 11th Floor

Hartford, CT 06103 United States

PHONE: 1-860-527-8050

COUNTY: HARTFORD COUNTY


**BRIGHTHOUSE FUNDS TRUST II**

Eric T. Steigerwalt President, CEO

ROPES & GRAY LLC

PRUDENTIAL TOWER

800 BOYLSTON ST

BOSTON MA 02199

PHONE:  800-638-7732.

COUNTY:  SUFFOLK COUNTY


**Broad Run Investment Management LLC**

BRYAN HUGHES ADKINS  CHIEF COMPLIANCE OFC

1530 Wilson Blvd Suite 530

Arlington, VA 22209 United States

PHONE:1-703-260-1260

COUNTY:  FAIRFAX COUNTY


**BROWN ADVISORY INC**

MICHEAL DAVID HANKIN  CHAIRMAN/PRESIDENT /CEO/PARTNER

901 South Bond Street Suite 400

Baltimore, MD 21231 United States

PHONE:  1-410-537-5400

COUNTY:  BALTIMORE CITY


**BUCKINGHAM STRATEGIC WEALTH LLC**

Adam Birenbaum                CHAIRMAN

8182 Maryland Avenue Suite 500

St. Louis, MO 63105

PHONE: 800.711.2027

COUNTY: ST. LOUIS COUNTY

**California Public Employees' Retirement System**

HENRY JONES    CHAIRMAN

400 Q Street

Sacramento, CA 95811 United States

PHONE: 1-877-249-7442

COUNTY: SACRAMENTO COUNTY


**California State Teachers' Retirement System**

HARRY M KEILEY    CHAIRMAN

100 Waterfront Place MS-4

West Sacramento, CA 95605 United States

PHONE:1-916-414-1099

COUNTY: YOLO COUNTY


**Caisse de Depot et Placement du Quebec**

ROBERT TESSIER    BOARD MEMBER

Edifice Price, 65, Rue Sainte- 14th Floor

Quebec, QC G1R 3X5 Canada

PHONE: 1-418-684-2334


**Canada Pension Plan Investment Board**

DR. HEATHER E L MUNROE BLUM

1 Queen Street East Suite 2500

Toronto, ON M5C 2W5 Canada

PHONE:1-416-868-4075

**Capital Asset Advisory Services LLC**

Anthony Joseph Mazzali  Principle

15744 PEACOCK ROAD

HASLETT, MI  48840

PHONE: 512-796-3299

COUNTY:  INGHAM COUNTY


**Capitol Counsel LLC**

JAMES H DAVIDSON    PARTNER

901 15th Street NW Suite 500

Washington, DC 20005 United States

PHONE:1-202-861-3200


**Capital International Inc**

TIMOTHY D ARMOUR    CHAIRMAN & CEO

11100 Santa Monica Blvd 16th Floor

Los Angeles, CA 90025 United States

PHONE:1-800-421-8511

COUNTY:  LOS ANGELES COUNTY


**Capital International Ltd**

ANTHONY LONG   BOARD MEMBER

40 Grosvenor Place London, SW1X 7GG

United Kingdom

PHONE:44-20-7-864-5000

27

**CAPITAL RESEARCH AND MANAGEMENT COMPANY**

**dba CAPITAL WORLD INVESTORS**

TIMOTHY D ARMOUR   CHAIRMAN

333 South Hope Street

 Los Angeles, CA 90071 United States

PHONE:  1-866-421-2166

COUNTY:  LA COUNTY

**Capital Research Global Investors**

James Terrile Parter/Senior VP

333 South Hope Street

 Los Angeles, CA 90071 United States

Phone: 1-213-486-9200

County:  Los Angeles County

**Captrust Financial Advisors LLC**

JAMES FIELDING MILLER    CHAIRMAN

4208 6 Forks Road Suite 1700

Raleigh, NC 27609 United States

PHONE:1-800-216-0645

COUNTY: WAKE COUNTY

**Carret Asset Management LLC**

WAYNE S REISNER    PRESIDENT

320 Park Avenue 18th Floor

New York, NY 10022 United States

PHONE: 1-212-593-3800

COUNTY: NEW YORK COUNTY

**Causeway Capital Management LLC**

KEITH F HARTSTEIN  BOARD MEMBER

11111 Santa Monica Blvd 15th Floor

Los Angeles, CA 90025 United States

PHONE:1-310-231-6100

COUNTY:  LOS ANGELES

**Cerity Partners LLC**

JOAN ROCKEY  PARTNER

6 East 43rd Street

New York, NY 10017 United States

PHONE:1-212-850-4260

COUNTY: NEW YORK COUNTY

**CITIGROUP INC**

JANE NIND FRASER  CHIEF EXECUTIVE OFFICER

388 Greenwich Street Hennessy Road Post Office

New York, NY 10013 United States

PHONE: 215-559-1000

COUNTY: NEW YORK COUNTY

**Charles Schwab Investment Management Inc**

Charles R. Schwab  Chairman

211 Main Street

San Francisco, CA 94105 United States

Phone: 1-877-824-5615

County: San Francisco County

**Chevy Chase Trust Co**

JOHN JEFFREY WHITAKER

7501 Wisconsin Avenue Suite 1500W

Bethesda, MD 20814 United States

PHONE:1-240-497-5000

COUNTY: MONTGOMERY COUNTY

**Centiva Capital LP**

Edward McBride    FOUNDER

3 Columbus Circle Suite 1730

New York, NY 10019 United States

PHONE:1-212-554-4180

COUNTY: NEW YORK COUNTY

**Chartwell Investment Partners LLC**

TIMOTHY J RIDDLE      CEO

1205 Westlakes Drive Suite 100

Berwyn, PA 19312 United States

PHONE: 1-610-296-1400

COUNTY: CHESTER COUNTY

**Check Capital Management Inc**

STEVEN CHECK        PRESIDENT

575 Anton Blvd Suite 500

Costa Mesa, CA 92626 United States

PHONE:  1-800-710-5777

COUNTY:  ORANGE COUNTY


**CHEMUNG CANAL TRUST COMPANY**

ANDERS M TOMSON    PRESIDENT

1 Chemung Canal Plaza

Elmira, NY 14901 United States

PHONE: 1-607-737-3711

COUNTY:  CHEMUNG COUNTY


**CI Investments Inc/CANADA**

PAUL W DERKSEN     BOARD MEMBER

2 Queen Street East 20th Floor

Toronto, ON M5C 3G7 Canada

PHONE:  1-416-364-1145


**CIBC Private Wealth Group LLC**

DAVID DONABEDIAN    CHIEF INVESTMENT OFFICER

Americas 42nd Floor

New York, NY 10036 United States

PHONE:1-212-259-3800

COUNTY:  NEW YORK COUNTY


**Citadel Advisors LLC**

KENNETH CORDELE GRIFFIN   FOUNDER AND CEO

131 South Dearborn Street

Chicago, IL 60603 United States

PHONE:1-312-395-2100

COUNTY:  COOK COUNTY


**Claar Advisors LLC**

CARRIE ELIZABETH BERTUCCIO   CHIEF COMPLIANCE OFFICER

250 WEST 55TH STREET, 35TH FLOOR

NEW YORK, NEW YORK 10019

PHONE:1-212-905-0190

COUNTY:  NEW YORK COUNTY


**Clinton Capital Partners**

Randolf Clinton   FOUNDER

Suite 109, Level 1, 350 George Street

Sydney NSW 2000

**PHONE:  +612 9221 4446**


**CLEARBRIDGE INVESTMENTS LLC**

TERRENCE JAMES MURPHY CHIEF EXECUTIVE OFFICER

620 8th Avenue 48th Floor

New York, NY 10018 United States

PHONE:  1-800-691-6960

COUNTY:  NEW YORK COUNTY


**Close Asset Management Ltd**

MARTIN ANDREW    CEO

10 Exchange Square Primrose Street

London, EC2A 2BY United Kingdom

PHONE:  44-800-588-4064

**Crake Asset Management LLP**

RICHARD WALKER    CEO

78 Cornhill London, EC3V 3QQ

United Kingdom

PHONE: 00442039476913

**CREDIT SUISSE AG**

DR SEVERIN SCHWAN

8 Zurich, 8001 Switzerland

PHONE

41-44-333-9911

**CRESSET ASSET MANAGEMENT LLC**

Robert Pagliuco Chief Compliance Officer

444 W. LAKE STREET SUITE 4700

CHICAGO IL 60606

Phone: 3124292400

COUNTY:  COOK COUNTY

**Cryder Capital Partners LLP**

SHARON ALICE KELLY    CHIEF COMPLIANCE OFFICER

10 Cork Street 4th Floor

London, W1S 3NP United Kingdom

PHONE: 44-20-7907-9250


**Cohen Klingenstein LLC**

THOMAS D KLINGENSTEIN  MANAGING MEMBER

355 W 52nd St # 5r,

New York, NY 10019

Phone: (212) 757-0235

COUNTY: NEW YORK COUNTY


**Cetera Investment Advisers LLC**

BRETT LAMAR HARRISON  PRESIENT & CEO

400 1st Street South Suite 300

Saint Cloud, MN 56301 United States

PHONE: 1-800-245-0467

COUNTY: SHERBURNE COUNTY MN


**ClariVest Asset Management LLC**

DAVID PAVAN    BOARD MEMBER

3611 VALLEY CENTRE DR SUITE 100

SAN DIEGO, CA 92130 United States

PHONE: 1-858-480-2440

COUNTY: SAN DIEGO COUNTY


**COBBLESTONE CAPITAL ADVISORS**

JOHN T DIPASQUALE      PRINCIPAL

500 Linden Oaks, Suite 210

Rochester, NY 14625
PHONE: 585.473.3333
COUNTY: MONROE COUNTY

**Colony Group LLC/The**
MICHAEL J NATHANSON  CHAIRMAN
2 Atlantic Avenue
Boston, MA 02110 United States
PHONE: 1-617-723-8200
COUNTY: SUFFOLK COUNTY

**Clough Capital Partners LP**
CHARLES INGALLS CLOUGH JR      CHAIRMAN
1 Post Office Square 39th Floor
 Boston, MA 02109 United States
PHONE:  1-617-204-3400
COUNTY: SUFFOLK COUNTY

**Commonwealth Equity Services Inc**
JOSEPH S DEITCH      CHAIRMAN
29 Sawyer Road
Waltham, MA 02453 United States
PHONE:1-781-736-0700
COUNTY: MIDDLESEX COUNTY

**Commerce Bank/The**
JOHN BEMAN    BOARD MEMBER
20 Northwest 4th Street
Evansville, IN 47708 United States

PHONE: 1-812-492-1800

COUNTY:   VANDERBURGH COUNTY

**Connor Clark & Lunn Investment Management Ltd**

MARTIN L GERBER              PRESIDENT

2300-1111 West Georgia Street

Vancouver, BC V6E 4M3 Canada

PHONE:1-604-685-2020

**Cornerstone Advisors LLC**

JOHN LOCKE   OWNER

6540 Southwest 10th Avenue

Topeka, KS 66615 United States

PHONE:1-785-273-2685

COUNTY:  SHAWNEE COUNTY

**Cortland Associates Inc/mo**

THOMAS R. PODLESNY    MANAGING DIRECTOR

8000 MARYLAND AVE

SUITE 730

ST LOUIS MO 63105

Phone: 3147266164

COUNTY:  ST LOUIS COUNTY

**Cullen/Frost Bankers Inc**

PHILLIP D GREEN    CHAIRMAN

112 East Pecan Street Suite 125

San Antonio, TX 78205 United States

PHONE :1-210-220-4011

COUNTY: BEXZR COUNTY

**Covington Investment Advisors INC**

PATRICK R WALLCE     FOUNDER

301 E Main St, Ligonier, PA 15658

Phone: (724) 238-0151

COUNTY:  WESTMORELAND COUNTY

**CWA Asset Management Group LLC**

JOSEPH H MOGLIA  CHAIRMAN

9130 Galleria Court 3rd Floor

Naples, FL 34109 United States

PHONE:1-239-434-7434

COUNTY: COLLIER COUNTY

**C WorldWide Holding A/S**

HUGO ANDERSEN     BOARD MEMBERS

Dampfaergevej 26

Copenhagen, 2100 Denmark

PHONE:  45-35-46-35-00

**Dai-ichi Life Insurance Co Ltd/The**

SEIJI INAGAKI   PRESIDENT

1-13-1 Aya-cho Chiyoda-ku

Tokyo, 100-8411 Japan

PHONE:81-3-3216-1211

**Daiwa Securities Group Inc**
TAKASHI HIBINO    CHAIRMAN
Gran Tokyo North Tower 1-9-1 Marunochi Chiyoda-ku
Tokyo, 100-6752 Japan
Phone:  81-3-5555-2111

**Darrell & King LLC**
CHARLES GUY KING   CHIEF COMPLIANCE OFFICER
410 White Gables Lane
Charlottesville, VA 22903 United States
PHONE: 1-434-977-7010
COUNTY:  ALBEMARLE COUNTY

**Davenport & Co LLC**
**COLEMAN WORTHAM III    CHAIRMAN**
**1 James Center, 901 East Cary Street, Suite 1100**
**Richmond, VA 23219 United States**
**PHONE:  1-804-780-2000**
**COUNTY:  HENRICO AND CHESTERFIELD**

**Davis Capital Partners LLC**
LANSING ALDEN DAVIS   CHIEF COMPLIANCE OFCR
3 Harbor Drive Suite 301
Sausalito, CA 94965 United States

38

PHONE: 1-415-362-3600

COUNTY: MARIN COUNTY

**Davis Selected Advisers LP**

CHRISTOPHER C. DAVIS

2949 East Elvira Road Suite 101

Tucson, AZ 85706

Phone:1-800-279-0279

COUNTY: PIMA COUNTY

**Davis Selected Advisers LP**

RYAN CHARLES  AGENT OF PROCESS

2949 East Elvira Road Suite 101

Tucson, AZ 85706

Phone:1-800-279-0279

COUNTY: PIMA COUNTY

**Davidson Kempner Capital Management LP**

THOMAS LENOX KEMPNER SR   FOUNDER

520 Madison Avenue 30th Floor

New York, NY 10022 United States

PHONE:1-212-446-4000

COUNTY:  NEW YORK COUNTY

**Davidson Investment Advisors Inc**

JAMES P KERR    BOARD MEMBER

8 3rd Street North

Great Falls, MT 59401 United States

PHONE: 1-800-332-5915

COUNTY: CASCADE COUNTY

**DIMENSIONAL FUND ADVISORS LLC**

David Gilbert Booth

Chairman/Co-Founder

Dimensional Place

6300 Bee Cave Road, Building 1

Austin, TX 78746 United States

PHONE: 1-512-306-7400

COUNTY: TRAVIS COUNTY

**Deccan Value Investors LP**

VINIT BODAS   PRESIDENT

1 Fawcett Place

 Greenwich, CT 06830 United States

PHONE:1-203-983-7200

COUNTY: FAIRFIELD COUNTY

**DE Shaw & Co LP**

Christopher M Zaback Managing Director CFO

1166 Avenue of the Americas

9th Floor New York, NY 10036

Phone: 1-212-478-0000

County:  New York County

**DF Dent and Co Inc**

DANIEL F DENT   CHAIRMAN

400 East Pratt Street 7th Floor

Baltimore, MD 21202 United States

PHONE: 1-410-837-2544

**Deutsche Bank AG**

Christian Sewing  Chairman Mgmt. Board/CEO

Taunusanlage 12 Frankfurt am Main,

60325 Germany

Phone:  49-69-910-00

Country:  Frankfurt Rhine-Main.

**DekaBank Deutsche Girozentrale**

KATERS WELT     PRINCIPLE

Mainzer Landstrasse 16

Frankfurt am Main, 60325 Germany

PHONE: 49-69-71-47-652

**DEROY AND DEVEREAUX PRIVATE INVESTMENT COUNSEL INC**

SEAN A. METROSE

PRESIDENT  PORTFOLIO MANAGER

2000 Town Center

Suite 2850

Southfield, MI 48075

Phone: 248.358.3220

**DSAM Partners London Ltd**

ZACHARY BERGER   PORTFOLIO MANAGER

14-15 Conduit Street 1 Royal Plaza, 1st Floor

London, W1S 2XJ

PHONE: +44 20 7016 8600

**DSM Capital Partners LLC**

STEVEN E MEMISHIAN   CO FOUNDER

7111 Fairway Drive, Suite 350

Palm Beach Gardens, FL 33418 United States

PHONE:  516-618-4000

COUNTY:  PALM BEACH COUNT

**DnB Asset Management AS**

Malte Kirchner    BOARD MEMBER

Dronning Eufemias gate 30

Oslo, N-0021 Norway

PHONE: 47-22-47-40-00

**DODGE & COX**

CHARLES FREDERICK POHL CHAIRMAN/CHIEF INVSMT OFCR

555 California Street 40th Floor

San Francisco, CA 94104 United States

PHONE

1-800-254-8494

COUNTY:  SAN FRANCISO COUNTY

**Douglass Winthrop Advisors LLC**

THOMAS K LOIZEAUX      MANAGING DIRECTOR

535 5th Avenue 22nd Floor

New York, NY 10017 United States

PHONE:1-212-557-7680

COUNTY: NEW YORK COUNTY


**Dorsey Asset Management LLC**

PAT DORSEY        FOUNDER

150 North Wacker Drive Suite 960

Chicago, IL 60606 United States

PHONE:1-312-982-2543

COUNTY: COOK COUNTY


**DIMENSIONAL FUNDS ADVISORS LP**

DAVID BOOTH        CHAIRMAN

6300 BEE CAVE ROAD BUILDING ONE

AUSTIN, TX 78746

PHONE: (512)306-5195

COUNTY: TRAVIS COUNTY


**Dreyfus Funds/USA**

JOSEPH S DIMARTINO  BOARD MEMBER

144 Glenn Curtiss Blvd

Uniondale, NY 11556 United States

PHONE: 1-800-373-9387

COUNTY: NASSAU COUNTY


**DSC Advisors LP**

ANDREW GORDON BLUHM    PRINCIPAL

900 North Michigan Avenue Suite 1600

Chicago, IL 60611 United States

43

PHONE:1-312-621-7411

COUNTY:  COOK COUNTY

**Dundas Partners LLP**

RUSSELL HOGAN  MNG PARTNER

41 Northumberland Street

Edinburgh, EH3 6JA United Kingdom

PHONE: 44-131-556-2627

**DWS**

STEFAN KREZKAMP   CHIEF INVESTMENT OFFICER

875 3rd Avenue

New York, NY 10022 USA

CONTACT: 1-844-851-4255

**Dynamo Internacional Gestao de Recursos Ltda**

LUIZ FELIPE DE ALMEIDA CAMPOS     DIRECTOR

Avenida Ataulfo De Paiva 1235 6th Floor Leblon

Rio de Janeiro, RJ 22440-034 Brazil

PHONE: 5521-2512-9394

**DZ BANK AG Deutsche Zentral-Genossenschaftsbank Frankfurt am Main/pre-merger**

DR CORNELIUS RIESE   MEMBER MGMT BOARD

Platz Der Republik Frankfurt am Main, 60265 Germany

PHONE:49-69-744-701

**EAGLE CAPTIAL MANGEMENT LLC**

Ravenel B. Curry III, Founder & Chief Investment Officer

499 Park Avenue, 17th Floor

New York, NY 10022

44

Phone: 212-293-4040

County: New York County

**Eagle Global Advisors LLC**

STEVEN S RUSSO     SENIOR PARTNER

5847 San Felipe Suite 930

Houston, TX 77057 United States

PHONE:  1-713-952-3550

COUNTY:  HARRIS COUNTY

**East Coast Asset Management LLC**

CHRISTOPHER M BEGG     CO FOUNDER

16 Martin Street PO Box 566

Essex, MA 01929 United States

PHONE: 1-978-801-0860

Eaton Vance Management

THOMAS E FAUST JR CHAIRMAN/PRESIDENT/CEO

2 International Place

Boston, MA 02110 United States

PHONE: 1-617-482-8260COUNTY:  SUFFOLK COUNTY

**EDGEMOOR INVESTMENT ADIVSORS INC**

Thomas P. Meehan President

7250 Woodmont Avenue, Suite 315

Bethesda, MD 20814

PHONE: (301) 543-8881

COUNTY: MONTGOMERY COUNTY

**Egerton Capital UK LLP**

RALPH KANZA  CHAIRMAN

Stratton House 5 Stratton Street

London, W1J 8LA United Kingdom

PHONE:44-20-7410-9090


**Element Capital Management LLC**

JEFFREY MARC TALPINS    CHAIRMAN

600 Lexington Avenue 34th Floor

New York, NY 10022 United States

PHONE:1-212-993-7000


**ELFUN TRUSTS**

Ellen M. Needham President and Trustee

One Iron Street

Boston, Massachusetts 02210

PHONE: 203-326-2373

COUNTY: SUFFOLK COUNTY


**Epoch Investment Partners Inc**

ALLAN R TESSLER    BOARD MEMBER

399 Park Avenue

New York, NY 10022 United States

PHONE:1-212-303-7200

COUNTY: NEW YORK COUNTY

**Equitable Investment Management Group LLC**

STEVEN MICHAEL JOENK   PRESIDENT & CEO

1290 Avenue of the Americas 16th Floor

New York, NY 10104 United States

PHONE:1-212-554-1234

COUNTY: NEW YORK COUNTY

**Equitable Trust Co**

WILLIAM H CAMMACK   CHAIRMAN

4400 Harding Pike Suite 310

Nashville, TN 37205 United States

PHONE:1-615-460-9240

COUNTY: DAVIDSON COUNTY

**Envestnet Inc**

WILLIAM C CRAGER  CHIEF EXECUTIVE OFFICER

35 East Wacker Drive 24th Floor

Chicago, IL 60601 United States

PHONE: 1-866-924-8912

COUNTY: COOK COUNTY

**Employees Retirement System of Texas**

CRAIG HESTER      BOARD MEMBER

200 East 18th Street

Austin, TX 78701 United States

PHONE: 1-877-275-4377

COUNTY: TRAVIS COUNTY

**EVANSON ASSET MANAGEMENT  LLC**

**EVANSON ASSET MANAGEMENT LLC**

Steven E Evanson CEO/CEO/Mng Membe

3483 Greenfield Place

Carmel, CA 93923 United States

PHONE:1-831-333-2060

COUNTY: Monterey County


**Evergreen Capital LP**

Brad Johnson. Managing Partner

551 5th Avenue

New York, NY 10176 United States

PHONE:1-914-400-4277

COUNTY: NEW YORK COUNTY


**Evercore Wealth Management LLC**

JEFFREY S MAURER    BOARD MEMBER

55 East 52nd Street

New York, NY 10055 United States

PHONE:1-212-822-7620

COUNTY: NEW YORK COUNTY


**ExodusPoint Capital Management LP**

MICHEAL GELBAND    CEO

65 East 55th Street 9th Floor

New York, NY 10022 United States

PHONE: 1-646-940-9600

COUNY: NEW YORK COUNTY

MICHEAL GELBAND    CEO

65 East 55th Street 9th Floor

New York, NY 10022 United States

PHONE:  1-646-940-9600

COUNY:  NEW YORK COUNTY

**Falcon Edge Capital LP**

RICK GERSON    CHAIRMAN

660 Madison Avenue 19th Floor

New York, NY 10065 United States

PHONE:1-212-803-9080

COUNTY:  NEW YORK COUNTY

**Fayez Sarofim & Co**

FAYEZ SHALABY SAROFIM    CHAIRMAN

2 Houston Center 909 Fannin Street, Suite 2907

Houston, TX 77010 United States

PHONE:  1-713-654-4484

COUNTY:  HARRIS COUNTY

**Fiduciary Group LLC/The**

MALCOLM BUTLER    PRESIDENT AND CEO

310 Commercial Drive

Savannah, GA 31406 United States

PHONE:1-912-303-9000

COUNTY:  CHATHAM COUNTY

**FIERA CAPITAL CORP**

JEAN GUY DESJARDINS  CHAIRMAN/CEO

1501 McGill College Avenue Suite 800

Montreal, QC H3A 3M8 Canada

PHONE: 1-514-954-3300

**Fifth Third Bancorp**
GREG D CARMICHAEL    CHAIRMAN
Fifth Third Center 38 Fountain Square Plaza
Cincinnati, OH 45263 United States
PHONE:1-800-972-3030
COUNTY: HAMILTON COUNTY

**FineMark National Bank & Trust**
MARTIN MANNING WASMER    BOARD MEMBER
8695 College Parkway Suite 100
Fort Myers, FL 33919 United States
PHONE: 1-239-461-5900
COUNTY: LEE COUNTY

**FIL LTD**
KEVIN M MEAGHAR   POWER OF ATTORNEY
Pembroke Hall
42 Crow Lane
P.O.Box HM 670
Hamilton BM HM 19
Phone: 617-563-7000

**FINANCIAL COUNSELERS INC**
BRYANT BARNES  VICE CHAIRMAN
4520 Main Street Suite 175
Kansas City, MO 64111 United States

50

PHONE:1-913-663-0600

COUNTY: JACKSON COUNTY

**FISHER ASSET MANAGEMENT LLC**

KEN FISHEL   COMPLIANCE OFFICER

5525 NW FISHER CREEK DRIVE

CAMAS, WA  98607

PHONE: 650-851-3334

COUNTY: CLARK COUNTY

**Findlay Park Partners LLP**

HUGH WILLIS    BOARD MEMBER

Almack House 28 King Street, 4th Floor

London, SW1Y 6QW United Kingdom

PHONE: 44-20-7968-4900

**FISHER INVESTMENTS**

Jeffery Silk  Director

13100 Skyline Blvd

Woodside, CA 94062 United States

PHONE:  1-650-425-9357

COUNTY:  SAN MATEO COUNTY

**First Eagle Investment Management LLC**

MICHAEL KELLEN    BOARD MEMBER

1345 Avenue of the Americas 48th Floor

New York, NY 10105 United States

PHONE: 1-212-698-3300

COUNTY: NEW YORK

**First Horizon Corp**

DARYL G BYRD    CHAIRMAN

165 Madison Avenue

Memphis, TN 38103 United States

PHONE: 1-901-523-4444

COUNTY: SHELBY COUNTY

**First Manhattan Co**

CHERYL M KALLEM  SENIOR MNG DIR

399 Park Avenue

New York, NY 10022 United States

PHONE:1-212-756-3300

COUNTY: NEW YORK COUNTY

**First Pacific Advisors LP**

STEVEN T ROMICK   MANAGING PARTNER

11601 Wilshire Blvd Suite 1200

Los Angeles, CA 90025 United States

PHONE:1-310-473-0225

COUNTY: LOS ANGELES COUNTY

**First Republic Investment Management Inc**

KATHERINE AUGUST DE WILDE     BOARD MEMBER

111 Pine Street

San Francisco, CA 94111 United States

PHONE:1-415-392-1400

COUNTY: SAN FRANCISO COUNTY


**Fairview Capital Partners Inc**

DR. LAURENCE C MORSE  CO FOUNDER

75 Isham Road Suite 200

West Hartford, CT 06107 United States

PHONE:1-860-674-8066

COUNTY: HARTFORD COUNTY


**Florida State Board of Administration**

DENNIS MACKEE    DIRECTOR

1801 Hermitage Boulevard

Tallahassee, FL 32308 United States

PHONE:  1-850-488-4406

COUNTY:  LEON COUNTY


**Focus Financial Partners LLC**

RUEDIGER ADOLF    CHAIRMAN

875 3rd Avenue 28th Floor

New York, NY 10022 United States

PHONE:1-646-519-2456

COUNTY: NEW YORK COUNTY

**FORSTA AP FONDEN**

Kristin Magnusson Bernard     CEO

Regeringsgatan 28

Box 16294

103 25 Stockholm

Phone: +46 8 566 202 00

**FormulaFolio Investments LLC**

LIES RUSTICUS  VP CLIENT SERVICES

89 Ionia Northwest Suite 600

Grand Rapids, MI 49503 United States

PHONE: 1-800-903-2562

COUNTY: KENT COUNTY

**Founders Capital Management LLC**

JON CASE

111 Founders Plaza Suite 1500

East Hartford, CT 06108 United States

PHONE:1-860-308-0061

COUNTY: EAST HARTFORD COUNTY

**FRANKLIN RESOURCES INC**

RUPERT HARRIS JOHNSON JR  VICE CHAIRMAN

1 Franklin Parkway

San Mateo, CA 94403 United States

PHONE: 1-650-312-2000
COUNTY: SAN MATEO COUNTY


**FRANKLIN TEMPLETON**
JENNIFER M JOHNSON  PRESIDENT AND CEO
One Franklin Parkway
Building 970, 1st Floor
San Mateo, CA 94403
Tel (650) 312-2000
Ext 1122505
COUNTY: SAN MATEO COUNTY


**Fjarde AP-Fonden**
SARAH MCPHEE    CHAIRMAN
Jakobsbergsgatan 16SE
Stockholm, 103 61 Sweden
PHONE:46-8-787-75-00


**Franklin Resources Inc**
RUPERT HARRIS JOHNSON JR    VICE CHAIRMAN
1 Franklin Parkway
San Mateo, CA 94403 United States
PHONE:  1-650-312-2000
COUNTY:  SAN MATEO COUNTY


**Fred Alger Management Inc**
DANIEL C CHUNG  PRESIDENT
360 Park Avenue South

New York, NY 10010 United States

PHONE:1-800-223-3810

COUNTY: NEW YORK COUNTY

**Front Barnett Associates LLC**

Marshall B. Front    CHAIRMAN

70 West Madison Street

Suite 4920

Chicago, IL 60602

PHONE: (312) 641-9000

COUNTY: COOK COUNTY

**Freestone Capital Management LLC**

Larry Miles President/CEO

701 5th Avenue 74th Floor

Seattle, WA 98104 United States

Phone:1-206-707-7300

County: King County

**FeltzWealthplan Inc**

THOMAS M HAMILTON        PRESIDENT

101 South 108th Avenue 2nd Floor

Omaha, NE 68154 United States

PHONE:  1-402-691-0200

COUNTY:  DOUGLAS COUNTY

**FMR LLC**

**Fidelity Management & Research Co... THIS IS**

**FMR LLC**

ABIGAIL PIERREPONT JOHNSON   CHAIRMAN/PRESIDENT/CEO

245 Summer Street V5D

Boston, MA 02210 United States

PHONE: 1-800-544-3455

COUNTY: SUFFOLK COUNTY

CHIEF FINANCIAL OFFICER DOMENICO AIELLO

60 State Street

Boston, MA 02109 United States

**Federated Hermes Inc**

JOHN CHRISTOPHER DONAHUE    BOARD MEMBER

1001 Liberty Avenue

Pittsburgh, PA 15222 United States

PHONE:1-412-288-1900

COUNTY: ALLEGHENY COUNTY

**FRIEZO LOUGHREY OIL PARTNERS LLC**

MICHEAL FRIEZO  CO FOUNDER

1918 OLIVE ST APT 401

DALLAS, TX, 75201

Email: Info@flowoilwell.com

COUNTY: Collin, Denton, Kaufman and Rockwall


**First National Bank of Omaha**

CLARKSON D LAURITZEN  CHAIRMAN

1620 Dodge Street

Omaha, NE 68197 United States

PHONE:1-402-602-3021

COUNTY: DOUGLAS COUNTY


**Farallon Capital Management LLC**

VIKRAM BAGARIA     MNG DIRECTOR

1 Maritime Plaza Suite 2100

San Francisco, CA 94111 United States

PHONE:1-415-421-2132

COUNTY:  SAN FRANCISCO COUNTY


**Frontegra Strategies LLC**

Frontier Funds/USA

Mr.William D. Forsyth III, President of Frontegra,

400 Skokie Boulevard, Suite 500

Northbrook, IL 60062-7905

Phone: (847) 509-986

COUNTY: COOK COUNTY

**GARDE CAPITAL INC**

TOM OWENS   PRINCIPLE

1301 5TH AVENUE SUITE 3030

SEATTLE WA 98101

PHONE: 206-252-7900

COUNTY: KING COUNTY

**Granite Investment Group**

ALLEN L BOERNER  CHAIRMAN

2 Park Plaza Suite 800

 Irvine, CA 92614 United States

PHONE: 1-949-477-5800

COUNTY:  ORANGE COUNTY

**Grantham Mayo Van Otterloo & Co LLC**

ARJUN DIVECHA      CHAIRMAN

40 Rowes Wharf

Boston, MA 02110 United States

PHONE: 1- 617-330-7500

COUNTY:  SUFFOLK COUNTY

**Gabelli Funds LLC**

FRANK J FAHRENKOPF JR  BOARD MEMBER

1 Corporate Center

 Rye, NY 10580 United States

PHONE:1-914-921-5100

COUNTY: WESTCHESTER COUNTY


**GAMBLE JONES INVESTMENT COUNSEL**

THOMAS S JONES    CHAIRMAN

301 East Colorado Blvd., Suite 802

Pasadena, CA 91101

PHONE: 626.795.7583

COUNTY:  LOS ANGELES COUNTY


**Gateway Investment Advisers LLC**

PAUL R STEWART  PRESIDENT

312 Walnut Street 35th Floor

Cincinnati, OH 45202 United States

PHONE: 513 719 1100

COUNTY: HAMILTON COUNTY


**Generation Investment Management LLP**

ALBERT ARNOLD GORE JR   CHAIRMAN

20 Air Street London, W1B 5AN

United Kingdom

PHONE:44-20-7534-4700

**GEODE CAPITAL MANAGEMENT LLC**

VINCE GUBITOSI  PRESIDENT CHIEF INVSMT OFFICER

100 Summer Street 12th Floor

Boston, MA 02110 United States

PHONE:  1-800-777-6757

COUNTY:  SUFFOLK COUNTY

**GE FUNDS   (GESSX)**

DAVID B CARSON    FUND MANAGER

GE Funds 3003 Summer Street

Stamford, CT 06904 USA

Phone: 1-203-326-4040

COUNTY: FAIRFIELD COUNTY

**GenTrust LLC**

CLAIRE L ROGAN   CHIEF FINANCIAL OFFICER

1450 Brickell Avenue Suite 3050

Miami, FL 33131 United States

PHONE:1-305-677-6688

COUNTY: MIAMI DADE COUNTY

**Giverny Capital Advisors LLC**

FRANCOIS ROCHON        PRESIDENT

627 Route 518

Skillman, NJ 08558 United States

PHONE: 1-609-759-1250

COUNTY:  SOMERSET   COUNTY

**Glenmede Trust Co NA/The**

RHONDA R COHEN ESQ          BOARD MEMBER

1650 Market Street Suite 1200

Philadelphia, PA 19103 United States

PHONE:  1-215-419-6000

COUNTY:  PHILADELPHIA COUNTY


**Gluskin Sheff + Associates Inc**

NANCY H O LOCKHART      BOARD MEMBER

Bay Adelaide Centre 333 Bay Street Suite 5100

Toronto, ON M5H 2R2 Canada

PHONE:1-416-681-6000


**GQG PARTNERS LLC**

RAJIV JAIN   CHAIRMAN

350 E Las Olas Blvd Suite 1100 Ft

Lauderdale, FL 33301 United States

PHONE: 754-218-5500

COUNTY: BROWARD COUNTY


**Gobi Capital LLC**

STEVEN YU CHIEH CHEN    PRINCIPLE

909 Montgomery Street Suite 400

San Francisco, CA 94133 United States

PHONE: 1-415-288-7288

COUNTY: SAN FRANCISO COUNTY


**Gofen and Glossberg LLC**

ALEX WANG  CIO AND PRICIPAL

NBC Tower, 455 North City front Plaza, Suite 3000

Chicago, IL 60611 United States

PHONE:1-312-828-1100

COUNTY: COOK COUNTY


**GOLDMAN SACHS GROUP INC/THE**

DAVID M SOLOMON  CHAIRMAN & CEO

200 West Street

New York, NY 10282 United States

PHONE: 1-212-902-1000

COUNTY: NEW YORK COUNTY


**Google LLC & ALPHABET INC**

SUNDAR PICHAI    CHIEF EXECUTIVE OFFICER

1600 Amphitheatre Parkway

Mountain View, CA 94043 United States

PHONE: 1-650-253-0000

COUNTY: SANTA CLARA COUNTY

**Gardner Lewis Asset Management LP**

WILLIAM WHITFIELD GARDNER    BOARD MEMBER

285 Wilmington-

West Chester Pike Chadds Ford, PA 19317 United States

PHONE:1-610-558-2800

COUNTY: DELWARE COUNTY


**Great Lakes Advisors Inc**

JASON TUNER    CHIEF OPERATING OFFICER

231 South LaSalle Street 4th Floor

Chicago, IL 60604 United States

PHONE:  1-312-373-7012

COUNTY:  COOK COUNTY


**Great-West Funds/USA**

GAIL H KLAPPER CHAIRMAN

8515 East Orchard Road

Greenwood Village, CO 80111 United States

PHONE:1-866-831-7129

COUNTY: ARAPAHOE COUNTY


**Great-West Life Assurance Co/The**

PAUL A MAHON  CEO

100 Osborne Street North Winnipeg, MB R3C 1V3

Canada

PHONE:1-204-946-1190


**GREENWOOD GEARHAR**

G BROCK GEARHART   CFA

26 EAST CENTER STREET

P O BOX 4278

FAYETTEVILLE AK  72702

PHONE: 479.521.5300

COUNTY:  WASHINGTON COUNTY


**Gulf International Bank UK Ltd**

KATHERINE GARRETT COX   CEO

1 Knightsbridge

London, SW1X 7XS United Kingdom

PHONE:44-20-7259-3456


**Guardian Point Capital LP**

TIMOTHY SWAIN DAVIS    MANAGING PARTNER

224 Court Square

Charlottesville, VA 22902 United States

PHONE:1-434-984-0608

COUNTY:  ALBEMARLE COUNTY


**Guggenheim Investments Inc**

BRYON SCOTT MINERD  CHAIRMAN

21248 Harbour Way 244

Aventura, FL 33180 United States

PHONE: 1-800-820-0888

COUNTY: MIAMI DADE COUNTY

**Guyasuta Investment Advisors Inc**

HENRY S BEUKEMA lll    BOARD MEMBER

285 Kappa Drive Suite 220

Pittsburgh, PA 15238 United States

PHONE:1-412-447-4560

COUNTY: ALLEGHENY COUNTY


**HBK Investments LP**

DAVID COSTEN HALEY    PRESIDENT

2101 Cedar Springs Road Suite 700

Dallas, TX 75201 United States

PHONE:1-214-758-6100

COUNTY: DALLAS COUNTY


**Handelsbanken Fonder AB**

MICHEAL GREEN   CHAIRMAN

Kungstradgardsgatan 2

Stockholm, SE-106 70 Sweden

PHONE:46-8-701-10-00


**HARBORS CAPITAL ADVISOR S INC**

DAVID G VAN HOOSER    CHAIRMAN

111 South Wacker Drive 34th Floor

Chicago, IL 60606 United States

PHONE:1-800-422-1050

COUNTY: COOK COUNTY

**Harris Associates LP**

ANTHONY P CONIARIS    CO  CHAIRMAN

111 South Wacker Drive Suite 4600

Chicago, IL 60606 United States

PHONE: 1-312-646-3600

COUNTY:  COOK COUNTY

**Healthcare of Ontario Pension Plan**

DAN ANDERSON   CHAIRMAN

1 Toronto Street Suite 1400

Toronto, ON M5C 3B2 Canada

PHONE: 1-416-369-9212

**HHR Asset Management LLC**

MICHAEL A VIOLETTE    CFO

400 Connell Drive Suite 5100

Berkeley Heights, NJ 07922 United States

PHONE:1-908-771-3900

COUNTY:  UNION COUNTY

**Harspring Capital Management LLC**

ALAN TAKEO KIKUCHI    CHIEF OPERATING OFFICER

1345 Avenue of the Americas 33rd Floor

New York, NY 10105 United States

PHONE: 1-212-653-9783


**H&H International Inc**

FEI LUO    CHAIRMAN

10031 Inwood Dr

Houston, TX 77042 United States

PHONE: 1-713-868-3737

COUNTY:  HARRIS COUNTY


**HighTower Advisors LLC**

ROBERT OROS    BOARD MEMBER

200 West Madison Street Suite 2500

Chicago, IL 60606 United States

PHONE:1-312-962-3800

COUNTY:  COOK COUNTY


**Himalaya Capital Management LLC**

LI  LU    CHAIRMAN

301 East Colorado Blvd Suite 301

Pasadena, CA 91101 United States

PHONE:1-626-689-7539

COUNTY:  LOS ANGELES COUNTY


**HIRTLE, CALLAGHAN & CO**

Akhil Jain    DIRECTOR

Hirtle, Callaghan & Co Five Tower Bridge 300 Barr Harbor Drive Suite 500

West Conshohocken, PA 19428

68

Phone: 1-800-242-9596

COUNTRY: MONGOMERY  COUNTY


**HMI Capital Management LP**

MARCO W HELLMAN   FOUNDER

555 California Street Suite 4900

San Francisco, CA 94104 United States

PHONE:1-415-391-9500

COUNTY: SAN FRANCISO COUNTY


**HM Payson & Co**

PETER E ROBBINS    CEO

1 Portland Square 5th Floor, Union Street

Portland, ME 04101 United States

PHONE:1-207-772-3761

COUNTY: MULTNOMAH COUNTY


**Horan Capital Management LLC**

JOHN HEINLEIN      CEO

20 Wight Avenue Suite 155

Hunt Valley, MD 21030 United States

PHONE: 1-410-494-4380

COUNTY: BALITMORE


**Hosking Partners LLP**

ANTHONY E COLLINS     BOARD MEMBER

2 St Jamess's Market

London, SW1Y 4AH United Kingdom

PHONE: 44-20-7004-7850

**HOYLECOHEN LLC**
MARK DELFINO  CEO
2200 E CAMELBACK RD, SUITE 130
PHOENIX AZ 85016
PHONE: 602-778-0307
COUNTY: MARICOPA COUNTY

**HRT Financial LP**
ADAM NUNES  PRESIDENT
4 World Trade Center 57th Floor
New York, NY 10007 United States
PHONE:1-212-293-1444
COUNTY: NEW YORK COUNTY

**HSBC Holdings PLC**
Muneera Hejab Dossary Chief Exe. Officer
8 Canada Square 42nd Floor London,
E14 5HQ United Kingdom
Phone: 44-20-7991-8888

**HS Management Partners LLC**
GREGORY A NEJMEH  PRESIDENT AND PARTNER

640 5th Avenue 18th Floor

New York, NY 10019 United States

PHONE:1-212-888-0060

COUNTY: NEW YORK COUNTY

**Hudson Bay Capital Management LP**

SANDER R GERBER  CEO

777 3rd Avenue 30th Floor

New York, NY 10017 United States

PHONE: 1-212-571-1244

COUNTY: NEW YORK COUNTY

**Hudson Way Capital Management LLC**

CARRIE ELIZABETH BASS  CHIEF COMPLIANCE OFFICER

4514 Cole Avenue Suite 1220

Dallas, TX 75205 United States

PHONE: 1-214-984-5180

COUNTY: DALLAS COUNTY

**IFM Investors Pty Ltd**

HON  GREGORY IVAN COMBET      CHAIRMAN

2 Lonsdale Street Level 29 Casselden Melbourne,

71

VIC 3000 Australia

PHONE:61-3-8672-5300


**Ieq Capital, Llc**

Lior Kosovski    GC & COO

950 TOWER LANE

SUITE 1800

FOSTER CITY CA 94404

Phone:  650-581-9807

COUNTY:  SIERRA COUNTY


**ING Groep NV**

STEVEN VAN RIJSWIJK     CHAIRMAN

Bijlmerplein 888

Amsterdam, 1102 MG Netherlands

PHONE:31-20-563-9111


**Inverness Counsel LLC**

DAVID W LAUGHLIN    CHAIRMAN

845 3rd Avenue

New York, NY 10022 United States

PHONE:  1-212-207-2122

COUNTY:  NEW YORK COUNTY


**INVESCO LTD**

MARTIN L FLANGAN PRESIDENT/CEO

1555 Peachtree Street Northeast, Suite 1800

Atlanta, GA 30309 United States

PHONE: 1-404-892-0896

COUNTY: FULTON COUNTY

**Investment Advisory Services Inc/TX**

JOHN HAYNES PRESIDENT

9303 New Trails Drive Suite 450

The Woodlands, TX 77381 United States

PHONE:1-281-364-0606

COUNTY: MONTGOMERY COUNTY

**INTERNATIONAL ASSETS INVESTMENT MANAGEMENT LLC**

EDWARD RICHARD COFRANCESCO  PRESIDENT

390 North Avenue Suite 750

Orlando, FL 32801 United States

PHONE: 1-407-254-1500

COUNTY:  ORANGE COUNTY

**InterOcean Capital Group, LLC**

ERIK LARSON     PARTNER

980 North Michigan Avenue Suite 1780

Chicago, IL 60611

PHONE: 312-648-1720

COUNTY:  COOK COUNTY

**Israel Discount Bank of New York**

DR JOSEPH BACHER   VICE CHAIRMAN

511 5th Avenue

New York, NY 10017 United States

PHONE:1-212-551-8500

COUNTY: NEW YORK COUNTY

**Ironvine Capital Partners LLC**

Ryan Mendlik    CO FOUNDER

9290 West Dodge Road Suite 203

Omaha, NE 68114 United States

PHONE: 1-402-715-5224

COUNTY: DOUGLAS COUNTY

**James Hambro & Partners LLP**

JAMES DARYL HAMBRO    CHAIRMAN

45 Pall Mall

London, SW1Y 5JG United Kingdom

PHONE: 44-20-3817-3500

**Jane Street Group LLC**

Richard Emmet Managing Director

250 Vesey Street

New York, NY 10281 United States

PHONE:1-646-759-6000

COUNTY: NEW YORK COUNTY

**Jarislowsky Fraser Ltd**

G PIERRE LAPOINTE    BOARD MEMBER

1010 Sherbrooke Street West 20th Floor

74

Montreal, QC H3A 2R7 Canada

PHONE:1-514-842-2727

**JANUS HENDERSON GROUP PLC**

**Richard Maccoy Weil Chief Executive Officer**

201 Bishopgate London,

EC2M 3AE United Kingdom

PHONE

44-20-7818-1818

County: City and County of the City of London (London Borough)

**Jasper Ridge Partners LP**

DR MARK A WOLFSON   MANAGING PARTNER

201 Main Street Suite 1000

Fort Worth, TX 76102 United States

PHONE: 1-817-333-0016

COUNTY: TARRANT COUNTY

**JCOC ASSET MANAGEMENT INC**

Douglas Jones   CHAIRMAN

77 King Street West, Suite 4210, P.O. Box 213.

Toronto, ON M5K 1J3

PHONE: 416-366-1122 | 1-844-969-5242

**JENNISON ASSOCIATES LLC**

JEFFREY TODD BECKER  CHAIRMAN/CEO

466 Lexington Avenue

New York, NY 10017 United States

PHONE:  1-212-421-1000

COUNTY:  NEW YORK COUNTY


**JL BAINBRIDGE AND COMPANY INC**

JERRY BAINBRIDGE    PRESIDENT

1582 Main St

Sarasota, FL 34236

PHONE:  (941) 365-3435

COUNTY: SARASOTA COUNTY


**JP Morgan Asset Management Inc**

RUSTON SMITH   BOARD MEMBER

270 Park Avenue

New York, NY 10017 United States

PHONE:1-212-270-6000

COUNTY:  NEW YORK COUNTY


**Joel R Mogy Investment Counsel Inc**

Joel R Mogy    PRESIDENT

315 South Beverly Drive Suite 400

Beverly Hills, CA 90212 United States

PHONE:  1-310-552-0529

COUNTY:  LOS ANGELES COUNTY

**KBC Group NV**

JOHAN THIJS  CHIEF EX. OFFICER

Havenlaan 2 Brussels, 1080 Belgium

PHONE

32-2-429-40-51


**KCM INVESTMENT ADVISORS LLC**

JAY A KELLETT   CEO

750 Lindaro Street Suite 350

San Rafael, CA 94901 United States

PHONE:1-415-461-7788


**Kemnay Advisory Services Inc**

CHRISTINE BARR       PRINCIPLE

1270 6th Avenue Suite 2300

New York, NY 10020 United States

PHONE: 1-212-218-6970

COUNTY:  NEW YORK COUNTY


**Kentucky Retirement Systems - Pension Fund**

THOMAS K ELLIOTT       BOARD MEMBER

1260 Louisville Road

Frankfort, KY 40601 United States

PHONE:1-502-696-8800

**COUNTY:  FRANKLIN COUNTY**


**KeyBank**

CHRISTOPHER M GORMAN    BOARD MEMBER

127 Public Square

Cleveland, OH 44114 United States

PHONE: 1-216-689-4107

COUNTY: CUYAHOGA COUNTY

**Kinneret Advisory, LLC**
Mony Rueven    Chief Executive Officer
126 EAST 56TH STREET 16TH FLOOR
NEW YORK NY 10022
Phone: 6465194333
COUNTY: NEW YORK COUNTY

**KG Funds Management LLC**
IKE KIER   CEO AND CO FOUNDER
3 Columbus Circle Suite 1402
New York, NY 10019 United States
PHONE:1-212-247-4590
COUNTY: NEW YORK COUNTY

**Jacobs Levy Equity Management Inc**
DR BRUCE I JACOBS        PRINCIPAL
100 Campus Drive PO Box 650
Florham Park, NJ 07932 United States
PHONE:1-973-410-9222
COUNTY: MORRIS COUNTY

**JOHN HANCOCK ADVISORS LLC**
Marianne Harrison

President & CEO
601 CONGRESS ST
BOSTON MA 02210
PHONE: 1-800-732-5543
COUNTY: SUFFOLK COUNTY

**John W Bristol & Co Inc**
JAMES A ENGLE   PRESIDENT
48 Wall Street 18th Floor
New York, NY 10005 United States
PHONE:  1-212-389-5880
COUNTY:  NEW YORK COUNTY

**Johnson Investment Counsel Inc**
DR TIMOTHY E JOHNSON    CHAIRMAN AND FOUNDER
3777 West Fork Road
Cincinnati, OH 45247 United States
PHONE:  1-513-661-3100
COUNTY:  HAMILTON COUNTY

**Kentucky Teachers' Retirement System**
ALLISON WRIGHT CHAIRMAN
479 Versailles Road
Frankfort, KY 40601 United States
PHONE: 1-502-848-8500
COUNTRY:  FRANKLIN COUNTY

**KESTRA  FINANCIAL INC**
JAMES LYNN POER  CHIEF EXECUTIVE OFFICER

5707 Southwest Parkway Building 2, Suite 400

Austin, TX 78735 United States

PHONE:  1-512-697-6890

COUNTY:  TRAVIS COUNTY


**KESTRA PRIVATE WEALTH SERVICES LLC**

ROBERT BARTENSTEIN  CEO/SENIOR MANAGING DIRECTOR

3570 Carmel Mountain Road Suite 150

San Diego, CA 92130 United States

PHONE: 1-800-214-8341

COUNTY: SAN DIEGO


**KFA Private Wealth Group LLC**

GREGG KONOPASKE  CO FOUNDER

8000 Towers Crescent Drive Suite 1250

Vienna, VA 22182 United States

PHONE: 1-703-462-9799

COUNTY: FAIRFAX COUNTY


**Kiwi Wealth Investments General Partner Ltd**

IAN BURNS    CHIEF EXECUTIVE OFFICER

4/109 Featherston Street

Wellington, 6011 New Zealand

PHONE:64-800-427-384

**Klingenstein Fields & Co LLC**

KENNETH D POLLINGER      CO CHAIRMAN

125 Park Avenue Suite 1700

New York, NY 10017 United States

PHONE:  1-212-492-7000

COUNTY:  NEW YORK COUNTY

**Korea Investment Corp**

HEENAM CHOI    BOARD MEMBER

17 18F State Tower Namsan 100 Toegye-ro Jung-gu

Seoul, 100-052 Korea, Republic of (South)

PHONE:  82-2-2179-1000

**Kestra Advisory Services LLC**

Jennette Schlinke      Vice President  IA Compliance

5707 Southwest Parkway Building 2, Suite 400

Austin, TX 78735 United States

PHONE: 1-844-553-7872

COUNTY:  TRAVIS COUNTY

**Kovitz Investment Group Partners LLC**

MARC STUART BRENNER   BOARD MEMBERS

115 South LaSalle Street 27th Floor

Chicago, IL 60603 United States

PHONE: 1-312-334-7300

COUNTY:  COOK COUNTY

**JPMorgan Chase & Co**

JAMES DIMON  CHAIRMAN CEO

270 Park Avenue

New York, NY 10017 United States

PHONE: 1-212-270-6000

COUNTY: NEW YORK COUNTY


**Lazard Freres Gestion SAS**

**AXEL LAROZA**

**25 Rue de Courcelles**

**Paris, 75008 France**

**PHONE: 33-1-44-13-01-20**


**Lazard Asset Management LLC**

ASHISH BHUTANI    CHIEF EXECUTIVE OFFICER

30 Rockefeller Plaza 58th Floor

New York, NY 10112 United States

PHONE: 1-800-823-6300

COUNTY:  NEW YORK COUNTY


**Laurel Wealth Advisors Inc**

LEE TRIPODI    CO FOUNDER

8008 Girard Avenue Suite 330

La Jolla, CA 92037 United States

PHONE: 1-858-459-1101

COUNTY: SAN DIEGO COUNTY


**LIZARD ASSET MANAGEMENT LLC**

LEAH ZELL  CEO & FOUNDER

401 North Michigan Avenue Suite 1700

Chicago, IL 60611 United States

PHONE: 1-312-803-7300

COUNTY:  COOK COUNTY


**LEE DANNER AND BASS INC**

LAWSON C  ALLEN      PRESIDENT

One American Center

3100 West End Avenue, Suite 1250

Nashville, Tennessee 37203

PHONE:  615-244-7775

COUNTY: DAVIDSON COUNTY


**LEGAL & GENERAL GROUP PLC**

SIR JOHN KINGMAN  CHAIRMAN

One Coleman Street

London, EC2R 5AA United Kingdom

PHONE


**Livforsakringsbolaget Skandia OFB**

BENGT-AKE FAGERMAN   CHIEF EXECUTIVE OFFICER

Stockhlom, 106 55 Sweden

PHONE: 46-771-555-500


**Letko Brosseau & Associates Inc**

THOMAS BIRKS     BOARD MEMBER

1800 McGill College Avenue Suite 2510

Montreal, QC H3A 3J6 Canada

PHONE:  1-514-499-1200

**Lionstone Partners LLC**

JANE B PAGE    CHAIRMAN

712 Main Street Suite 2500

Houston, TX 77002 United States

PHONE:1-713-533-5860

COUNTY: HOUSTON COUNTY


**London Co of Virginia/The**

MELISSA A CARLUCCI    COO  AND PRICIPAL

1801 Bayberry Court Suite 301

Richmond, VA 23226 United States

PHONE:1-804-775-0317

COUNTY: HENRICO COUNTY


**LOOMIS SAYLES & CO LP**

DANIEL J FUSS  CHAIRMAN/EXEC VP

1 Financial Center

Boston, MA 02111 United States

PHONE: 1-617-482-2450

COUNTY: SUFFOLK COUNTY


**Loring Wolcott & Coolidge Fiduciary Advisors LLP**

RANDY PITCHFORD

230 Congress Street

Boston, MA 02110 United States

PHONE: 1-617-523-6531

COUNTY: SUFFOLK COUNTY

**Los Angeles Capital Management LLC**

THOMAS D STEVENS     BOARD MEMBER

11150 Santa Monica Blvd Suite 200

Los Angeles, CA 90025 United States

PHONE:1-310-479-9998

COUNTY:  LOS ANGELES COUNTY

**Louisiana State Employees' Retirement System**

BEVERLY HODGES  CHAIRMAN

8401 United Plaza Blvd 1st Floor

Baton Rouge, LA 70809 United States

PHONE: 1-225-922-0600

COUNTRY: EAST BATON ROUGE PARISH

**LPL Financial LLC**

DAN HOGAN ARNOLD JR   PRESIDENT

75 State Street 22nd Floor

Boston, MA 02109 United States

PHONE: 1-800-877-7210

COUNTY: SUFFOLK COUNTY

**LS Investment Advisors LLC**

KAREN LYNN McCLINTOCK     CEO

39533 Woodward Avenue Suite 302

Bloomfield Hills, MI 48304 United States

PHONE:1-800-279-3682

COUNTY:OAKLAND COUNTY

**Mackenzie Financial Corp**

C DAVID CLARK    BOARD MEMBER

180 Queen Street West

Toronto, ON M5V 3K1 Canada

PHONE:  1-800-665-0513

**Macquarie Group Ltd**

PETER HASTINGS WARNE   BOARD MEMBER

Ropemaker Place 28 Ropemaker Street

London, EC2Y 9HD United Kingdom

PHONE: 44-20-3037-2000

**MADISON ASSET MANAGEMENT LLC**

FRANK EDWARD BURGESS   BOARD MEMBERS

550 Science Drive

Madison, WI 53711 United States

PHONE: 1-608-274-0300

COUNTY:  DANE COUNTY

**Madison Wealth Management Services Inc**

James R. McDermott   CO FOUNDER AND  PRESIDENT

7755 Montgomery Rd Suite 350

Cincinnati, OH 45236

PHONE: 513.871.4555

COUNTY: HAMILTON COUNTY

**Macquarie Investment Management Ltd**

JOHN EDSTEIN   BOARD MEMBERS

50 Martin Place

Sydney, NSW 2000 Australia

PHONE: 61-2-8232-3333

**MAGELLAN ASSET MANAGEMENT LTD**

DR BRETT PETER CAIRNS  CHAIRMAN

MLC Centre 19 Martin Place, Level 36

Sydney, NSW 2000 Australia

PHONE:  61-2-9235-4888

**Markstone Capital Group LLC**

RON LUBASH      CO FOUNDER

Azrieli Center, Triangle Bldg 132 Menachem Begin Road

Tel Aviv, 67023 Israel

PHONE: 972-3-710-4242

**Massmutual Trust Co/The**

Roger W. Crandall Chairman, President and Chief Executive Officer

87

100 Bright Meadow Blvd

Enfield, CT 06082 United States

PHONE:1-888-894-5354

COUNTY: HARTFORD COUNTY


**Maverick Capital Ltd**

LEE S AINSLIE III   FOUNDER

300 Crescent Court Suite 1850

Dallas, TX 75201 United States

PHONE: 1-214-880-4081

COUNTY: DALLAS COUNTY


**Mar Vista Investment Partners LLC**

BRIAN MASSEY   PRESIDENT AND CO FOUNDER

11150 Santa Monica Blvd Suite 320

Los Angeles, CA 90025

Phone:1-310-917-2800

COUNTY: LOS ANGELES COUNTY


**MASSACHUSETTS FINANCIAL SERVICES CO**

RICK JAMES MANNING  CHAIRMAN

111 Huntington Avenue

Boston, MA 02199 United States

PHONE: 1-800-654-0266

COUNTY: SUFFOLK COUNTY


**MassMutual International LLC**

ADNAM OMAR AHMED  CHAIRMAN

1295 State Street

Springfield, MA 01111 United States

PHONE: 1-800-272-2216

COUNTY: HAMPDEN COUNTY


**Marathon Asset Management LP**

BRUCE J RICHARDS   CHAIRMAN/CEO/CO FOUNDER/CO-MNG PARTNER

1 Bryant Park 38th Floor

New York, NY 10036 United States

PHONE: 1-212-500-3000


**MIDWEST PROFESSIONAL PLANNERS LTD**

Patrick Wallschlaeger   PRINCIPLE

100 Enterprise Drive, Suite 504,

Rockaway, NJ 07866

PHONE: (800)637-3211

COUNTY: MORRIS COUNTY


**MAI Capital Management LLC**

RALPH M DELLA RATTA JR    BOARD MEMBER

1360 East 9th Street Suite 1100

Cleveland, OH 44114 United States

PHONE:1-216-920-4800

COUNTY:  CUYAHOGA COUNTY

**Mairs & Power Funds**

Mark L. Henneman Chairman & CEO

332 Minnesota Street

St. Paul, MN 55101 USA

Phone:1-651-222-8478

COUNTY: RAMSEY COUNTY

**MacKay Shields LLC**

JEFFERY S PHELGAR    CHAIRMAN

1345 Avenue of the Americas

New York, NY 10105 United States

PHONE:1-212-230-3905

COUNTY: NEW YORK COUNTY

**MANGROUP PLC**

LUKE ELLIS   CHIEF EXECUTIVE OFFICER

Riverbank House

2 Swan Lane

London, EC4R 3AD

United Kingdom

PHONE: +44 (0) 20 7144 1000

**Manufacturers Life Insurance Co/The**

JOHN M CASSADAY    BOARD MEMBER

200 Bloor Street East Toronto

ON M4W 1E5 Canada

PHONE:1-416-926-3000

**Maple Capital Management Inc**

RAMSEY A LUHR    CO FOUNDER

535 Stone Cutters Way

Montpelier, VT 05602 United States

PHONE:1-802-229-2838

COUNTY: WASHINGTON COUNTY


**Mariner Wealth Advisors-Madison LLC**

BRAD ROLLINS    VICE PRESIDENT

4200 West 115th Street Suite 200

Leawood, KS 66211 United States

PHONE:1-913-647-9700

COUNTY:  JOHNSON COUNTY


**Maryland Capital Management LLC**

Doug McClean   OPERATIONS MANAGER

800 N. CHARLES ST SUITE 500

BALTIMORE MD 21201

Business Phone        410-547-2666

COUNTY:  BALITMORE COUNTY


**Marshall Wace LLP**

MICHAEL MANNING SARGENT   CEO

George House 131 Sloane Street

London, SW1X 9AT United Kingdom

PHONE:44-20-7316-2280

**Matrix Asset Advisors Inc**

JONATHAN TOM    PARTNER

747 3rd Avenue 31st Floor

New York, NY 10017 United States

PHONE:1-800-366-6223

COUNTY: NEW YORK COUNTY


**Mawer Investment Management**

JIM HALL        CHAIRMAN

600, 517 - 10th Avenue SW

Calgary, Alberta T2R 0A8 Canada

Phone:  1-844-395-0747


**Maytech Global Investments LLC**

Nels Wangensteen Co-Founder, Managing Partner,

950 Third Avenue 18th Floor

New York, NY 10022 United States

PHONE: 1-212-899-2730

COUNTY: NEW YORK COUNTY


**Markel Corp**

STEVEN MARKEL    BOARD MEMBER

4521 HIGHWOODS PKWY

GLEN ALLEN, VA 23060 United States

PHONE:  1-804-747-0136

COUNTY:  HENRICO COUNTY

**MERCER INC**

JULIO ALFONSO PORTALATIN BORAD MEMBER

1166 Avenue of the Americas

New York, NY 10036 United States

PHONE:1-212-345-7000

COUNTY: NEW YORK COUNTY

**MERITAGE GROUP LP**

NATHANIEL SIMONS   CHAIRMAN

Pier 5, The Embarcadero Suite 101

San Francisco, CA 94111 United States

PHONE:1-415-399-5330

COUNTY:  SAN FRANCISO COUNTY

**Massachusetts Financial Services Co**

ROBERT JAMES MANNNING   BOARD MEMBERS

111 Huntington Avenue

Boston, MA 02199 United States

PHONE:1-800-654-0266

COUNTY:  SUFFOLK COUNTY

**Mastrapasqua Asset Management, Inc**

Frank Mastrapasqua          Chairperson

104 Woodmont Blvd Ste 320

Nashville , TN, 37205-2257

Phone: (615) 244-8400

93

COUNTY: DAVIDSON COUNTY

**Matrix Asset Advisors Inc**

LOU F BIRNHOLZ      PARTNER

747 3rd Avenue 31st Floor

New York, NY 10017 United States

PHONE:1-800-366-6223

COUNTY: NEW YORK COUNTY

**MFN PARTNERS MANAGEMENT**

JONATHAN REISMAN      OWNER

222 Berkeley St Ste 1300

Boston , MA, 02116-3733

Phone:(617) 443-2040

COUNTY: SUFFOLK COUNTY

**Metropolitan Life Insurance Co**

MICHEL KHALAF   PRESIDENT

200 Park Avenue

New York, NY 10166 United States

PHONE: 1-800-638-5000

COUNTY: NEW YORK COUNTY

**Mirae Asset Management Co Ltd**

Park Hyeon-Joo      Global Investment Strategy Officer

East Tower 36F, Mirae Asset Center 1 Bldg, 67,

Suha-dong Seoul, 100-210 Korea, Republic of (South)

PHONE: 82-2-3774-2222


**MIZUHO FINANCIAL GROUP, INC.**

YASUHIRO SATO     CHAIRMAN

1-5-5, OTEMACHI

OTEMACHI TOWER

CHIYODA-KU , TOKYO, 100-0004

Japan


**Mutual of America Capital Management LLC**

AMIR LEAR     BOARD MEMBER

320 Park Avenue

New York, NY 10022 United States

PHONE:1-212-224-1900

COUNTY: NEW YORK COUNTY


**NIGHT OWL CAPITAL MANAGEMENT LLC**

Eileen Ohnell,President and Chief Compliance Officer

102 Greenwich Avenue

Greenwich, CT 06830

PHONE: (203) 302-3870

COUNTY: FAIRFIELD COUNTY


**MOODY NATIONAL BANK TRUST DIVISION**

95

ROBERT L MOODY SR   CHAIRMAN

2302 Post Office Galveston, TX 77550 United States

PHONE:1-409-765-5561

COUNTY: GALVESTON COUNTY

**Moore Capital Management LP**

LOUIS MOORE BACON  CHAIRMAN

11 Times Square

New York, NY 10036 United States

PHONE:1-212-782-7000

COUNTY:  NEW YORK COUNTY

**Morgan Stanley**

James Patrick Gorman Chairman/CEO

1585 Broadway Avenue

New York, NY 10036 United States

Phone: 1-212-761-4000

County: New York County

**Motley Fool LLC/The**

THOMAS M GARDNER   CO FOUNDER

2000 Duke Street

Alexandria, VA 22314 United States

PHONE:1-703-838-3665

COUNTY:  FAIRFAX COUNTY

**Millennium Management LLC/NY**

SIMON M LORNE    CO VICE  CHAIRMAN

666 Fifth Avenue

New York, NY 10103 United States

PHONE:1-212-841-4132

COUNTY: NEW YORK COUNTY

**MITSUBISHI UFJ TRUST & BANKING CORP**

MIKIO LKEGAYA  CHAIRMAN

1-4-5 Marunouchi

Chiyoda-ku Tokyo, 100-8212 Japan

PHONE: 81-3-3212-1211

**MUFG Securities EMEA PLC**

MARSHALL CHARLES BAILEY    BOARD MEMBER

Ropemaker Place 25 Ropemaker Street

London, EC2Y 9AJ United Kingdom

PHONE: 44-207-628-5555

**NARWHAL CAPITAL MANAGEMENT LLC**

MATTHEW DORAN BURTON

PRESIDENT AND FOUNDER

531 Roselane Street Suite 420

Marietta, GA 30060 United States

PHONE: 1-770-344-0172

COUNTY: COBB COUNTY

**National Pension Service**

Kim Sung Joo, chairman and chief executive officer

Deokjin District,

Jeonju, South Korea

97

PHONE: +82 63-1355


**Natixis Investment Managers LP**

BEVERLY M BEARDEN  DEPUTY CEO

888 Boylston Street

Boston, MA 02199 United States

PHONE:1-617-449-2525

COUNTY:  SUFFOLK COUNTY


**Naya Capital Management UK Ltd**

MASROOR TAALE SIDDIQUI   CHIEF EXECUTIVE OFCR

54 Baker Street London,

W1U 7BU United Kingdom

PHONE:44-20-7535-5160


**Nationwide Investment**

**NATIONWIDE MUTUAL INSURANCE CO  parent**

Timothy Corcoran   CHAIRMAN

1 Nationwide Plaza

Columbus, OH 43215 United States

PHONE:1-800-882-2822

COUNTY: FRANKLIN COUNTY


**NELLORE CAPITAL MANAGEMENT LLC**

Sakya Duvvuru   FOUNDER

247 High St

Palo Alto , CA, 94301-1041

PHONE: 501-551-0128

COUNTY: SANTA CLARA COUNTY


**NEUBERGER BERMAN GROUP LLC**

GEORGE H WALKER IV  CHAIRMAN/CEO

1290 Avenue of the Americas

New York, NY 10104 United States

PHONE:  1-800-223-6448

COUNTY:  NEW YORK COUNTY

**New York Life Insurance Company**

Theodore A Mathas  Chairman

51 Madison Ave

New York , NY, 10010-1655

PHONE: (212) 576-7000

COUNTY:  NEW YORK COUNTY


**NEW YORK STATE COMMON RETIREMENT  FUND**

THOMAS P DiNAPOLI     BOARD MEMBER

110 State Street

Albany, NY 12207 United States

PHONE:  1-518-474-4044

COUNTY:  ALBANY COUNTY


**NGIAM ADVISORS LP**

David Giunta President

399 Boylston Street
Boston, MA 02116-9848
PHONE: 2129691000
COUNTY: SUFFOLK

**Nicholas Co Inc**
K THOR LUNDGREN        BOARD MEMBER
615 East Michigan Street 3rd Floor
Milwaukee, WI 53202 United States
PHONE: 1-414-765-4124
COUNTY: MILWAUKEE COUNTY

**Nichols & Pratt LLP**
JAMES RICHARD NICHOLS   FOUNDING PARTNER
50 Congress Street Suite 832
Boston, MA 02109 United States
PHONE: (617) 523-6800
COUNTY: SUFFOLK COUNTY

**Nikko Asset Management**
JUNICHI SAYATO   CHAIRMAN
605 Third Avenue, 38th Floor
New York, NY 10158, U.S.A.
Tel:+1-212-610-6100
COUNTY: NEW YORK COUNTY

**NINETY ONE UK Ltd**
GARETH PETER HERBERT PENNY CHAIRMAN
55 Gresham Street

London, EC2V 7EL United Kingdom
PHONE: 44-20-7597-2000

**Nippon Life Global Investors Americas Inc**
HIROYUKI NISHI     BOARD MEMBER
277 Park Avenue 34th Floor
New York, NY 10172 United States
PHONE: 1-646-231-4000
COUNTY: NEW YORK COUNTY

**NISA Investment Advisors LLC**
Jess B Yawitz Phd
Chairman/CEO/Co-Founder
101 South Hanley Road Suite 1700
Saint Louis, MO 63105 United States
PHONE: 1-314-721-1900
COUNTY: louis county

**NN Investment Partners Holdings NV**
SATISH BAPAT   CHIEF EXECUTIVE OFFICER
Schenkkade 65 Postbus 90470
Den Haag, 2509 LL Netherlands
PHONE: 31-70-379-1322

**Noesis Capital Management Corp**

NICO LETSCHERT  CFP

2700 N. Military Trail, Suite 210

Boca Raton, Florida 33431

PHONE: 561.999.9888

COUNTY: PALM BEACH COUNTY

**Nomura Asset Management**

Nobuyuki Koga (Chairman)

1-9-1, Nihonbashi, Chuo,

Tokyo, Japan

PHONE:  81 (0)3-6387-5000

**NORGES BANK**

OYSTEIN OLSEN  GOVERNOR

Bankplassen 2 PO Box

 1179 Sentrum Oslo, NO-0107 Norway

PHONE

47-24-07-30-00

COUNTY: OSLO

**NORMA Group SE**

DR MICHAEL SCHNEIDER  CHAIRMAN

Edisonstr. 4

D-63477 Maintal

PHONE.: +49 6181-403-0

**Nomura Holdings Inc**
KOJI NAGAI    CHAIRMAN
2-2-2 OTEMACHI CHIYODA-KU URBANNET
OTEMACHI BLDG
Chiyoda-Ku, Tokyo Japan
PHONE: 81-3-5255-1000

**Nordea Investment Management AB**
LISA RUIZ  CHIEF COMPLIANCE OFFICER
Smalandsgatan 17
Stockholm, SE-105 71 Sweden
PHONE: 46-101-571-000

**Norinchukin Bank/The**
KAZUHIKO OTAKE    CEO
13 2 Yurakucho
Tokyo, 100-8420 Japan
PHONE:81-3-3279-0111

**NORTHERN TRUST CORP**
MICHEAL G O'GRADY  CHAIRMAN/PRESIDENT/CEO
50 South La Salle Street
Chicago, IL 60603 United States
PHONE: 1-312-630-6000
COUNTY: COOK COUNTY

**Northwestern Mutual Co**
RANDOLPH W MELVILLE  BOARD MEMBER
720 East Wisconsin Avenue

103

Milwaukee, WI 532024797 United States

PHONE:1-414-271-1444

COUNTY: MILWAUKEE COUNTY

**NS Partners Ltd**

YOUSUKE MATSUSHIMA   BOARD MEMBER

1 Knightsbridge Green

London, SW1X 7QA United Kingdom

PHONE: 44-203-535-8100

**Nuveen Asset Management LLC**

James A Diedrich  Senior VP/Portfolio Manager

333 West Wacker Drive

Chicago, IL 60606 United States

Phone: 1-800-257-8787

County:  Cook County

**Oakcliff Capital Partners LP**

MELINDA SCOTT   CHIEF COMPLIANCE OFFICER

410 Park Avenue Suite 530

New York, NY 10022 United States

PHONE:1-646-873-8505

COUNTY:  NEW YORK COUNTY

**Oaknorth Bank PLC**

CYRUS ARDALAN        CHAIRMAN

57 Broadwick Street

London, W1F 9QS United Kingdom

PHONE:44-33-0380-1181

**OMNIA FAMILY WEALTH LLC**

STEVEN WAGNER CEO/CO-FOUNDER

18851 Northeast 29th Avenue Suite 400

Aventura, FL 33180 United States

PHONE:  1-305-602-9080

COUNTY:  MIAMI DADE COUNTY

**Olive Street Investment Advisers LLC**

Bryan J Luebbert Vice President,

12555 MANCHESTER ROAD

ST. LOUIS MO    63131

Phone: 314-515-3324

COUNTY: ST. LOUIS COUNTY

**Ossiam SA**

BRUNO POULIN    CEO AND PARTNERS

80 avenue de la Grande Armee

Paris, 75017 France

PHONE:  33-1-8479-4270

**Osterweis Capital Management Inc**

JOHN S OSTERWEIS    CHAIRMAN

1 Maritime Plaza Suite 800

San Francisco, CA 94111 United States

PHONE:  1-415-434-4441

COUNTY: SAN FRANCISCO COUNTY

**OTA Financial Group LP**

KEVIN HENEGHAN SENIOR MNG

1 Manhattanville Road

Purchase, NY 10577 United States

PHONE: 914-694-5800

COUNTY: WESCHESTER COUNTY


**Owl Creek Asset Management LP**

JEFFREY ALAN ALTMAN    FOUNDER

640 5th Avenue 20th Floor

New York, NY 10019 United States

PHONE:1-212-688-2550

COUNTY: NEW YORK COUNTY


**Overbrook Management Corp**

ARTHUR GOODHART ALTSCHUL JR    CHAIRMAN

122 East 42nd Street Suite 2500

New York, NY 10168 United States

PHONE:1-212-661-8710

COUNTY:  NEW YORK COUNTY


**Pacific Global Investment Management Company**

George A. Henning, Chairman, President and CEO,

101 N. Brand Blvd. Suite 1950

Glendale, CA 91203

PHONE: 800-989-6693

COUNTY:  LOS ANGELES COUNTY

**Pacific Investment Management Co LLC**

JOHN STUDZINSKI   VICE CHAIRMAN

650 Newport Center Drive

Newport Beach, CA 92660 United States

PHONE:1-949-720-6000

COUNTY: ORANGE COUNTY

**Palisade Capital Management LLC**

ALISON A BERMAN ESQ   CO CHAIRMAN

1 Bridge Plaza Suite 695

Fort Lee, NJ 07024 United States

PHONE:1-201-585-7733

COUNTY: BERGEN COUNTY

**PanAgora Asset Management Inc**

GREGORY D TRETIAK    BOARD MEMBER

470 Atlantic Avenue 8th Floor

Boston, MA 02210 United States

PHONE: 1-617-439-6300

COUNTY:  SUFFOLK COUNTY

**Parallax Volatility Advisers LLC**

WILL BARTLETT   CEO

88 Kearny Street 20th Floor

San Francisco, CA 94108 United States

PHONE: 1-415-445-6646

COUNTY: SAN FRANCISO COUNTY


**Parametric Portfolio Associates LLC**

Brian D Langstraat

1918 8th Avenue Suite 3100

Seattle, WA 98101 United States

Phone:1-206-694-5500

County: King County


**Parker Capital Management Inc**

**DANIEL PARKER MANAGING DIRECTOR**

100 City Hall Plaza

Boston, MA 02108 United States

PHONE: 1-617-227-1704

COUNTY: SUFFOLK


**PATHWAY FINANCIAL ADVISORS LLC**

GREG BROWN   CFP

2 Market Street

South Burlington, VT 05403

PHONE:(802) 660.7086

COUNTY: CHITTENDEN COUNTY


**Peapack-Gladstone Financial Corp**

F DUFFIELD MEYERCORD   BOARD MEMBER

500 Hills Drive Suite 300, PO Box 700

Gladstone, NJ 07921 United States

PHONE:1-908-234-0700

COUNTY:  SOMERSET


**Perigon Wealth Management, LLC**

Daniel Newhall Chief Compliance Officer

201 MISSION STREET

SUITE 1825

SAN FRANCISCO CA 94105

Phone: 4154304140

COUNTY:  SAN FRANCISO COUNTY


**People's United Financial Inc**

GEORGE P CARTER    BOARD MEMBER

850 Main Street

Bridgeport, CT 06604 United States

PHONE:1-203-338-7171

COUNTY:  FAIRFIELD COUNTY


**Provident Investment Management LLC**

SUSAN NANCE ROTH    CHIEF COMPLIANCE OFFICER

1 Fountain Square

Chattanooga, TN 37402 United States

PHONE: 1-423-294-1011

COUNTY:HAMILTON COUNTY


**Personal Capital Advisors Corp**

WILLIAM H HARRIS JR    BOARD MEMBER

3 Lagoon Drive Suite 200

San Francisco, CA 94105 United States

PHONE: 1-855-855-8005

COUNTY: SAN FRANCISO COUNTY

**Peter B Cannell & Co Inc**

JOSEPH B WERNER    CHAIRMAN

545 Madison Avenue

New York, NY 10022 United States

PHONE:1-212-752-5255

COUNTY: NEW YORK COUNTY

**Petrus Trust Co Lta**

PETER A ALTABEF  BOARD MEMBER

PO Box 269014

Plano, TX 75026 United States

PHONE:1-972-535-1930

COUNTY: COLLIN

**Phoenix Holdings Ltd/The**

BENJAMIN GABBAY   BOARD MEMBER

53 Derech Hashalom

Givataim, 53454 Israel

PHONE:972-3-733-2997

**Pictet Asset Management Ltd**

NIGEL JOHN BURNHAM  CO CHIEF FINANCIAL OFCR

120 London Wall Moor House, Level 11

London, EC2Y 5ET United Kingdom

PHONE: 44-207-847-5000


**Platinum Investment Management Ltd**

ANDREW McRAE CLIFFORD   BOARD MEMBER

7 Macquarie Place Level 8

Sydney, NSW 2000 Australia

PHONE:  61-2-9255-7500


**RMB Capital**

DONALD A BECHTER   MANAGING PARTNER

115 S. LaSalle, 34th Floor

Chicago, IL 60603

Phone(312) 993 5800

COUNTY: COOK COUNTY


**PNC FINANCIAL SERVICES GROUP INC/ THE**

WILLIAM S DEMCHAK  CHAIRMAN/PRESIDENT/CEO

The Tower at PNC Plaza 300 Fifth Avenue

 Pittsburgh, PA 15222 United States

PHONE:  1-888-762-2265

COUNTY:  ALLEGHENY COUNTY


**Point72 Asset Management LP**

STEVEN A COHEN CO FOUNDER

72 Cummings Point Road

Stamford, CT 06902 United States

PHONE:1-203-890-2000

COUNTY: FAIRFIELD COUNTY

**Polar Capital Holdings PLC**

THOMAS HUGH BARTLAM    BOARD MEMBER

16 Palace Street

London, SW1E 5JD United Kingdom

PHONE:44-20-7227-2700

**POLEN CAPITAL MANAGEMENT LLC**

PAUL WILLIAMS    HEAD OF INTERNATIONAL

1825 NW Corporate Blvd., Suite 300

Boca Raton, FL 33431

PHONE:  +1 561 241 2425

COUNTY: PALM BEACH COUNTY

**Potrero Capital Research LLC**

JACK  RIPSTEEN   MANAGING MEMBER

2 Embarcadero Center Suite 420

San Francisco, CA 94111 United States

PHONE:  415-576-1104

COUNTY:  SAN FRANCISO COUNTY

**Prelude Capital LLC**

GAVIN SAITOWITZ     CEO

437 Madison Avenue

New York, NY 10022 United States

PHONE: (212) 546-1180

COUNTY: NEW YORK COUNTY


**PRIMECAP MANAGEMENT CO**

THEOFANIS A KOLOKOTRONES    CHAIRMAN/PORTFOLIO MGR/CO-FOUNDER

117 East Colorado Road 11th Floor

Pasadena, CA 91105 United States

PHONE: 1-800-729-2307

COUNTY: LOS ANGLES


**Principal Financial Group Inc**

DANIEL JOSEPH HOUSTON  CHAIRMAN/PRESIDENT/CEO

711 High Street

Des Moines, IA 50392 United States

PHONE: 1-515-247-5111

COUNTRY: POLK COUNTY


**Prio Wealth LP**

John G Bratschi    CEO

265 Franklin Street 20th Floor

Boston, MA 02110 United States

PHONE: 1-617-224-1900

COUNTY: SUFFOLK COUNTY


**Privium Fund Management UK Ltd**

DEBBIE TANNER    BOARD MEMBERS

32 London Bridge Street The Shard, 24th

Floor London, SE1 9SG United Kingdom

PHONE: 44-203-457-0688
**COUNTY:**


**Professional Advisory Services Inc**
DAVID ALAN JAFFE    PRESIDENT/PARTNER
2770 Indian River Blvd Suite 204
Vero Beach, FL 32960 United States
PHONE:1-772-778-0552
COUNTY:  INDIAN RIVER COUNTY

**Prudential**
CHARLES F LOWERY  CHAIRMAN
751 Broad St
Newark , NJ, 07102-3754
United States
Phone: (973) 802-6000
COUNTY: ESSEX COUNTY

**Psagot Mutual Funds Ltd**
YAEL EFRON   BOARD MEMBER
14 Ahad Ha'am Street 3rd Floor
Tel Aviv Israel
PHONE:972-73-796-8774


**PUBLIC SECTOR PENSION INVESTMENT BOARD**
MARTIN GLYNN    CHAIRMAN
1250 René-Lévesque Boulevard West Suite 1400
Montréal, Québec Canada H3B 5E9

114

Phone: +1.514.937.2772

**Putnam Investments LLC**

Robert Lloyd Reynolds

President/CEO

1 Post Office Square

Boston, MA 02109 United States

Phone: 1-617-292-1000

**QS Investors LLC**

DR JANET CAROL CAMPAGNA    CEO

880 3rd Avenue 7th Floor

New York, NY 10022 United States

PHONE: 1-212-886-9200

COUNTY: NEW YORK COUNTY

**QUADRATURE CAPITAL LTD**

Suneil Setiya   PARTNER   AND CO FOUNDER

The Leadenhall Building 122 Leadenhall Street

London, EC3V 4AB United Kingdom

PHONE:44-20-3743-0400

**Qube Research & Technologies Ltd**

STEPHEN FOSTER      CHAIRMAN

21 Palmer Street 7th Floor

London, SW1H 0AD United Kingdom

115

PHONE:44-20-7072-2960

**Quilter PLC**

GLYN JONES    BOARD MEMBER

Bridge House 2 Lambeth Hill

London, EC4V 4AJ United Kingdom

PHONE: 44-20-7002-7000

**Rathbone Brothers PLC**

PAUL ROBERT STOCKTON   CHIEF EXECUTIVE OFFICER

8 Finsbury Circus

London, EC2M 7AZ United Kingdom

PHONE:44-20-7399-0000

**RBF Capital LLC**

RICHARD B FULLERTON   PRESIDENT

3047 Fillmore Street

Francisco, CA 94123 United States

PHONE: 415-800-8212

COUNTY:  SAN FRANCISO COUNTY

**REHMANN CAPITAL ADVISORY GROUP**

Jeffrey James Phillips Chief Executive Officer

4086 LEGACY PARKWAY

LANSING MI 48911

Phone  517-316-2438

Country:  Ingham County

**Renaissance Technologies LLC**

PETER FITZHUGH BROWN

800 Third Avenue

New York, NY 10022 United States

PHONE: 212-829-4460

COUNTY: NEW YORK COUNTY

**RH Bluestein & Co**

ROBERT H BLUESTEIN    PRESIDENT

260 East Brown Street Suite 100

Birmingham, MI 48009 United States

PHONE: 1-248-646-4000

COUNTY: OAKLAND COUNTY

**Rhumbline Advisers LP**

KIM ROGER McCANT    GENERAL PARTNER

265 Franklin Street 21st Floor

Boston, MA 02110 United States

PHONE: 1-617-345-0434

COUNTY: SUFFOLK  COUNTY

**RMR Wealth Builders Inc**

DOUGLAS ROTH  CO CHAIRMAN

500 Glenpointe Centre

West Teaneck, NJ 07666 United States

PHONE:1-888-333-9898

COUNTY: BERGEN COUNTY

**Rokos Capital Management LLP**

MARK EDWARDS   CHIEF EXECUTIVE OFFICE

23 Savile Street

London, W1S 2ET United Kingdom
PHONE:44-20-3668-9000


**Route One Investment Co LP**

RICHARD H VOON          BOARD MEMBER

1 Letterman Drive Building D, Suite 200

San Francisco, CA 94129 United States

PHONE: 415-796-6800.

COUNTY: SAN FRANCISO COUNTY


**Ruane Cunniff & Goldfarb LP**

Trevor Magyar    INVESTMENT COMMITTEE

9 West 57th Street Suite 5000

New York, NY 10019 United States

PHONE:1-212-832-5280

COUNTY:  NEW YORK COUNTY


**NORTH STAR ASSET MANAGEMETN CORP**

Kenneth J. Brusda Chairman

134 E. Wisconsin Avenue

One Neenah Center, Suite 300

Neenah, WI 54956-3007

Phone: 920.729.7900

COUNTY: WINNEBAGO COUNTY

**PineBridge Investments LLC**

MARC ELLIOT MOGULL      CHAIRMAN

399 Park Avenue 4th Floor

New York, NY 10022 United States

PHONE: 1-646-857-8000

COUNTY: NEW YORK COUNTY

**Putnam Investments**

ROBERT LLOYD REYNOLDS PRESIDENT CEO

430 W. 7th Street

Suite 219697

Kansas City, MO 64105-1407

**RE Advisers Corp**

JAMES D MATHESON    BOARD MEMBER

4301 Wilson Blvd

Arlington, VA 22203 United States

PHONE:  1-800-258-3030

COUNTY:ALEXANDRIA COUNTY

**Putnam Investment Management LLC**

ROBERT LLOYD REYNOLDS   PRESIDENT  CEO

30 Dan Road

Canton, MA 02021 United States

PHONE: 1-617-292-1000

COUNTY: NORFOLK COUNTY

**Retirement System of Alabama**

DR. DAVID G BONNOR   CHIEF EXECUTIVE OFFICER

201 South Union Street

Montgomery, AL 36104 United States

PHONE:1-334-517-7000

COUNTY: MONTGOMERY COUNTY


**Reynders McVeigh Capital Management**

CHAT REYNDERS      CHAIRMAN

121 High Street

Boston, MA 02110

Phone: 1-617-226-9999

COUNTY: SUFFOLK COUNTY

**Rheos Capital Works Inc**

HIDETO FUJINO PRESIDENT CEO

Marunouchi 1-11-1 Chiyoda-Ku,

100-6227 Japan

PHONE: 81-3-6266-0124

**RHUMBLINE ADVISERS LP**

WAYNE T OWEN  CEO/GENERAL PARTNER

265 Franklin Street 21st Floor

Boston, MA 02110 United States

PHONE

1-617-345-0434

COUNTY: SUFFOLK COUNTY

**RIT Capital Partners PLC**

LORD JACAOB CHARLES  NATHANIEL R      FUND MANAGER

Registered Office: 27 St James's Place

London SW1A 1NR United Kingdom

Phone:+44-20-7493-8111

**ROBECO**

KEITH SEIDMAN    EXECUTIVE DIRECTOR

230 Park Avenue, Ste 3330

New York, NY 10169

United States

CONTACT: 1 646 690 9389

COUNTY: NEW YORK COUNTY

**Rockefeller Capital Management LP**

JOHN JOSEPH BRENNEN    BOARD MEMBER

10 Rockefeller Plaza

New York, NY 10020 United States

PHONE:1-212-549-5100

COUNTY:  NEW YORK COUNTY

**Rockbridge Investment Management**

PATRICK ROHE  CHIEF EXECUTIVE OFFICER

220 S Warren St, 9th Floor

Syracuse, NY 13202

PHONE: 315.671.0588

COUNTY: ONONDAGA COUNTY

**Rothschild Investment Corp**

RICHARD F KARGER    CHAIRMAN/CEO

311 South Wacker Drive Suite 6500

Chicago, IL 60606 United States

PHONE: 1-312-983-8956

COUNTY: COOK COUNTY

**Roundview Capital LLC**

HOWARD T ALTER     CO FOUNDER

182 Nassau Street Suite 201

Princeton, NJ 08542 United States

PHONE: 1-609-688-9500

COUNTY: MERCER COUNTY

**Russell Investments Ltd**

DR RONALD D SUGAR     BOARD MEMBER

1 Infinite Loop

Cupertino, CA 95014 United States

PHONE: 1-408-996-1010

COUNTY: SANTA CLARA COUNTY

**T Rowe Price Associates Inc**

Robert W Sharps  President/Chief Invsmt Ofcer

100 East Pratt Street

Baltimore, MD 21202

Phone: 1-410-345-2000

County: Baltimore County

**Royal Bank of Canada**

200 Bay Street 13th Floor,

David McKay President/CEO

South Tower Toronto,
 ON M5J 2J5 Canada

Phone: 1-416-974-7235

County: Ontario  Canada

**SANDERS CAPITAL LLC**

LEWIS A SANDERS CEO CO-CIO AND FOUNDER

390 Park Avenue

New York, NY 10022 United States

PHONE: 1-212-291-7900

COUNTY: NEW YORK COUNTY

**SAGE MOUNTAIN ADVISORS**

SCOTT NEU CFA

945 East Paces Ferry Rd NE, Suite 2275

Atlanta GA 30326

PHONE:  404.795.8361

COUNTY:  FULTON COUNTY

**Salem Investment Partners Inc**

MIKE SEGAL  CHAIRMAN

1348 WestGate Center Drive Suite 100

Winston-Salem, NC 27103 United States

PHONE: 336-245-4747

COUNTY: FORSYTH COUNTY

**Sanders Capital LLC**

LEWIS A SANDERS   CEO

390 Park Avenue

New York, NY 10022 United States

PHONE:1-212-291-7900

COUNTY:  NEW YORK COUNTY


**Sands Capital Management Inc**

FRANK M SANDS SR    FOUNDER

1101 Wilson Blvd Suite 2300

Arlington, VA 22209 United States

PHONE: 1-703-562-4000

COUNTY:  ALEXANDRIA COUNTY


**Sandy Spring Bank**

CRAIG A RUPPERT    BOARD MEMBER

17801 Georgia Avenue

Olney, MD 20832 United States

PHONE:  1-800-399-5919

COUNTY:  MONTGOMERY COUNTY


**Sarasin & Partners LLP**

JAMES STRACHAN    BOARD MEMBER

Juxon House 100 Saint Paul's Churchyard

London, EC4M 8BU United Kingdom

PHONE:  44-20-7038-7000


**SB  MANAGEMENT LTD**

Akshay Naheta CEO

9TH FLOOR, AL SILA TOWER

ADGM SQUARE, AL MARYAH ISLAND

ABU DHABI

C0

NA

PHONE: 00442079659581


**SCHWEIZERISCHE NATIONALBANK**

IN ENGLISH SWISS NATIONAL BANK

PROF DR THOMAS J JORDAN CHAIRMAN-GOVERNING BOARD/PRESIDENT

Boersenstrasse 15 PO Box 2800

Zurich, 8022 Switzerland

PHONE: 41-44-631-3111


**Schroder Investment Management Ltd**

Michael Dobson (Chairman)

1 London Wall Place

London, EC2Y 5AU United Kingdom

PHONE:44-20-7658-6000


**Scotia Capital Inc**

BRIAN D McCHESNEY    BOARD MEMBER

40 King Street West Scotia Plaza 68th Floor

Toronto, ON M5W 2X6 Canada

PHONE:1-416-863-7411


**Segall Bryant & Hamill LLC**

SCOTT D ROULSTON    PRINCIPAL

540 West Madison Street Suite 1900

Chicago, IL 60661 United States

PHONE:1-312-474-1222

COUNTY: COOK COUNTY

**SEI Investments Management Corp**

ALFRED P WEST JR

1 Freedom Valley Drive

Oaks, PA 19456 United States

PHONE:1-610-676-1000

COUNTY: MONTGOMERY

**Select Equity Group Inc**

GEORGE STABLER LOENING   CHAIRMAN

380 Lafayette Street

New York, NY 10003 United States

PHONE:1-212-475-8335

COUNTY:  NEW YORKCOUNTY

**SG Americas Securities LLC**

RODNEY C B VANDER MEERSCH      BOARD MEMBER

245 Park Avenue

New York, NY 10167 United States

PHONE: 1-212-278-6000

COUNTY:  NEW YORK COUNTY

**Shelton Capital Management**

STEVE ROGERS CHIEF EXECUTIVE OFFICER

1875 Lawrence Street Suite 300

Denver, CO 80202 United States

PHONE:1-800-955-9988

COUNTY: ARAPAHOE COUNTY


**Shell Asset Management Co BV**

ANDREW ROGERS     BOARD MEMBER

PO Box 575 The Hague, 2501 CN

Netherlands

PHONE: 31-70-31-99-400


**Silvercrest Asset Management Group LLC**

RICHARD R HOUGH III        CHAIRMAN AND CEO

1330 Avenue of the Americas 38th Fl, Between 53rd and 54th

New York, NY 10019 United States

PHONE: 1-212-649-0600

COUNTY: NEW YORK COUNTY


**Skandinaviska Enskilda Banken AB**

MARCUS WALLENBERG   BOARD MEMBER

Kungstradgardsgatan 8

Stockholm, 106 40 Sweden

PHONE: 46-771-62-10-00


**Skye Global Management**

Daniel Millen     DIRECTOR OF INVESTMENT

767 5th Avenue 12th Floor

New York, NY 10153 United States

PHONE:1-212-256-8922

COUNTY: NEW YORK COUNTY


**Soroban Capital Partners LP**

ERIC WEINSTEIN MANDELBLATT  MANAGING PARTNER

55 West 46th Street 32nd Floor

New York, NY 10036 United States

PHONE: 1-212-314-1300

COUNTY: NEW YORK COUNTY


**Smith & Associates, CPA's, P.A.**

AMANDA J SCHULTZ BROWN    CPA

1601 Rickenbacker Drive   Suite 9

Sun City Center, FL 33573-5223

PHONE: (813) 634-8885

COUNTY: HILLSBOROUGH COUNTY


**Smith, Salley & Associates**

Brian May     Chief Compliance Officer

324 WEST WENDOVER AVENUE, SUITE 301

GREENSBORO NC 27408

Phone: 336-379-7556

COUNTY: GUILFORD COUNTY


**Southeastern Asset Management Inc**

O MASON HAWKINS   CHAIRMAN

6410 Poplar Avenue Suite 900

Memphis, TN 38119 United States

PHONE: 1-901-761-2474

COUNTY: SHELBY COUNTY

**South Dakota Investment Council**

LORIN L BRASS    CHAIRMAN

4009 West 49th Street Suite 300

 Sioux Falls, SD 57106 United States

PHONE:1-605-362-2820

COUNTY: MINNEHAHA

**Spears Abacus Advisors LLC**

WILLIAM G SPEARS    BOARD MEMBERS

147 East 48th Street

New York, NY 10017 United States

PHONE:1-212-230-9800

COUNTY:  NEW YORK

**Squarepoint Ops LLC**

MAXIME FORTIN   CEO

250 West 55th Street 32nd Floor

New York, NY 10019 United States

PHONE: 1-646-979-1308

COUNTY: NEW YORK COUNTY

**SSgA FUNDS MANAGEMENT INC**

ELLEN MARIE NEEDHAM   PRESIDENT

STATE STREET FINANCIAL

129

CENTER 1 LINCOLN
STREET BOSTON, MA 02111
PHONE: 1-617-786-3000
COUNTY: SUFFOLK COUNTY


**Sound Income Strategies LLC**
MIKE TUMA   CHIEF OPERATING OFFICER
411 Theodore Fremd Avenue Suite 206
South Rye, NY 10580 United States
PHONE:1-914-921-2505
COUNTY: WESTCHESTER COUNTY


**Stacey Braun Associates Inc**
MARTIN H WEXLER        BOARD MEMBER
377 Broadway
New York, NY 10013 United States
PHONE:1-888-949-1925
COUNTY: NEW YORK COUNTY


**Staley Capital Advisers Inc**
JOHN ADOLPHUS STALEY IV        BOARD MEMBER
1 Oxford Centre 39th Floor, 301 Grant Street
Pittsburgh, PA 15219 United States
PHONE: 1-412-394-1292
COUNTY: ALLEGHENY COUNTY

**Saybrook Capital Corp**

LUKE MACDANIEL BABCOCK    CO PRESIDENT

7 Spring Street PO Box 4 Sag

Harbor, NY 11963 United States

PHONE:1-631-725-5518

COUNTY: SUFFOLK COUNTY NEW YORK


**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**

DUANE C FARRINGTON EXEC VP/CAO

1 State Farm Plaza

Bloomington, IL 61710 United States

PHONE:  1-800-782-8332

COUNTY:  MCLEAN COUNTY


**State Street Bank & Trust Co**

JOSEPH C ANTONELLIS  BOARD MEMBER

380 Russell Street

Hadley, MA 01035 United States

PHONE:1-617-786-3000

COUNTY:HAMPHIRE COUNTY


**State of Tennessee  Treasury Department**

DAVID H LILLARD JR    STATE TREASURER

312 Rosa L Parks Avenue

Nashville, TN 37243 United States

PHONE:1-615-741-0320

COUNTY:  DAVIDSON COUNTY


**Sterling Capital Management LLC**

**ALEXANDER W McALISTER PRESIDENT**

4350 Congress Street Suite 1000

Charlotte, NC 28209 United States

PHONE:1-704-927-4175

COUNTY: MECKLENBURG

**Steginsky Capital LLC**

ANDREW DALE STEGINSKY    CHIEF COMPLIANCE OFFICER

60 Madison Avenue Suite 1026

New York, NY 10010 United States

PHONE:  1-212-683-1700

COUNTY:  NEW YORK COUNTY

**STIFEL FINANCIAL CORP**

RONALD J KRUSZEWSKI  CO-CHAIRMAN/CEO

1 Financial Plaza 501 North Broadway

Saint Louis, MO 63102 United States

PHONE: 1-314-342-2000

COUNTY:  ST. LOUIS COUNTY

**Stonehage Fleming**

RICHARD FITZALAN HOWARD  CHAIRMAN

15 Suffolk Street London,

SW1Y 4HG United Kingdom

PHONE:44-20-7087-0000

**STRS Ohio 80th Inc**

Rita J Walters Chairman

275 East Broad Street

Columbus, OH 43215 United States

PHONE:1-888-227-7877

COUNTY:

**SUMITOMO MITSUI TRUST HOLDINGS INC**

TETSUO OHKUBO  CHAIRMAN

1-4-1 Marunochi Chiyoda-Ku,

100-8233 Japan

PHONE:  81-3-6256-6000


**Summit X LLC**

Trish Koontz   Chief Compliance Officer

16020 Swingley Ridge Suite 110

Chesterfield, MO 63017 United States

PHONE:  1-314-805-1083

COUNTY:  ST LOUIS COUNTY


**SUNCOAST EQUITY MANAGEMENT LLC**

Donald R. Jowdy Chief Executive Officer

5550 W. Executive Dr., Suite 320

Tampa, FL 33609

Phone: (813) 963-0502

COUNTY:  HILLSBOROUGH COUNTY

**SWISSPARTNERS**

Markus Wintsch

CEO, Partner

Am Schanzengraben 23

P.O. Box CH-8022 Zürich

Phone +41 58 200 0 000



**Susquehanna International Group LLP**

ARTHUR DANTCHIK  MANANGING DIRECTOR AND CO FOUNDER

401 City Avenue

Bala Cynwyd, PA 19004 United States

PHONE:1-610-617-2600

COUNTY:  MONTGOMERY


**SWEDBANK AB**

JENS HENRIKSSON  PRESIDENT /CEO

Landsvagen 40 Sundbyberg, 172 63 Sweden

PHONE:  46-8-585-900-00

**Synovus Financial Corp**

KESSEL D STELLING JR    CHAIRMAN

1111 Bay Avenue Suite 500

Columbus, GA 31901 United States

PHONE: 1-706-649-2311

COUNTY:  MUSCOGEE


**TCW Group Inc/The**

MARC IRWIN STERN   CHAIRMAN

865 South Figueroa Street Suite 1800

Los Angeles, CA 90017 United States

PHONE:1-213-244-0000

COUNTY:  LOS ANGLES COUNTY


**TD Asset Management**

Bruce Cooper CEO/Chief Invsmt Officer

TD Canada Trust Tower 161 Bay Street, 34th Floor Toronto,

ON M5J 2T2 Canada

Phone: 1-416-983-0055

County: Ontario Canada

**TIAA**

THASUNDA BROWN DUCKETT PRESIDENT & CEO

730 3rd Avenue Bsmt 2a

New York, NY 10017 United States

PHONE:1-212-490-9000

COUNTY: NEW YORK COUNTY

**TCTC Holdings LLC**

R. Kevin Hardage Manager

3838 Oak Lawn Avenue Suite 1650

Dallas, TX 75219 United States

PHONE: 1-214-468-0100

COUNTY: DALLAS COUNTY

**Tiedemann Advisors LLC**

MICHAEL GLENN TIEDEMANN CEO AND FOUNDING PARTNER

520 Madison Avenue 26th Floor

New York, NY 10022 United States

PHONE:1-212-396-5900

COUNTY: NEW YORK COUNTY

**Tiger Management LLC**

JULIAN HART ROBERTSON JR FOUNDER

101 Park Avenue

New York, NY 10178 United States

135

PHONE: 1-212-984-2500

COUNTY: NEW YORK COUNTY

**TIGER GLOBAL MANAGEMENT LLC**

Eric S Lane President and COO

9 West 57th Street 35th Floor New York, NY 10019 United States

Phone: 1-212-984-8030

County: New York County

**Transamerica Investment Management LLC**

MARK W MULLNS CHAIRMAN OF THE BOARD

11111 Santa Monica Blvd Suite 820

Los Angeles, CA 90025 United States

PHONE:1-310-996-3200

COUNTY: LOS ANGELES COUNTY

**State of North Carolina Department of The State Treasurer**

DALE R FOLWELL          TREASURER

NC Retirement Systems Albemarle Building 325 North Salisbury Street

Raleigh, NC 27603-1385 United States

PHONE: 1-877-627-3287

COUNTY: WAKE COUNTY

**Tocqueville Asset Management LP**

ROBERT W KLEINSCHMIDT    PRESIDENT

40 West 57th Street

New New York, NY 10019 United States

PHONE:1-212-698-0800

COUNTY: NEW YORK COUNTY


**Tokio Marine Asset Management Co Ltd**

HIROKAZU FUJITA     BOARD MEMBER

19F Tekko Building 1-8-2 Marunouchi

Chiyoda-Ku, 100-0005 Japan

PHONE:81-3-3212-2027


**Toronto-Dominion Bank/The**

IRENE RUTH MILLER     BOARD MEMBER

Toronto-Dominion Centre King Street West and Bay Street

Toronto, ON M5K 1A2 Canada

PHONE: 1-866-222-3456


**TOUCHSTONE INVESTMENT**

E BLAKE MOORE JR     PRESIDENT

Touchstone Investments

c/o BNY Mellon Asset Servicing

P.O. Box 9878

Providence, RI 02940-8078

PHONE:

COUNTY: PROVIDENCE COUNTY


**Tower Bridge Advisors**

Jeffrey Kachel     CCO

101 WEST ELM STREET SUITE 355

CONSHOHOCKEN PA 19428

137

Phone: 6102602200

COUNTY: MONTGOMERY COUNTY


**Townsquare Capital LLC**

KURT BROWN          CEO

5314 River Run Drive Suite 300

Provo, UT 84604 United States

PHONE:1-385-375-8650

COUNTY: UTAH COUNTY


**TESCO PENSION INVESTMENT LIMITED**

DANNY FIRTH   PRINCIPAL

125 FINSBURY PAVEMENT

LONDON , EC2A 1NQ

United Kingdom

Phone:  +44-2078774102


**Tredje AP-fonden**

PETER EUGLUD   BOARD MEMBER

Vasagatan 7 Box 1176

Stockholm, SE-11191 Sweden

PHONE: 46-8-555-17-100


**Triple Frond Partners LLC**

Charles F. Pollnow IV    PARTNER AND MANGER

1301 2nd Avenue Suite 2850

Seattle, WA 98101 United States

PHONE:1-206-332-1215

COUNTY: KING COUNTY

**Trinity Street Asset Management LLP**

RICHARD JEREMY BRUCE   GENERAL PARTNER

1 Cavendish Place

London, W1G 0QF United Kingdom

PHONE:  44-207-495-9110

**T. Rowe Price Associates, Inc**.

PRESIDENT ROBERT W SHARPS

100 East Pratt Street

Baltimore, MD 21202 United States

PHONE: 1-410-345-2000

COUNTY: BALTIMORE COUNTY

**Truist Financial Corp**

KELLY S KING   BOARD MEMBER

214 North Tryon Street

Charlotte, NC 28202 United States

PHONE: 1-336-733-2000

COUNTY: MECKLENBURG

**TT International Investment Management LLP**

TIM TACCHI                   FOUNDER

62 Threadneedle Street

London, EC2R 8HP United Kingdom

PHONE:44-20-7509-1000


**Tweedy Browne Co LLC**

WILLIAM HETHERINGTON BROWNE  MANAGING DIRECTOR

1 Station Place

Stamford, CT 06902 United States

PHONE: 1-203-703-0600

COUNTY: FAIRFIELD COUNTY


**Two Creeks Capital Management LP**

Dan Brupbacher                PARTNER

40 W 57th St 18th Floor

New York, NY 10019-4001 United States

PHONE:  (212) 373-1240

COUNTY: NEW YORK COUNTY


**UBP INVESTMENT ADVISORS SA**

Daniel de Picciotto  Chairman

Place Camoletti 6 2nd Floor Geneva, 1207

 Switzerland

PHONE: 41-22-317-4960


**UBS Asset Management Americas Inc**

William Joseph Ferri

1285 Avenue of the Americas

New York, NY 10019 United States

Phone: 1-212-713-4944

County:  New York County

**UBS GROUP AG**

DR AXEL A WEBER CHAIRMAN

U Bahnhofstrasse 45

Zurich, 8001 Switzerland

PHONE

41-44-234-1111BS

**University of Notre Dame du Lac**

JOHN J BRENNAN     CHAIRMAN

724 Grace Hall

Notre Dame, IN 46556 United States

PHONE: 1-574-631-5000

COUNTY: St. Joseph County

**US BANCORP**

ANDREW CECERE  CHAIRMAN/PRESIDENT/CEO

800 Nicollet Mall

Minneapolis, MN 55402 United States

PHONE:1-651-466-3000

COUNTY: HENNEPIN COUNTY

**USCA RIA LLC**

PATRICK MICHEAL MENDENHALL  MANAGING PARTNER

4444 Westheimer Road Suite G500

Houston, TX 77027 United States

PHONE: 1-713-366-0500

COUNTY: HARRIS COUNTY


**US Global Investors Inc**

JEROLD H RUBINSTEIN  BOARD

7900 Callaghan Road

San Antonio, TX 78229 United States

PHONE:1-210-308-1234

COUNTY: BEXAR COUNTY


**USS Investment Management Ltd**

VIRGINIA HOLMES    CHAIRMAN

6th Floor 60 Threadneedle Street

 London, EC2R 8HP United Kingdom

PHONE: 44-333-300-1043


**Utah Retirement Systems**

MARTY PETERSON   BOARD MEMBER

560 East 200 South

Salt Lake City, UT 84102 United States

PHONE:1-801-366-7700

COUNTY: SALT LAKE COUNTY


**VANGUARD GROUP INC /THE**

MORTIMER JOSEPH BUCKLEY

100 Vanguard Blvd

 Malvern, PA 19355 United States

PHONE: 1-610-669-1000

COUNTY: CHESTER COUNTY

**Vantage Investment Partners LLC**

JOHN G WOOLWAY      PRESIDENT

4900 Main Street Suite 410

Kansas City, MO 64112 United States

PHONE: 1-816-569-1375

COUNTY: CLAY, JACKSON AND PLATTE

**Viking Global Investors LP**

Ole Andreas Halvorsen CEO/Limited Partner/Co-Founder

55 Railroad Avenue

Greenwich, CT 06830 United States

PHONE:1 -203-863-5000

County: Fairfield County

**Voloridge Investment Management, LLC**

Key Principal

David Vogel

110 Front St Ste 400

Jupiter , FL, 33477-5095

United States

Phone: (561) 231-5770

**Vontobel Asset Management Inc**

HEINRICH SCHLEGEL  CHAIRMAN

1540 Broadway 38th Floor

New York, NY 10036 United States

PHONE:1-212-415-7000

COUNTY: NEW YORK COUNTY

**Voloridge Investment Management, LLC**

Key Principal David Vogel

110 Front St Ste 400

Jupiter , FL, 33477-5095

United States

**Waddell & Reed Financial Inc**

ROGER A EARLY

6300 Lamar Avenue Shawnee Mission

Overland Park, KS 66202 United States

PHONE:1-913-236-2000

COUNTY: JOHNSON COUNTY

**Wafra Inc**

FAWAZ MANSOUR AL MUBARAKI     CHAIRMAN

345 Park Avenue 41st Floor

New York, NY 10154 United States

PHONE: 1-212-759-3700

COUNTY:  NEW YORK COUNTY

**Weiss Multi-Strategy Advisers LLC**

GEORGE ALLEN WEISS   CHAIRMAN

320 Park Avenue 20th Floor

New York, NY 10022 United States

PHONE:1-212-415-4500

COUNTY:  NEW YORK COUNTY

**WEALTHFRONT INC**

**dba Wealthfront Advisers llc**

DANIEL CARROLL      BOARD MEMBER

261 Hamilton Avenue

Palo Alto, CA 94301 United States

PHONE:1-844-995-8437

COUNTY: SANTA CLARA COUNTY

**Welch & Forbes LLC**

KURT HENRY WALKER

45 School Street 5th Floor

Boston, MA 02108 United States

PHONE:1-617-523-1635

COUNTY: SUFFOLK COUNTY

**Wellcome Trust Ltd/The**

PETER PEREIRA GRAY   CEO AND MNG PARTNER

Gibbs Building 215 Euston Road

London, NW1 2BE

United Kingdom

PHONE:44-20-7611-8888

**Wellington Management Co. LLP**

BRENDAN J SWORDS

280 Congress Street

145

Boston, MA 02210 United States

PHONE 1-617-951-5000

**WELLS FARGO & CO**

CHARLES W SCHARF  PRESIDENT /CEO

420 Montgomery Street

San Francisco, CA 94104 United States

PHONE:  1-866-878-5865

COUNTY:  SAN FRANCISCO COUNTY

**WELLINGTON MANAGEMENT GROUP LLP**

BRENDAN J SWORDS  CHAIRMAN & CEO

280 Congress Street

Boston, MA 02210 United States

PHONE:  1-617-951-5000

COUNTY:  SUFFOLK COUNTY

**Westpac Banking Corp**

JOHN McFARLANE   CHAIRMAN

275 Kent Street Level 18,

Sydney, NSW 2000 Australia

PHONE:61-2-8253-3143

**Westwood Holdings Group Inc**

BRIAN O CONNER CASEY

200 Crescent Court Suite 1200

Dallas, TX 75201 United States

PHONE:1-214-756-6900

COUNTY:


**Westwood Management Corp/IL**

**MICHAEL PERLOW PRESIDENT/CEO/COO/PORTFOLIO MANAGER**

208 South LaSalle Street Suite 1698

Chicago, IL 60604 United States

PHONE: 1-312-236-3336

COUNTY: COOK COUNTY


**Whittier Trust Co**

**MICHAEL J CASEY  CHAIRMAN**

1600 Huntington Drive

South Pasadena, CA 91030 United States

PHONE:1-626-441-5111


**William Blair & Co LLC**

WILLIAM BLAIR     BOARD MEMBER

222 West Adams Street

Chicago, IL 60606 United States

PHONE:  1-312-236-1600

COUNTY:  COOK COUNTY


**Williams Jones & Associates LLC**

William P. Jones, Jr. Chairman

717 5th Avenue 11th Floor

New York, NY 10022 United States

PHONE:1-212-935-8750

COUNTY: NEW YORK COUNTY

**WINSLOW CAPITAL MANAGEMENT LLC**

JUSTIN H KELLY CEO/CHIEF INVSMT/PORTFOILO MGR

4720 IDS Tower 80 South 8th Street

Minneapolis, MN 55402 United States

PHONE: 1-612-376-9100

COUNTY: HENNEPIN

**Windward Capital Management Co**

DR. ROBERT W NICHOLAS   CEO

11111 Santa Monica Blvd Suite 1200

Los Angeles, CA 90025 United States

PHONE:1-310-893-3000

**William Blair Investment Management LLC**

EDGAR DAVID COOLIDGE III   VICE CHAIRMAN

222 West Adams Street

Chicago, IL 60606 United States

PHONE: 1-312-236-1600

COUNTY:   COOK COUNTY

**Wittenberg Investments Management Inc**

JOEL WITTENBERG   PRESIDENT

532 Lowell Street Suite 201

Carlisle, MA 01741 United States

PHONE: 1-978-610-6871

COUNTY: MIDDLESEX COUNTY

**Wolverine Trading LLC**

CHRISTOPHER LAZARUS     CEO

148

175 West Jackson Blvd Suite 200

Chicago, IL 60604 United States

PHONE:1-312-884-4000

COUNTY: COOK COUNTY

**WorldQuant LLC**

IGOR TULCHINSKY    CHAIRMAN

1700 East Putnam Avenue 3rd Floor Old

Greenwich, CT 06870 United States

PHONE: 1-203-344-6050

COUNTY: FAIRFIELD COUNTY

**VALEO**

Gregory Fulk Chief Operating Officer

10 West Carmel Drive

Suite 400

Carmel, IN 46032

PHONE: 888.48.VALEO

COUNTRY: HAMILTON

**Valiant Capital Management LP**

CHRISTOPHER ROBERT HANSEN   FOUNDER & PRESIDENT

1 Market Street Steuart Tower, Suite 2625

San Francisco, CA 94105 United States

149

PHONE:1-415-659-7201

COUNTY: SAN FRANCISO COUNTY


**Van Den Berg Management I Inc**

ARNOLD VAN DEN BERG    CEO

805 Las Cimas Parkway Suite 430

Austin, TX 78746 United States

PHONE:1-512-329-0050

COUNTY: AUSTIN COUNTY


**Venator Management**

Dave Fallgren,     CFA

607 Washington Road Suite 400

Pittsburgh, PA 15228

PHONE: 412.586.3747

COUNTY: ALLEGHENY COUNTY


**Veritas Investment Partners (UK) Limited**

ANTHONY ROSENFELDER CHAIRMAN

Riverside House

2a Southwark Bridge Road

London SE1 9HA

United Kingdom


**Vestor Capital LLC**

MARTY BUEHLER   PRESIDENT AND CEO

10 South Riverside Plaza Suite 1400

Chicago, IL 60606 United States

150

PHONE: 1-312-641-2400

COUNTY: COOK COUNTY

**Virginia Retirement System**

O KELLY E McWILLIAMS III   CHAIRMAN

1200 East Main Street

Richmond, VA 23219 United States

PHONE: 1-888-827-3847

COUNTY: HENRICO COUNTY

**Voya Financial Inc**

RODNEY OWEN MARTIN JR

230 Park Avenue

New York, NY 10169 United States

PHONE:1-212-309-8200

COUNTY:  NEW YORK COUNTY

**Zevin Asset Management LLC**

ROBERT ZEVIN    BOARD MEMBER

11 Beacon Street Suite 1125

Boston, MA 02108 United States

PHONE: 1-617-742-6666

COUNTY:  SUFFOLK  COUNTY

**1832 Asset Management LP**

ERIC BENNER   VICE PRESIDENT

Dynamic Funds Twr, 1 Adelaide Street East, 28th Floor

Toronto, ON M5C 2V9 Canada

PHONE: 1-416-365-6480

**XPONANCE**

Tina Byles Williams  Chief Executive Officer

1845 WALNUT STREET SUITE 800

PHILADELPHIA PA 19103

COUNTY: PHILADELPHIA COUNTY

**XN Exponent Advisors LLC**

Thomas L. O'Grady General Counsel & Chief Compliance Officer

412 WEST 15TH STREET, 13TH FLOOR

NEW YORK NY 10011

PHONE: 646-849-0500

COUNTY:  NEW YORK COUNTY

**Zuercher Kantonalbank**

MARTIN  SCHOLL    CHIEF EXECUTIVE OFFICER

Bahnhofstrasse 9

Zurich, 8005 Switzerland

PHONE: 41-84-484-3823

PHONE:  1-416-365-6480

**XPONANCE**

Tina Byles Williams  Chief Executive Officer

1845 WALNUT STREET SUITE 800

PHILADELPHIA PA 19103

COUNTY: PHILADELPHIA COUNTY

**XN Exponent Advisors LLC**

Thomas L. O'Grady General Counsel & Chief Compliance Officer

412 WEST 15TH STREET, 13TH FLOOR

NEW YORK NY 10011

PHONE: 646-849-0500

COUNTY:  NEW YORK COUNTY

**Zuercher Kantonalbank**

MARTIN  SCHOLL    CHIEF EXECUTIVE OFFICER

Bahnhofstrasse 9

Zurich, 8005 Switzerland

PHONE: 41-84-484-3823

PHONE: 1-312-641-2400

COUNTY: COOK COUNTY

**Virginia Retirement System**

O KELLY E McWILLIAMS III   CHAIRMAN

1200 East Main Street

Richmond, VA 23219 United States

PHONE: 1-888-827-3847

COUNTY: HENRICO COUNTY

**Voya Financial Inc**

RODNEY OWEN MARTIN JR

230 Park Avenue

New York, NY 10169 United States

PHONE:1-212-309-8200

COUNTY: NEW YORK COUNTY

**Zevin Asset Management LLC**

ROBERT ZEVIN    BOARD MEMBER

11 Beacon Street Suite 1125

Boston, MA 02108 United States

PHONE: 1-617-742-6666

COUNTY: SUFFOLK  COUNTY

**1832 Asset Management LP**

ERIC BENNER   VICE PRESIDENT

Dynamic Funds Twr, 1 Adelaide Street East, 28th Floor

Toronto, ON M5C 2V9 Canada

PHONE:1-415-659-7201

COUNTY:  SAN FRANCISO COUNTY

**Van Den Berg Management I Inc**

ARNOLD VAN DEN BERG    CEO

805 Las Cimas Parkway Suite 430

Austin, TX 78746 United States

PHONE:1-512-329-0050

COUNTY:  AUSTIN COUNTY

**Venator Management**

Dave Fallgren,      CFA

607 Washington Road Suite 400

Pittsburgh, PA 15228

PHONE:  412.586.3747

COUNTY:  ALLEGHENY COUNTY

**Veritas Investment Partners (UK) Limited**

ANTHONY  ROSENFELDER  CHAIRMAN

Riverside House

2a Southwark Bridge Road

London SE1 9HA

United Kingdom

**Vestor Capital LLC**

MARTY BUEHLER    PRESIDENT AND CEO

10 South Riverside Plaza Suite 1400

Chicago, IL 60606 United States

175 West Jackson Blvd Suite 200

Chicago, IL 60604 United States

PHONE:1-312-884-4000

COUNTY: COOK COUNTY

**WorldQuant LLC**

IGOR TULCHINSKY    CHAIRMAN

1700 East Putnam Avenue 3rd Floor Old

Greenwich, CT 06870 United States

PHONE: 1-203-344-6050

COUNTY: FAIRFIELD COUNTY

**VALEO**

Gregory Fulk Chief Operating Officer

10 West Carmel Drive

Suite 400

Carmel, IN 46032

PHONE: 888.48.VALEO

COUNTRY: HAMILTON

**Valiant Capital Management LP**

CHRISTOPHER ROBERT HANSEN   FOUNDER & PRESIDENT

1 Market Street Steuart Tower, Suite 2625

San Francisco, CA 94105 United States

149

**WINSLOW CAPITAL MANAGEMENT LLC**

JUSTIN H KELLY CEO/CHIEF INVSMT/PORTFOILO MGR

4720 IDS Tower 80 South 8th Street

Minneapolis, MN 55402 United States

PHONE: 1-612-376-9100

COUNTY: HENNEPIN


**Windward Capital Management Co**

DR. ROBERT W NICHOLAS CEO

11111 Santa Monica Blvd Suite 1200

Los Angeles, CA 90025 United States

PHONE:1-310-893-3000


**William Blair Investment Management LLC**

EDGAR DAVID COOLIDGE III VICE CHAIRMAN

222 West Adams Street

Chicago, IL 60606 United States

PHONE: 1-312-236-1600

COUNTY: COOK COUNTY


**Wittenberg Investments Management Inc**

JOEL WITTENBERG PRESIDENT

532 Lowell Street Suite 201

Carlisle, MA 01741 United States

PHONE: 1-978-610-6871

COUNTY: MIDDLESEX COUNTY


**Wolverine Trading LLC**

CHRISTOPHER LAZARUS CEO

PHONE:1-214-756-6900

COUNTY:


**Westwood Management Corp/IL**

**MICHAEL PERLOW PRESIDENT/CEO/COO/PORTFOLIO MANAGER**

208 South LaSalle Street Suite 1698

Chicago, IL 60604 United States

PHONE: 1-312-236-3336

COUNTY: COOK COUNTY


**Whittier Trust Co**

**MICHAEL J CASEY  CHAIRMAN**

1600 Huntington Drive

South Pasadena, CA 91030 United States

PHONE:1-626-441-5111


**William Blair & Co LLC**

WILLIAM BLAIR      BOARD MEMBER

222 West Adams Street

Chicago, IL 60606 United States

PHONE:  1-312-236-1600

COUNTY:  COOK COUNTY



**Williams Jones & Associates LLC**

William P. Jones, Jr. Chairman

717 5th Avenue 11th Floor

New York, NY 10022 United States

PHONE:1-212-935-8750

COUNTY: NEW YORK COUNTY

Boston, MA 02210 United States

PHONE 1-617-951-5000


**WELLS FARGO & CO**

CHARLES W SCHARF  PRESIDENT /CEO

420 Montgomery Street

San Francisco, CA 94104 United States

PHONE:  1-866-878-5865

COUNTY:  SAN FRANCISCO COUNTY


**WELLINGTON MANAGEMENT GROUP LLP**

BRENDAN J SWORDS  CHAIRMAN & CEO

280 Congress Street

Boston, MA 02210 United States

PHONE:  1-617-951-5000

COUNTY:  SUFFOLK COUNTY


**Westpac Banking Corp**

JOHN McFARLANE  CHAIRMAN

275 Kent Street Level 18,

Sydney, NSW 2000 Australia

PHONE:61-2-8253-3143


**Westwood Holdings Group Inc**

BRIAN O CONNER CASEY

200 Crescent Court Suite 1200

Dallas, TX 75201 United States

**WEALTHFRONT INC**

**dba Wealthfront Advisers llc**

DANIEL CARROLL    BOARD MEMBER

261 Hamilton Avenue

Palo Alto, CA 94301 United States

PHONE:1-844-995-8437

COUNTY: SANTA CLARA COUNTY

**Welch & Forbes LLC**

KURT HENRY WALKER

45 School Street 5th Floor

Boston, MA 02108 United States

PHONE:1-617-523-1635

COUNTY:  SUFFOLK COUNTY

**Wellcome Trust Ltd/The**

PETER PEREIRA GRAY   CEO AND MNG PARTNER

Gibbs Building 215 Euston Road

London, NW1 2BE

United Kingdom

PHONE:44-20-7611-8888

**Wellington Management Co. LLP**

BRENDAN J SWORDS

280 Congress Street

New York, NY 10036 United States

PHONE:1-212-415-7000

COUNTY: NEW YORK COUNTY

**Voloridge Investment Management, LLC**

Key Principal David Vogel

110 Front St Ste 400

Jupiter , FL, 33477-5095

United States

**Waddell & Reed Financial Inc**

ROGER A EARLY

6300 Lamar Avenue Shawnee Mission

Overland Park, KS 66202 United States

PHONE:1-913-236-2000

COUNTY: JOHNSON COUNTY

**Wafra Inc**

FAWAZ MANSOUR AL MUBARAKI       CHAIRMAN

345 Park Avenue 41st Floor

New York, NY 10154 United States

PHONE: 1-212-759-3700

COUNTY:  NEW YORK COUNTY

**Weiss Multi-Strategy Advisers LLC**

GEORGE ALLEN WEISS   CHAIRMAN

320 Park Avenue 20th Floor

New York, NY 10022 United States

PHONE:1-212-415-4500

COUNTY:  NEW YORK COUNTY

PHONE: 1-610-669-1000
COUNTY: CHESTER COUNTY

**Vantage Investment Partners LLC**
JOHN G WOOLWAY     PRESIDENT
4900 Main Street Suite 410
Kansas City, MO 64112 United States
PHONE: 1-816-569-1375
COUNTY: CLAY, JACKSON AND PLATTE

**Viking Global Investors LP**
Ole Andreas Halvorsen CEO/Limited Partner/Co-Founder
55 Railroad Avenue
Greenwich, CT 06830 United States
PHONE:1 -203-863-5000
County: Fairfield County

**Voloridge Investment Management, LLC**
Key Principal
David Vogel
110 Front St Ste 400
Jupiter , FL, 33477-5095
United States
Phone: (561) 231-5770

**Vontobel Asset Management Inc**
HEINRICH SCHLEGEL  CHAIRMAN
1540 Broadway 38th Floor

143

4444 Westheimer Road Suite G500

Houston, TX 77027 United States

PHONE:  1-713-366-0500

COUNTY:  HARRIS COUNTY


**US Global Investors Inc**

JEROLD H RUBINSTEIN  BOARD

7900 Callaghan Road

San Antonio, TX 78229 United States

PHONE:1-210-308-1234

COUNTY: BEXAR COUNTY


**USS Investment Management Ltd**

VIRGINIA HOLMES    CHAIRMAN

6th Floor 60 Threadneedle Street

 London, EC2R 8HP United Kingdom

PHONE: 44-333-300-1043


**Utah Retirement Systems**

MARTY PETERSON   BOARD MEMBER

560 East 200 South

Salt Lake City, UT 84102 United States

PHONE:1-801-366-7700

COUNTY: SALT LAKE COUNTY


**VANGUARD GROUP INC /THE**

MORTIMER JOSEPH BUCKLEY

100 Vanguard Blvd

 Malvern, PA 19355 United States

142

62 Threadneedle Street

London, EC2R 8HP United Kingdom

PHONE:44-20-7509-1000

**Tweedy Browne Co LLC**

WILLIAM HETHERINGTON BROWNE  MANAGING DIRECTOR

1 Station Place

Stamford, CT 06902 United States

PHONE: 1-203-703-0600

COUNTY: FAIRFIELD COUNTY

**Two Creeks Capital Management LP**

Dan Brupbacher                    PARTNER

40 W 57th St 18th Floor

New York, NY 10019-4001 United States

PHONE:  (212) 373-1240

COUNTY: NEW YORK COUNTY

**UBP INVESTMENT ADVISORS SA**

Daniel de Picciotto  Chairman

Place Camoletti 6 2nd Floor Geneva, 1207

 Switzerland

PHONE: 41-22-317-4960

**UBS Asset Management Americas Inc**

William Joseph Ferri

1285 Avenue of the Americas

140

New York, NY 10019 United States

Phone: 1-212-713-4944

County: New York County

**UBS GROUP AG**

DR AXEL A WEBER CHAIRMAN

U Bahnhofstrasse 45

Zurich, 8001 Switzerland

PHONE

41-44-234-1111BS

**University of Notre Dame du Lac**

JOHN J BRENNAN      CHAIRMAN

724 Grace Hall

Notre Dame, IN 46556 United States

PHONE: 1-574-631-5000

COUNTY: St. Joseph County

**US BANCORP**

ANDREW CECERE  CHAIRMAN/PRESIDENT/CEO

800 Nicollet Mall

Minneapolis, MN 55402 United States

PHONE:1-651-466-3000

COUNTY: HENNEPIN COUNTY

**USCA RIA LLC**

PATRICK MICHEAL MENDENHALL  MANAGING PARTNER

141

4444 Westheimer Road Suite G500

Houston, TX 77027 United States

PHONE: 1-713-366-0500

COUNTY: HARRIS COUNTY


**US Global Investors Inc**

JEROLD H RUBINSTEIN  BOARD

7900 Callaghan Road

San Antonio, TX 78229 United States

PHONE:1-210-308-1234

COUNTY: BEXAR COUNTY


**USS Investment Management Ltd**

VIRGINIA HOLMES    CHAIRMAN

6th Floor 60 Threadneedle Street

 London, EC2R 8HP United Kingdom

PHONE: 44-333-300-1043


**Utah Retirement Systems**

MARTY PETERSON   BOARD MEMBER

560 East 200 South

Salt Lake City, UT 84102 United States

PHONE:1-801-366-7700

COUNTY: SALT LAKE COUNTY


**VANGUARD GROUP INC /THE**

MORTIMER JOSEPH BUCKLEY

100 Vanguard Blvd

 Malvern, PA 19355 United States

142

PHONE: 1-610-669-1000

COUNTY: CHESTER COUNTY

**Vantage Investment Partners LLC**

JOHN G WOOLWAY        PRESIDENT

4900 Main Street Suite 410

Kansas City, MO 64112 United States

PHONE: 1-816-569-1375

COUNTY: CLAY, JACKSON AND PLATTE

**Viking Global Investors LP**

Ole Andreas Halvorsen CEO/Limited Partner/Co-Founder

55 Railroad Avenue

Greenwich, CT 06830 United States

PHONE:1 -203-863-5000

County: Fairfield County

**Voloridge Investment Management, LLC**

Key Principal

David Vogel

110 Front St Ste 400

Jupiter , FL, 33477-5095

United States

Phone: (561) 231-5770

**Vontobel Asset Management Inc**

HEINRICH SCHLEGEL  CHAIRMAN

1540 Broadway 38th Floor

New York, NY 10036 United States

PHONE:1-212-415-7000

COUNTY: NEW YORK COUNTY

**Voloridge Investment Management, LLC**

Key Principal David Vogel

110 Front St Ste 400

Jupiter , FL, 33477-5095

United States

**Waddell & Reed Financial Inc**

ROGER A EARLY

6300 Lamar Avenue Shawnee Mission

Overland Park, KS 66202 United States

PHONE:1-913-236-2000

COUNTY: JOHNSON COUNTY

**Wafra Inc**

FAWAZ MANSOUR AL MUBARAKI      CHAIRMAN

345 Park Avenue 41st Floor

New York, NY 10154 United States

PHONE: 1-212-759-3700

COUNTY:  NEW YORK COUNTY

**Weiss Multi-Strategy Advisers LLC**

GEORGE ALLEN WEISS   CHAIRMAN

320 Park Avenue 20th Floor

New York, NY 10022 United States

PHONE:1-212-415-4500

COUNTY:  NEW YORK COUNTY

**WEALTHFRONT INC**

**dba Wealthfront Advisers llc**

DANIEL CARROLL    BOARD MEMBER

261 Hamilton Avenue

Palo Alto, CA 94301 United States

PHONE:1-844-995-8437

COUNTY: SANTA CLARA COUNTY

**Welch & Forbes LLC**

KURT HENRY WALKER

45 School Street 5th Floor

Boston, MA 02108 United States

PHONE:1-617-523-1635

COUNTY:  SUFFOLK COUNTY

**Wellcome Trust Ltd/The**

PETER PEREIRA GRAY   CEO AND MNG PARTNER

Gibbs Building 215 Euston Road

London, NW1 2BE

United Kingdom

PHONE:44-20-7611-8888

**Wellington Management Co. LLP**

BRENDAN J SWORDS

280 Congress Street

145

Boston, MA 02210 United States

PHONE 1-617-951-5000

**WELLS FARGO & CO**

CHARLES W SCHARF  PRESIDENT /CEO

420 Montgomery Street

San Francisco, CA 94104 United States

PHONE:  1-866-878-5865

COUNTY:  SAN FRANCISCO COUNTY

**WELLINGTON MANAGEMENT GROUP LLP**

BRENDAN J SWORDS  CHAIRMAN & CEO

280 Congress Street

Boston, MA 02210 United States

PHONE:  1-617-951-5000

COUNTY:  SUFFOLK COUNTY

**Westpac Banking Corp**

JOHN McFARLANE   CHAIRMAN

275 Kent Street Level 18,

Sydney, NSW 2000 Australia

PHONE:61-2-8253-3143

**Westwood Holdings Group Inc**

BRIAN O CONNER CASEY

200 Crescent Court Suite 1200

Dallas, TX 75201 United States

146

PHONE:1-214-756-6900

COUNTY:

**Westwood Management Corp/IL**

**MICHAEL PERLOW PRESIDENT/CEO/COO/PORTFOLIO MANAGER**

208 South LaSalle Street Suite 1698

Chicago, IL 60604 United States

PHONE: 1-312-236-3336

COUNTY: COOK COUNTY

**Whittier Trust Co**

**MICHAEL J CASEY  CHAIRMAN**

1600 Huntington Drive

South Pasadena, CA 91030 United States

PHONE:1-626-441-5111

**William Blair & Co LLC**

WILLIAM BLAIR     BOARD MEMBER

222 West Adams Street

Chicago, IL 60606 United States

PHONE:  1-312-236-1600

COUNTY:  COOK COUNTY

**Williams Jones & Associates LLC**

William P. Jones, Jr. Chairman

717 5th Avenue 11th Floor

New York, NY 10022 United States

PHONE:1-212-935-8750

COUNTY: NEW YORK COUNTY

**WINSLOW CAPITAL MANAGEMENT LLC**

JUSTIN H KELLY CEO/CHIEF INVSMT/PORTFOILO MGR

4720 IDS Tower 80 South 8th Street

Minneapolis, MN 55402 United States

PHONE: 1-612-376-9100

COUNTY: HENNEPIN

**Windward Capital Management Co**

DR. ROBERT W NICHOLAS    CEO

11111 Santa Monica Blvd Suite 1200

Los Angeles, CA 90025 United States

PHONE:1-310-893-3000

**William Blair Investment Management LLC**

EDGAR DAVID COOLIDGE III    VICE CHAIRMAN

222 West Adams Street

Chicago, IL 60606 United States

PHONE: 1-312-236-1600

COUNTY:    COOK COUNTY

**Wittenberg Investments Management Inc**

JOEL WITTENBERG    PRESIDENT

532 Lowell Street Suite 201

Carlisle, MA 01741 United States

PHONE: 1-978-610-6871

COUNTY: MIDDLESEX COUNTY

**Wolverine Trading LLC**

CHRISTOPHER LAZARUS    CEO

175 West Jackson Blvd Suite 200

Chicago, IL 60604 United States

PHONE:1-312-884-4000

COUNTY: COOK COUNTY

**WorldQuant LLC**

IGOR TULCHINSKY    CHAIRMAN

1700 East Putnam Avenue 3rd Floor Old

Greenwich, CT 06870 United States

PHONE: 1-203-344-6050

COUNTY: FAIRFIELD COUNTY

**VALEO**

Gregory Fulk Chief Operating Officer

10 West Carmel Drive

Suite 400

Carmel, IN 46032

PHONE: 888.48.VALEO

COUNTRY: HAMILTON

**Valiant Capital Management LP**

CHRISTOPHER ROBERT HANSEN   FOUNDER & PRESIDENT

1 Market Street Steuart Tower, Suite 2625

San Francisco, CA 94105 United States

149

PHONE:1-415-659-7201

COUNTY: SAN FRANCISO COUNTY

**Van Den Berg Management I Inc**

ARNOLD VAN DEN BERG    CEO

805 Las Cimas Parkway Suite 430

Austin, TX 78746 United States

PHONE:1-512-329-0050

COUNTY: AUSTIN COUNTY

**Venator Management**

Dave Fallgren,    CFA

607 Washington Road Suite 400

Pittsburgh, PA 15228

PHONE: 412.586.3747

COUNTY: ALLEGHENY COUNTY

**Veritas Investment Partners (UK) Limited**

ANTHONY ROSENFELDER CHAIRMAN

Riverside House

2a Southwark Bridge Road

London SE1 9HA

United Kingdom

**Vestor Capital LLC**

MARTY BUEHLER    PRESIDENT AND CEO

10 South Riverside Plaza Suite 1400

Chicago, IL 60606 United States

PHONE: 1-312-641-2400

COUNTY: COOK COUNTY

**Virginia Retirement System**

O KELLY E McWILLIAMS III  CHAIRMAN

1200 East Main Street

Richmond, VA 23219 United States

PHONE: 1-888-827-3847

COUNTY: HENRICO COUNTY

**Voya Financial Inc**

RODNEY OWEN MARTIN JR

230 Park Avenue

New York, NY 10169 United States

PHONE:1-212-309-8200

COUNTY:  NEW YORK COUNTY

**Zevin Asset Management LLC**

ROBERT ZEVIN    BOARD MEMBER

11 Beacon Street Suite 1125

Boston, MA 02108 United States

PHONE: 1-617-742-6666

COUNTY:  SUFFOLK  COUNTY

**1832 Asset Management LP**

ERIC BENNER   VICE PRESIDENT

Dynamic Funds Twr, 1 Adelaide Street East, 28th Floor

Toronto, ON M5C 2V9 Canada

PHONE:  1-416-365-6480

**XPONANCE**

Tina Byles Williams  Chief Executive Officer

1845 WALNUT STREET SUITE 800

PHILADELPHIA PA 19103

COUNTY: PHILADELPHIA COUNTY

**XN Exponent Advisors LLC**

Thomas L. O'Grady General Counsel & Chief Compliance Officer

412 WEST 15TH STREET, 13TH FLOOR

NEW YORK NY 10011

PHONE: 646-849-0500

COUNTY:  NEW YORK COUNTY

**Zuercher Kantonalbank**

MARTIN  SCHOLL    CHIEF EXECUTIVE OFFICER

Bahnhofstrasse 9

Zurich, 8005 Switzerland

PHONE: 41-84-484-3823

## FIRST CAUSE OF ACTION

### Breach of Contract

### Elements:

Breach of Contract……………………………………………………………………17,18

Damages………………………………………………………18

Valid contract…………………………………………………18

Damages……………………………………………………………18

A breach……………………………………18

Damages……………………………………………………………18

Proximate cause………………………………………………………19

Damages…………………………………19

Damages……………………………………………………………19

Damages……………………………………………………………19.

## SECOND CAUSE OF ACTION

### Violation of the Federal Trade Commission Act

### Elements:

Violation of the Federal Trade Commission Act………………………………19,20

Damages…………………………………………………………………20

The representation, omission, or practice must mislead or be likely to mislead the consumer………………………………………..21

Damages…………………………………………….21

The consumer's interpretation of the representation, omission, or practice must be reasonable under the circumstances………………........................21

Damages………………………………………………………………22

The misleading representation, omission, or practice must be material…………………22

1

Damages...............................................................................22

## THIRD CAUSE OF ACTION

### Violation of the Clayton Act

### Section 4

### Elements:

Violation of the Clayton Act Section 4......................................22,23

Damages...................................................23

## FOURTH CAUSE OF ACTION

### Section 7

### Elements:

Violation of the Clayton Act Section 7.................................23,24

Damages.........................................................24

## FIFTH CAUSE OF ACTION

### Violation of the Clayton Act

### Section 16

### Elements:

Violation of the Clayton Act Section 16 .......................................24

Damages...................................................24

## SIXTH CAUSE OF ACTION

### Elements of the Offense Section 1 of the Sherman Act 15 U.S.C. Section 1

### Elements:

Elements of the Offense Section 1 of the Sherman Act 15 U.S.C. Section 1.................25,26

Damages...............................26

## SEVENTH CAUSE OF ACTION

**Violation of the Sherman Act I**

**Elements:**

Violation of the Sherman Act I…………………………………26

Damages…………………………………………………………27

## EIGHTH CAUSE OF ACTION

**Violation of the Sherman Act II**

**Elements:**

Violation of the Sherman Act II……………………………………27,28

Damages………………………………………………………..28

## NINTH CAUSE OF ACTION

**Violation of the Travel Act 18 U. S. C. Section 1952**

**Elements:**

Violation of the Travel Act 18 U. S. C. Section 1952………………………28-30

Damages…………………………………………………………31.

## TENTH CAUSE OF ACTION

**Violation of the Necessary and Proper Clause**

**Elements:**

Violation of the Necessary and Proper Clause…………………………31

Damages………………………………………………………………………31

3

**ELEVENTH CAUSE OF ACTION 9**

**Violation of Congress Enumerated Powers of the Federal Constitution**

**Elements:**

Violation of Congress Enumerated Powers of the Federal Constitution……………..31-35

Damages…………………………………………………………………35

**TWELFTH CAUSE OF ACTION**

**Violation of the Commerce Clause Article I, Section 8, Clause 3**

**Elements**:

Violation of the Commerce Clause Article I, Section 8, Clause 3………………….35,36

Damages……………………………………………………………………………36.

**THIRTEENTH CAUSE OF ACTION**

**Laundering of monetary instruments 18 U.S.C 1956**

**Elements:**

Laundering of monetary instruments 18 U.S.C 1956…………………………………36-48

Damages…………………………………………………………………49

**FOURTEENTH CAUSE OF ACTION**

**Engaging in monetary transactions in property derived from specified unlawful activity 18 U.S.C 1957**

**Elements:**

Engaging in monetary transactions in property derived from specified unlawful activity 18 U.S.C 1957………………………………………………………………………………49

4

Damages…………………………………………………………49


**FIFTEENTH CAUSE OF ACTION**

**Negligent Supervision**

**Elements:**

Negligent supervision………………….49,50

Damages……………..50

The defendant had a duty to supervise the harming party……....50

Damages……………………………………………50

The defendant negligently supervised the harming party……………50,51

Damages………………………………………..51

Such negligence proximately cause the……………………:……………51

Damages…………………………………………………………………..51


**SIXTEENTH CAUSE OF ACTION**

**Negligent Hiring**

**Elements:**

Negligent Hiring……………………………………………………………51,52

Damages…………………………………52

That the employer owed the injured party (plaintiff) a duty of care…………52

Damages………………………………52

The injury to the plaintiff was reasonably foreseeable……………………………53

Damages………………………………53


**SEVENTEETH CAUSE OF ACTION**

5

**Anti kickback act of 1986**

**Elements:**

Anti kickback act..............................................53-55

Damages...........................................................................55

## EIGHTEENTH CAUSE OF ACTION

### 18 U.S. Code § 1951 - Interference with commerce by threats or violence

**Elements:**

18 U.S. Code § 1951 - Interference with commerce by threats or violence.........55,56

Damages.............................................56

## NINETEETH CAUSE OF ACTION

### Theft or bribery concerning programs receiving Federal funds

### 18 U. S. section 666

**Elements:**

Theft or bribery concerning programs receiving Federal funds

18 U. S. section 666..................................................57-59

Damages......................................59

## TWENTIETH CAUSE OF ACTION

### Hobbs Act 18 USC § 1951

**Elements:**

Hobbs Act 18 USC § 1951.......................................................59,60

Damages..............................................................................60

## TWENTIETH FIRST CAUSE OF ACTION

### Racketeer Influenced and Corrupt Organizations (RICO) statute (18 U.S.C. § 1961) 1961)

**Elements:**

Racketeer Influenced and Corrupt Organizations (RICO) statute (18 U.S.C. § 1961)

1961)............61

Damages................................................61

## TWENTIETH SECOND  CAUSE OF ACTION

### (15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers)

**Elements:**

15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers.........62-70

Damages..................................................................70

## TWENTIETH THIRD  CAUSE OF ACTION

### (15 U.S. Code § 78dd–2 - Prohibited foreign trade practices by issuers)

**Elements:**

15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers.........70-82

Damages..................................................................82

7

## TWENTIETH FOURTH CAUSE OF ACTION

## (15 U.S. Code § 78dd–3 - Prohibited foreign trade practices by issuers)

**Elements:**

15 U.S. Code § 78dd–3 - Prohibited foreign trade practices by issuers…82-89

Damages……………………………………………………………………….89

## TWENTIETH FIFTH CAUSE OF ACTION

**Violation of Civil Rights Act**

**Elements:**

Violation of Civil Rights Act……………………………………89,90

Damage…………………………..90

## TWENTIETH SIXTH CAUSE OF ACTION

**Inclusion Upon Seclusion**

**Elements:**

Inclusion Upon Seclusion……………………………………………….91

Damages…………………………………………………………..91

Intentionally…………………………………………91

Damages…………………………………………………………..92

Intruding…………………………………..92

Damage…………………………………………….92

On the solitude or seclusion of another person, or on their private affairs…………………92

Damages…………………………………………….92

In a manner that would be highly offensive to a reasonable person………………………….93

Damages…………………………………………….93

8

Damages compensatory............................93

Damages....................................................93

**TWENTIETH SEVETH CAUSE OF ACTION**

**False Imprisonment**

**Elements:**

False imprisonment..................................93,94

Damages.........................94

Illegal restraint of a person...................................................94

Damages........................................95

By force or threat of force........................95

Damages................................95

Without the other person's consent( or against their will)........................95

Damages................................95

Proximate cause................................95,96

Damages................................96

Reasonable person...................................................................96

Damages.................................................96

**TWENTIETH EIGHTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**Elements:**

Intentional Infliction of Emotional Distress................................96,97

Damages.........................................97

The defendant must act intentionally or recklessly.................97

Damages............................97

The defendant's conduct must be extreme and outrageous.......................98

Damages............................................98

The conduct must be the cause....................98,99

Damages............................98

Of severe emotional distress.....................................98,99

Damages ..............................99

## TWENTIETH NINTH CAUSE OF ACTION

**Assault and Battery**

**Elements:**

Assault and Battery.............99

An act by a defendant..............................99,100

Damages...............100

An intent to cause harmful or offensive contact on the part of the defendant...........100

Damages..........................................100

Harmful or offensive contact to the victim..................................101

Damages...............................101

Proximate Cause.................................................101

Damages..................................101

## THIRTIETH CAUSE OF ACTION

**Joint and Severally**

**Elements:**

Joint and Severally.................................................................101,102

Damages............................................102

**THIRTIETH ONE CAUSE OF ACTION**

**Enterprise Liabililty**

**Elements:**

Enterprise Liability..............................................102

Damages............................102

the plaintiff must show that he was injured by a product...........103

Damages............................103

that the injury occurred because the product was defective....103

Damages............................103

third, that the defect existed at the time the product left the defendant's hands....104

Damages............................104

**THIRTIETH SECOND CAUSE OF ACTION**

**Sarbanes Oxley Act (SOX) (18 U.S.C. §1514A)**

**Elements:**

Sarbanes Oxley Act (SOX) (18 U.S.C. §1514A)............................104-108

Damages.......................108

**THIRTIETH THIRD CAUSE OF ACTION**

**Electronics Communications Privacy Act of 1986**

**Wiretap Act 18 U.S. Code § 2511 - Interception and disclosure of wire, oral, or electronic communications prohibited.**

**Elements:**


Electronics Communications Privacy Act of 1986

Wiretap Act 18 U.S. Code section 2511-Interception and disclosure of wire, oral, or electronic communications prohibited.................................................................108-119

Damages....................................119

## THIRTIETH FOURTH CAUSE OF ACTION

**Treason U. S. C. 2381**

**Elements**:

Treason..................................................119

Damages..............................................119

## THIRTIETH FIFTH CAUSE OF ACTION

**Acts of Terrorism Transcending National Boundaries**

**18 U. S. C. Code 2332b**

Elements:

Acts of Terrorism Transcending National Boundaries

18 U. S. C. Code 2332b..............................................119-126

Damages.............................................126

## THIRTIETH SIXTH CAUSE OF ACTION

**Respondeat Superior**

**Elements:**

Respondeat Superior.................................................126,127

Damages...............................................127

the agent of the corporation committed the crime.................127

Damages............................................127

While acting within the scope of the agent's authority.................127,128

Damages..........................128

With an intent to benefit the corporation...................128

Damages.................................................128

Duty...................................128,129.

Damages..........................129

Proximate cause...........................................

Damages..............................

## CITATIONS

Assocation of Data Processing Service Organizations, Inc v. Cam 397 U. S. 150 (1970)..........18

Barlow v. Collins, 397 U. S. 159 (1970).............................18

Berman v. Parker, 348 U.S. 26 (1954)......................90

Brown v. Board of Education, 347 U.S. 483 (1954)................90

Burger King Corp v. Ridzewicz 417 U. S. 462 (1985).............................................13

Carpenter v. United States, 267 U. S. 132 .................92

Dixson v. United States, 465 U.S. 482 (1984)..........58

Evans v. United States, 504 U.S. 255, 265, 112 S.Ct. 1181, 1188 (1992).............60

Flast v. Cohen 392 U. S. 83 (1968)................................18

Gibbons v. Ogden (1824).............................31

Hadley v Baxendale [1854] EWHC J70..............................15

Hawkins v. McGee, 84 N.H. 114, 146 A. 641 (N.H. 1929)

Herpich v. Wallace, 430 F. 2 d 792 (5th Cir. 1970)....................18

Herring v. Boyle  1 Cr. M. & R. 377, 149 Eng. Rep. 1126 (Ex. 1834)...........90

Hoffman v. Clinic Hospital, Inc., 213 N.C. 669, 197 S.E. 161 (1938)...................90

International Shoe Co. v. Washington, 326 U. S. 310 (1945)...........................................13

Katz v. United States, 389 U.S. 347 (1967)............................90

Kent v. Dulles, 357 U.S. 116 (1958)..................................90

Lucy v. Zehmer, 196 Va. 493; 84 S.E.2d 516 (1954)....................15

McCulloch v. Maryland (1819).......................................30

McGee v. International Life Insurance Co. 355 U. S. 220 (1957)................... 13

Perkins v. Benguet Mining Co., 342 U. S. 437 (1952)......................13

Perrin v. United States, 444 U.S. 37 (1979)..............................................29

13

Rivera v. State of New York, 34 NY 3d 383 (2019)........................62

Reitmeister v. Reitmeister 162 F. 691, 694 (2d Cir. 1947)...................18

S.P.R.L. v. Imrex Co., Inc.,473 U.S. 479, 495 (1985)..................62

Standard Oil Co. of California v. United States, 337 U.S. 293 (1949).............22

Standard Oil Co. of New Jersey v. United States, 221 U.S. 1 (1911)...............26.

Texas & Pacific Railway Co. v. Ringsby 241 U. S. 33 (1916).........18

Philadelphia Electric Co. v. Anaconda American Brass Co., 47 F.R.D. 557 (E.D.Pa.1969).......22

SEC v. WorldCom Inc. 452 F. Supp. 2d 531 (S.D.N.Y. 2006)..........108

United States v. American Tobacco Company, 221 U. S. 106 (1911)............21

United States v. AT&T 552 F. Supp. 131 (D. D. C 1982)..................21,25

United States v. Culbert, 435 U.S. 371, 98 S.Ct. 1112 (1978)..................60

United States v. Guest, 383 U.S. 745 (1966)............................90

United States v. Jones, 565 U.S. 400 (2012)…………………………..18,90

United States ex rel. Moilan v. McAllen Hospitals, L.P., et al., Case No. M-05-CV-263 S.D. Tex.2009..........................54

United States v. National Lead Co. 332 U.S. 319 (1947)...............18

United States v. Nardello, 393 U. S. 286.....................................27

United States v. Philip Morris USA, Inc., 566 F.3d 1095, 1118 (D.C. Cir. 2009)........62

United States v. Philadelphia National Bank, 374 U.S. 321 (1963)..................22

United States v. Pomponio 511 F.2d 953 (4th Cir. 1975).........27

United States v. Von's Grocery Co., 384 U.S. 270 (1966)......................22

Verizon v. Trinko, 540 U.S. 398 (2004)......................26

Wickard v. Filburn, 317 U.S. 111 (1942).....................................31

Willis v. Willis, 776 S.E. 2d 364...........................................13

1

Andre Antonio Davis

P.O. Box 551329

GASTONIA, NC 28054

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Andre Antonio Davis | ) | Case No: |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | COMPLAINT FOR VIOLATION |
| ALPHABET | ) | OF |
| GOOGLE LLC | ) | CIVIL AND CONSTITUTIONAL |
| & | ) | |
| | ) | RIGHTS |
| Shareholders | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Defendant | | |

## JURISDICTION

1. This is a civil action brought for violations First, Second, Fourth ,Fifth, Ninth,

Thirteenth and Fourteenth Amendments to the United States Constitution Section 15 U.S.C.

Section 45 (a) 1 Section(s)1,2, and 15 .. The jurisdiction of this Court is founded upon Sections

28 U. S. C. 1331, 1332 (a), (1), 1391 and Sections 1651, 2201 and 2202. See[1][2][3][4][5]

[1] Burger King Corp v. Ridzewicz 417 U. S. 462 (1985)

[2] International Shoe Co. v. Washington, 326 U. S. 310 (1945) [3] McGee v. International

Life Insurance Co. 355 U. S. 220 (1957)

[4] Perkins v. Benguet Mining Co., 342 U. S. 437 (1952).

[5] Willis v. Willis, 776 S.E. 2d 364.

## PARTIES

2.    At all relevant times, Plaintiff was a citizen of the United States and a Honorable discharged Veteran that served in the U. S. Marine Corps. during the Gulf War Era and resident of Gastonia, North Carolina.

3.    The Defendant(s) GOOGLE LLC. and Shareholders is a worldwide tech and software company operating in the State of North Carolina.

4.    Defendants Executive Officer are Sundar Pichai Alan R Mulally and shareholders

## FACTS

5.    The Defendant. and Shareholders is liable for breach of contract, discrimination, fraud, false imprisonment, harassment by algorithm,  and conspiring with a company called Infragard conspiring to receive bribes and kickbacks and money laundering when both companies colluded in tracking Mr. Davis on his computer and assisting Infragard in investigation against including hacking home computer in order to gather monitor and reconfigure software to aide Infragard to in the tracking of Mr. Davis using its software and Google Maps to pinpoint Mr. Davis location in his vehicle and to give the advantage to agents to be setup prior to going to this locations using Google Maps .  Google software is used to track Mr. Davis location on the net event when he brought a expense VPN to hide his location Google hack the location and was able to track via their software. Google used frequent racist algorithms and bullying algorithms to mentally and psychological induce a person to feel a certain way emotionally.  Holding Mr. Davis in a virtual

Holding Mr. Davis in a virtual reality electronic prison a technology prison of control and manipulation and other deprivations of the mental for the gaslighting used constantly tracking Mr. Davis ip address and the data within and sharing amounts Infragard agents others in a worldwide money laundering stealing from the US treasury and illegal monitoring and imprisonment and Microsoft and shareholders was the main hub to the cartel spokes that made this illegal operation operational.24 hours a day seven days a week. LK GOOGLE LLC is liable of violation of Mr. Davis civil and constitutional rights.

6. At all times, relevant and material to this complaint, all the Defendants were acting under the color of state law.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

7. Plaintiff reallege and incorporate by reference all of the preceding paragraphs

8. Defendant intended to commit breach of contract. [1][2][3] Breach of Contract is a legal cause of action and a type of civil wrong, in which a binding agreement or bargained-for exchange is not honored by one or more of the parties to the contract by non-performance or interference with the other party's performance. Breach occurs when a party to a contract fails to fulfill its obligation(s), whether partially or wholly, as described in the contract, or communicates an intent to fail the obligation or otherwise appears not to be able to perform its obligation under the contract. Where there is breach of contract, the resulting damages will have to be paid by the party breaching the contract to the aggrieved party. Defendant GOOGLE LLC. and Shareholders breach of contract was intentionally tracking on Mr. Davis IP on the computer and within the cellphone in order to conduct a search and to share that information with thousands of other to

surround Mr. Davis and assault and harass him by gaslighting resulting in damages and injury. Therefore, defendants GOOGLE LLC and Shareholders is liable for breach of contract.

[1] Hadley v Baxendale [1854] EWHC J70 [2] Hawkins v. McGee, 84 N.H. 114, 146 A. 641 (N.H. 1929)

[3] Lucy v. Zehmer, 196 Va. 493; 84 S.E.2d 516 (1954).

9.  Defendant owe damages in an amount greater than 75,000 for plaintiff injury.  Defendants are liable for damages.

10.  Defendants GOOGLE LLC. and Shareholders to commit valid contract.  Valid contract is a written or expressed agreement between two parties to provide a product or service. Defendants GOOGLE LLC. and Shareholders valid contract was Mr. Davis paid to use Google program in a responsible manner and Google promised to provide a service in which they reneged on their end of the contract which is a violation of the agreement that caused damages and injury to Mr. Davis.  Therefore, defendant GOOGLE LLC. and Shareholders is liable for valid contract.

11.  Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

12.  Defendants GOOGLE LLC and Shareholders intended to commit a breach.  A breach is failure to perform a contract (breaking its terms). Defendants GOOGLE LLC and Shareholders breach was using its google software as a spyware and a transponder to aid in a illegal investigation against Davis that caused damage and  injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of a breach.

13. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

14. Defendants GOOGLE LLC and Shareholders intended to commit proximate cause. Proximate cause is legal cause," or one that the law recognizes as the primary cause of the injury. Defendants GOOGLE LLC and Shareholders proximate cause was to intentional manipulate data to be used to track and triangulate Mr. Davis location and using the data to share amongst persons without Mr. Davis constant causing damages to Mr. Davis and injury. Therefore, defendants Microsoft Inc. and Shareholders is liable of proximate cause.

15. Damages owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

16. Defendants GOOGLE LLC and Shareholders intended to commit a damages. Damages is Damages refers to the sum of money the law imposes for a breach of some duty or violation of some right. Compensatory damages, like the name suggests, are intended to compensate the injured party for loss or injury. Defendants damages was breaching the contract terms and use of its Google Maps and Google browers to that was a violation of Mr. Davis rights and that caused damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC. and Shareholders is liable for damages.

17. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

## SECOND CAUSE OF ACTION
### (Violation of the Federal Trade Commission Act)
### (USC 15 Section 45)
### (Section 5)

18. Plaintiff reallege and incorporate by reference all of the preceding paragraphs

19. Defendants GOOGLE LLC and Shareholders intended to commit Violation of the Federal Trade Commission Act. See [1][2][3][4][5][6][7] Violation of the Federal Trade Commission Act Section 5(a) of the Federal Trade Commission Act (FTC Act) (15 USC §45) prohibits "unfair or deceptive acts or practices in or affecting commerce." This prohibition applies to all persons engaged in commerce, including banks. The legal standards for unfairness and deception are independent of each other. Defendants GOOGLE LLC and Shareholders Violation of the Federal Trade Act was to perform unfair or deceptive acts of giving away Mr. Davis information usage and location while using the Google software and aiding Infragard to inflict damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable for Violation of the Federal Trade Commission Act.

[1] United States v. National Lead Co. 332 U.S. 319 (1947)

[2] Flast v. Cohen 392 U. S. 83 (1968)

[3] Assocation of Data Processing Service Organizations, Inc v. Cam 397 U. S. 150 (1970)

[4] Barlow v. Collins, 397 U. S. 159 (1970)

[5] Herpich v. Wallace, 430 F. 2 d 792 (5th Cir. 1970)

[6] Texas & Pacific Railway Co. v. Ringsby 241 U. S. 33 (1916)

[7] Reitmeister v. Reitmeister 162 F. 691, 694 (2d Cir. 1947)

[8] United States v. Jones, 565 U.S. 400 (2012)

20. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

21. Defendants GOOGLE LLC. and Shareholders intended to commit the representation, omission, or practice must mislead or be likely to mislead the consumer. The representation, omission, or practice must mislead or be likely to mislead the consumer is A misrepresentation is an express or implied statement contrary to fact. A misleading omission occurs when qualifying information necessary to prevent a practice, claim, representation, or reasonable expectation or belief from being misleading is not disclosed. Defendants the representation, omission, or practice must mislead was Mr. Davis was lead to believe that Google was not taking your information and using it for an illegal means is totally untrue and it mislead Mr. Davis and omitted its true intentions. Therefore, defendants GOOGLE LLC and Shareholders is liable of the representation, omission, or practice must mislead or be likely to mislead the consumer.

22. Damages owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

23. Defendants GOOGLE LLC and Shareholders intended to commit the consumer's interpretation of the representation, omission, or practice must be reasonable under the circumstances. The consumer's interpretation of the representation, omission, or practice must be reasonable under the circumstances is The test is whether the consumer's expectations or interpretation are reasonable in light of the claims made. Defendants GOOGLE LLC and Shareholders omission is reasonable that it is a legal wrong to misrepresent customers outside of what was promised and Google did so by using its software as spy wear instead of a browers and a map locator that resulte in injury and damages to Mr. Davis. Therefore, GOOGLE LLC. and Shareholders is liable of The consumer's interpretation of the representation, omission, or practice must be reasonable under the circumstances.

24. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

25. Defendants GOOGLE LLC and Shareholders intended to commit The misleading representation, omission, or practice must be material. The misleading representation, omission, or practice must be material is one for deception to occur which is likely to affect a consumer's choice of or conduct regarding a product. In other words, it is information that is important to consumers. Defendants GOOGLE LLC. and Shareholders The misleading representation, omission, or practice must be material was material it was how false and convincing that you believe you was buying a browers and using a map for directions and omitted that it was watching you and tracking you to and sharing that information with other parties. Therefore, defendants GOOGLE LLC and Shareholders is liable of the misleading representation, omission, or practice must be material.

26. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

## THIRD CAUSE OF ACTION
### (Violation of Clayton Act 4)

27. Plaintiff reallege and incorporate by reference all of the preceding paragraphs

28. Defendants GOOGLE LLC and Shareholders intended to commit Violation of Clayton Act 4[1][2][3]. Violation of Clayton Act 4 is a piece of legislation passed by the U.S. Congress in 1914. The act defines unethical business practices, such as price-fixing and monopolies, and upholds various rights of labor. Defendants GOOGLE LLC. and Shareholders Violation of the Clayton Act 4 was the illegal formation or attempted illegal formation of a monoply in order to get kickbacks and bribes with government contractor Infragard and other

well known companies running a cartel styled operation to undermine and steal from the US

Treasure is illegal and resulted in Mr. Davis damages and injury. Therefore, defendants

Microsoft Inc. and Shareholders Violation of the Clayton Act 4.

[1] Standard Oil Co. of California v. United States, 337 U.S. 293 (1949)

[2] United States v. AT&T 552 F. Supp. 131 (D. D. C 1982)

[3] United States v. American Tobacco Company, 221 U. S. 106 (1911).

29.    Defendants owe trebles damages three times the amount for plaintiff injury. Defendants

are liable for damages.

### FOURTH CAUSE OF ACTION

### (Violation of Clayton Act 7)

30.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

31.    Defendants GOOGLE LLC and Shareholders intended to commit Violation of Clayton

Act 7. See [1][2][3] Violation of Clayton Act 7 is prohibits mergers and acquisitions where the

effect "may be substantially to lessen competition, or to tend to create a monopoly." As amended

by the Robinson-Patman Act of 1936, the Clayton Act also bans certain discriminatory prices,

services, and allowances in dealings between merchants. Defendants GOOGLE LLC and

Shareholders Violation of the Clayton Act 7 was Microsoft and Shareholders to strategized a

monumental illegal effort and to coordinated with businesses intrastate, interstate, and

worldwide to form monopolies undermining US commerce take from Mr. Davis and the US

government resulted in damages and Mr. Davis injury. Therefore, defendants GOOGLE LLC

and Shareholders is liable of Violation of Clayton Act 7.

[1] United States v. Philadelphia National Bank, 374 U.S. 321 (1963)

[2] United States v. Von's Grocery Co., 384 U.S. 270 (1966)

[3] Philadelphia Electric Co. v. Anaconda American Brass Co., 47 F.R.D. 557 (E.D.Pa.1969)

32.  Defendants owe trebles for three times the amount for plaintiff injury.  Defendants are liable for damages

## FIFTH CAUSE OF ACTION
### (Violation of the Clayton Act 16)

33.  Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

34.  Defendant Microsoft Inc. and Shareholders intended to commit Violation of Clayton Act Violation of the Clayton Act 16 is 5 U.S.C.S. § 26, authorizes "any person, firm, corporation, or association" to seek injunctive relief against threatened loss or damage by a violation of the antitrust laws. ... The Federal Trade Commission may seek a temporary injunction under the All Writs Act, 28 U.S.C.S. Defendants  GOOGLE LLC and Shareholders Violation of the Clayton Act 16 was to owe Mr. Davis injunctive relief for loss or damage by the violation of antitrust laws for intentional restraint of commerce and unfair trade practices violation of civil rights from the unfair treatment Mr. Davis was subjected to antitrust violation and received loss due to Google illegal use and unfair practices resulting in injury and damages to Mr. Davis.  Therefore, defendants GOOGLE LLC and Shareholders  is liable for Violation of the Clayton Act 16.

35.  Damages owe trebles for three times the amount for plaintiff injury.  Defendants are liable for damages.

## SIXTH CAUSE OF ACTION

### (Elements of the Offense Section 1 of the Sherman Act 15 U.S.C. Section 1)

36.     Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

37.     Defendants GOOGLE LLC. and Shareholders intended to commit Elements of the Offense Section 1 of the Sherman Act 15 U.S.C. Section 1. Elements of the Offense Section 1 of the Sherman Act 15 U.S.C. Section 1 is Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal

Including:

To establish a criminal violation of Section 1 of the Sherman Act (15 U.S.C. § 1), the government must prove three essential elements:

A. The charged conspiracy was knowingly formed and was in existence at or about the time alleged;

B. The defendant knowingly joined the charged conspiracy; and

C. The charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce.

Defendants GOOGLE LLC and Shareholders Elements of the Offense Section 1 of the Sherman Act U.S.C. Section 1 was a (A) knowing joined and charged conspiracy was which both The Infragard and other companies and a high tech matrix colluded to restrain commerce by using their software program as a spy tool cause mental and psychological (B) both knowingly joined the charged conspiracy to receive kickback money and money laundering worldwide operation

25

(C). The charged conspiracy either substantially affected intrastate, interstate and foreign commerce or occurred within the flow of interstate or foreign commerce was an affective tool for interfering with commerce and it prejudice customers and harass them not allowing freedoms and enjoyments within commerce resulted in damages and Mr. Davis injury . Therefore, defendants GOOGLE LLC and Shareholders is liable for Elements of the Offense Section 1 of the Sherman Act 15 U.S.C. Section 1.

38.    Defendants owe trebles for three times the amount for plaintiff injury. Defendants are liable for damages.

## SEVENTH CAUSE OF ACTION
### (Violation of the Sherman Act I)

39.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

40.    Defendants GOOGLE LLC and Shareholders intended to commit Violation of the Sherman Act I. See [1] Violation of the Sherman Act I is Only "unreasonable" restraint of trade through acquisitions, mergers, exclusionary tactics, and predatory pricing constitute a violation of the Sherman Act. This interpretation allowed large firms considerably more latitude. Defendant GOOGLE LLC was the illegal mergers of many companies on the horizontal worldwide in a cartel mafia with vast diverse personnel and businesses even government in which they hide the money in cryto currencies and other ways to clean the illegal money laundering money that resulted in Mr. Davis damages and injury. Therefore, defendants GOOGLE LLC and Shareholders is liable for Violation of the Sherman Act I.

[1] United States v. AT&T 552 F. Supp. 131 (D. D.C 1982.

41.     Defendants owe trebles for three times the amount for plaintiff injury.  Defendants are liable for damages.

## EIGHTH CAUSE OF ACTION
### (Violation of the Sherman Act II)

42.     Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

43.     Defendants GOOGLE LLC  and Shareholders intended to commit Violation of the Sherman Act II. See [1][2]  Violation of the Sherman Act II makes it illegal to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations."1 The text of this prohibition has not changed since it was enacted in 1890.  Defendants GOOGLE LLC and Shareholders Violation of the Sherman Act was the illegal formation via its software program in which many companies use including the Infragard  and Microsoft and many others businesses is linked into GOOGLE already so just attaching the tracker to the IP makes it easier to be follow by other persons already link in  because GOOGLE is used worldwide and this advantage was use to trap and harass and gaslight a extreme form of harassment was used to attack and know where Mr. Davis was going even before he arrived do to google maps remotely showing agents premeditatedly to be ready to attack and stalk to receive kickbacks, bribes and money laundering around the world carried by satellite wire, radio, digital cloud  commercial airlines and satellites to persons and offshore accounts and wireless payments across the country all held up  by GOOGLES popular software which has monopolized the world resulted in damages and injury to Mr. Davis.  Therefore, defendants GOOGLE LLC and Shareholders is liable of Violation of the Sherman Act II.

[1] Verizon v. Trinko, 540 U.S. 398 (2004)

[2] Standard Oil Co. of New Jersey v. United States, 221 U.S. 1 (1911)

Standard Oil was dismantled into geographical entities given its size, and that it was too much of a monoply.

44.    Defendants owe trebles for three times the amount for plaintiff injury. Defendants are liable for damages.

## NINTH CAUSE OF ACTION
### ( Violation of the Travel Act 18 U. S. C. Section 1952)

45.    Plaintiff realleage and incorporate by reference all of the preceding paragraphs.

46.    Defendants GOOGLE LLC  and Shareholders intended to commit Travel Act. See [1][2][3]  Travel Act is one of several federal laws that criminalize business activities that are illegal at the state level. Specifically, the Travel Act makes it a federal offense to travel from state to state (or internationally) with the intent to promote or facilitate an unlawful activity including other elements including:

1)

A. travels in interstate or foreign commerce, or

B. uses any facility in interstate or foreign commerce, or

C. uses the mail

2. with intent:

A. to distribute the proceeds of an unlawful activity, i.e., i. any business enterprise involving unlawful activities gambling, moonshining, drug dealing, or prostitution; or ii. extortion, bribery, or arson; or iii. any act which is indictable as money laundering; or

B. commit an act of violence to further an unlawful activity; or

C. to otherwise

i. promote,

ii. manage,

iii. establish,

iv. carry on, or

v. facilitate the promotion, management, establishment, or carrying on

any unlawful activity; and

3. thereafter

A. distributes or attempts to distribute such proceeds, or

B. commits or attempts to commit such act of violence, or

C. promotes, manages, establishes, carries on, or facilitates the promotion, management, establishment, or carrying on such unlawful activities or attempts to do so.

Defendants GOOGLE LLC and Shareholders violation of the Travel Act was taking and violating Mr. Davis privacy and sharing and tracking his Ip across interstate and worldwide lines. Therefore, defendants GOOGLE LLC and Shareholders is liable for the Violation of the Travel Act.

[1] United States v. Pomponio 511 F.2d 953 (4th Cir. 1975)

[2] Perrin v. United States, 444 U.S. 37 (1979)

[3] United States v. Nardello, 393 U. S. 286

47.    Defendant owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## TENTH CAUSE OF ACTION

### (Violation of the Necessary and Proper Clause)

48.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

49.    Defendants  Microsoft Inc. and Shareholders intended to commit Violation of the Necessary and Proper Clause. See [1] Violation of the Necessary and Proper Clause is The Congress shall have Power. To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.  Defendant GOOGLE LLC  and Shareholders used its position and large influence due to the companies creating software to increase productions in a wide area of many industry used that position to undermine congreassional powers and statues made by congress to make their own laws and violate the rights of others resulted in damages and Mr. Davis injury. Therefore, defendants GOOGLE LLC and Shareholders is  liable of Violation of the Necessary and Proper Clause.

[1] McCulloch v. Maryland (1819)

50.    Defendants owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## ELEVENTH CAUSE OF ACTION
### (Violation of Congress Enumerated Powers of the Federal Constitution)
#### ( Article I, Section 8 of the United States Constitution)

51.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

52.   Defendants GOOGLE LLC. and Shareholders  intended to commit Violation of Congress Enumerated Powers of the Federal Constitution. See [1] Violation of Congress Enumerated Powers of the Federal Constitution is the enumerated powers (also called expressed powers, explicit powers or delegated powers) of the United States Congress are the powers granted to the federal government of the United States. Most of these powers are listed in Article I, Section 8 of the United States Constitution and is:

1)   The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States;


2)   To borrow on the credit of the United States;


3)  To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;


4)  To establish a uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States;


5)  To coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures;

6) To provide for the Punishment of counterfeiting the Securities and current Coin of the United States;

7) To establish Post Offices and Post Roads;

8) To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries;

9) To constitute Tribunals inferior to the supreme Court;

10) To define and punish Piracies and Felonies committed on the high Seas, and Offenses against the Law of Nations;

11) To declare War, grant Letters of Marque and Reprisal, and make Rules concerning Captures on Land and Water;

12) To raise and support Armies, but no Appropriation of Money to that Use shall be for a longer Term than two Years;

13) To provide and maintain a Navy;

14) To make Rules for the Government and Regulation of the land and naval Forces;

15) To provide for calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions;

16) To provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may be employed in the Service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress;

17) To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings; And

18)  To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.

Defendants  violation rule(1), (2) and (18) carry out Powers vested by the Constitution and knowingly participating in bribery and kickbacks and money making rules and laws undermining Powers of the Constitution and the rule making of Congress  laundering money and not paying taxes on such monies  while  violating Mr. Davis rights regulating its own quasi-commerce operation resulted in damage and injury to Mr. Davis.  Therefore, defendant Microsoft Inc. and Shareholders   is liable of Violation of Congress Enumerated Powers of the Federal Constitution.

[1] Gibbons v. Ogden (1824).

53.    Defendants owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## TWELFTH CAUSE OF ACTION
### (Violation of the Commerce Clause Article I, Section 8, Clause 3)

54.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

55.    Defendants  GOOGLE LLC and Shareholders intended to commit Violation of the Commerce Clause. Violation of the Commerce Clause is Constitution that empowers Congress to regulate interstate commerce and commerce with foreign countries and that forms the constitutional basis for much federal regulation and to violate it violate the empowered position of Congress whom regulate it. [1] Defendants  GOOGLE LLC and Shareholders   Violation of the Commerce Clause was the undermining and taking over the empowered position of Congress to make laws was a total violation of the law resulted in damage and injury to Mr. Davis.

Therefore, defendants GOOGLE LLC and Shareholders liable of Violation of the Commerce Clause.

[1] Wickard v. Filburn, 317 U.S. 111 (1942).

56.     Defendants owe in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## THIRTEENTH CAUSE OF ACTION

### ( Laundering of monetary instruments 18 U.S.C 1956)

57.     Plaintiff realleage and incorporate by reference all of the preceding paragraphs.

58.     Defendants GOOGLE LLC and Shareholders intended to commit laundering of monetary instruments. Laundering of monetary instruments is

(a)

(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(A)

(i) with the intent to promote the carrying on of specified unlawful activity; or

(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(ii) to avoid a transaction reporting requirement under State or Federal law,

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

(2) Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States—

(A) with the intent to promote the carrying on of specified unlawful activity; or

(B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(ii) to avoid a transaction reporting requirement under State or Federal law,

shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense

37

described in subparagraph (B), the defendant's knowledge may be established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true.

(3) Whoever, with the intent—

(A) to promote the carrying on of specified unlawful activity;

(B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or

(C) to avoid a transaction reporting requirement under State or Federal law,

conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both. For purposes of this paragraph and paragraph (2), the term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this section.

(b) Penalties.—

(1) In general.—Whoever conducts or attempts to conduct a transaction described in subsection (a)(1) or (a)(3), or section 1957, or a transportation, transmission, or transfer described in subsection (a)(2), is liable to the United States for a civil penalty of not more than the greater of—

(A) the value of the property, funds, or monetary instruments involved in the transaction; or

(B) $10,000.

(2) Jurisdiction over foreign persons.—For purposes of adjudicating an action filed or enforcing a penalty ordered under this section, the district courts shall have jurisdiction over any foreign person, including any financial institution authorized under the laws of a foreign country, against whom the action is brought, if service of process upon the foreign person is made under the Federal Rules of Civil Procedure or the laws of the country in which the foreign person is found, and—

(A) the foreign person commits an offense under subsection (a) involving a financial transaction that occurs in whole or in part in the United States;

(B) the foreign person converts, to his or her own use, property in which the United States has an ownership interest by virtue of the entry of an order of forfeiture by a court of the United States; or

(C) the foreign person is a financial institution that maintains a bank account at a financial institution in the United States.

(3) Court authority over assets.—

A court may issue a pretrial restraining order or take any other action necessary to ensure that any bank account or other property held by the defendant in the United States is available to satisfy a judgment under this section.

(4) Federal receiver.—

(A) In general.—

A court may appoint a Federal Receiver, in accordance with subparagraph (B) of this paragraph, to collect, marshal, and take custody, control, and possession of all assets of the defendant, wherever located, to satisfy a civil judgment under this subsection, a forfeiture judgment under section 981 or 982, or a criminal sentence under section 1957 or subsection (a) of this section, including an order of restitution to any victim of a specified unlawful activity.

(B) Appointment and authority.—A Federal Receiver described in subparagraph (A)—

(i) may be appointed upon application of a Federal prosecutor or a Federal or State regulator, by the court having jurisdiction over the defendant in the case;

(ii) shall be an officer of the court, and the powers of the Federal Receiver shall include the powers set out in section 754 of title 28, United States Code; and

(iii) shall have standing equivalent to that of a Federal prosecutor for the purpose of submitting requests to obtain information regarding the assets of the defendant—

(I) from the Financial Crimes Enforcement Network of the Department of the Treasury; or

(II) from a foreign country pursuant to a mutual legal assistance treaty, multilateral agreement, or other arrangement for international law enforcement assistance, provided that such requests are in accordance with the policies and procedures of the Attorney General.

(c) As used in this section—

(1) the term "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of

activity that constitutes a felony under State, Federal, or foreign law, regardless of whether or not such activity is specified in paragraph (7);

(2) the term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction;

(3) the term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected;

(4) the term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

(5) the term "monetary instruments" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery;

(6) the term "financial institution" includes—

(A) any financial institution, as defined in section 5312(a)(2) of title 31, United States Code, or the regulations promulgated thereunder; and

(B) any foreign bank, as defined in section 1 of the International Banking Act of 1978 (12 U.S.C. 3101);

(7) the term "specified unlawful activity" means—

(A) any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31;

(B) with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving—

(i) the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act);

(ii) murder, kidnapping, robbery, extortion, destruction of property by means of explosive or fire, or a crime of violence (as defined in section 16);

(iii) fraud, or any scheme or attempt to defraud, by or against a foreign bank (as defined in paragraph 7 of section 1(b) of the International Banking Act of 1978)); [1]

(iv) bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official;

(v) smuggling or export control violations involving—

(I) an item controlled on the United States Munitions List established under section 38 of the Arms Export Control Act (22 U.S.C. 2778); or

(II) an item controlled under regulations under the Export Administration Regulations (15 C.F.R. Parts 730–774);

(vi) an offense with respect to which the United States would be obligated by a multilateral treaty, either to extradite the alleged offender or to submit the case for prosecution, if the offender were found within the territory of the United States; or

(vii) trafficking in persons, selling or buying of children, sexual exploitation of children, or transporting, recruiting or harboring a person, including a child, for commercial sex acts;

(C) any act or acts constituting a continuing criminal enterprise, as that term is defined in section 408 of the Controlled Substances Act (21 U.S.C. 848);

(D) an offense under section 32 (relating to the destruction of aircraft), section 37 (relating to violence at international airports), section 115 (relating to influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member), section 152 (relating to concealment of assets; false oaths and claims; bribery), section 175c (relating to the variola virus), section 215 (relating to commissions or gifts for procuring loans), section 351 (relating to congressional or Cabinet officer assassination), any of sections 500 through 503 (relating to certain counterfeiting offenses), section 513 (relating to securities of States and private entities), section 541 (relating to goods falsely classified), section 542 (relating to entry of goods by means of false statements), section 545 (relating to smuggling goods into the United States), section 549 (relating to removing goods from Customs custody), section 554 (relating to smuggling goods from the United States), section 555 (relating to border tunnels), section 641 (relating to public money, property, or records), section 656 (relating to theft, embezzlement, or misapplication by bank officer or employee), section 657 (relating to lending, credit, and insurance institutions),

43

section 658 (relating to property mortgaged or pledged to farm credit agencies), section 666 (relating to theft or bribery concerning programs receiving Federal funds), section 793, 794, or 798 (relating to espionage), section 831 (relating to prohibited transactions involving nuclear materials), section 844(f) or (i) (relating to destruction by explosives or fire of Government property or property affecting interstate or foreign commerce), section 875 (relating to interstate communications), section 922(l) (relating to the unlawful importation of firearms), section 924(n) (relating to firearms trafficking), section 956 (relating to conspiracy to kill, kidnap, maim, or injure certain property in a foreign country), section 1005 (relating to fraudulent bank entries), 1006 [2] (relating to fraudulent Federal credit institution entries), 1007 [2] (relating to Federal Deposit Insurance transactions), 1014 [2] (relating to fraudulent loan or credit applications), section 1030 (relating to computer fraud and abuse), 1032 [2] (relating to concealment of assets from conservator, receiver, or liquidating agent of financial institution), section 1111 (relating to murder), section 1114 (relating to murder of United States law enforcement officials), section 1116 (relating to murder of foreign officials, official guests, or internationally protected persons), section 1201 (relating to kidnaping), section 1203 (relating to hostage taking), section 1361 (relating to willful injury of Government property), section 1363 (relating to destruction of property within the special maritime and territorial jurisdiction), section 1708 (theft from the mail), section 1751 (relating to Presidential assassination), section 2113 or 2114 (relating to bank and postal robbery and theft), section 2252A (relating to child pornography) where the child pornography contains a visual depiction of an actual minor engaging in sexually explicit conduct, section 2260 (production of certain child pornography for importation into the United States), section 2280 (relating to violence against maritime navigation), section 2281 (relating to violence against maritime fixed platforms), section 2319 (relating to copyright infringement),

section 2320 (relating to trafficking in counterfeit goods and services), section 2332 (relating to terrorist acts abroad against United States nationals), section 2332a (relating to use of weapons of mass destruction), section 2332b (relating to international terrorist acts transcending national boundaries), section 2332g (relating to missile systems designed to destroy aircraft), section 2332h (relating to radiological dispersal devices), section 2339A or 2339B (relating to providing material support to terrorists), section 2339C (relating to financing of terrorism), or section 2339D (relating to receiving military-type training from a foreign terrorist organization) of this title, section 46502 of title 49, United States Code, a felony violation of the Chemical Diversion and Trafficking Act of 1988 (relating to precursor and essential chemicals), section 590 of the Tariff Act of 1930 (19 U.S.C. 1590) (relating to aviation smuggling), section 422 of the Controlled Substances Act (relating to transportation of drug paraphernalia), section 38(c) (relating to criminal violations) of the Arms Export Control Act, section 11 [3] (relating to violations) of the Export Administration Act of 1979, section 206 (relating to penalties) of the International Emergency Economic Powers Act, section 16 (relating to offenses and punishment) of the Trading with the Enemy Act, any felony violation of section 15 of the Food and Nutrition Act of 2008 (relating to supplemental nutrition assistance program benefits fraud) involving a quantity of benefits having a value of not less than $5,000, any violation of section 543(a)(1) of the Housing Act of 1949 (relating to equity skimming), any felony violation of the Foreign Agents Registration Act of 1938, any felony violation of the Foreign Corrupt Practices Act, section 92 of the Atomic Energy Act of 1954 (42 U.S.C. 2122) (relating to prohibitions governing atomic weapons), or section 104(a) of the North Korea Sanctions Enforcement Act of 2016 [3] (relating to prohibited activities with respect to North Korea);

environmental crimes

(E) a felony violation of the Federal Water Pollution Control Act (33 U.S.C. 1251 et seq.), the Ocean Dumping Act (33 U.S.C. 1401 et seq.), the Act to Prevent Pollution from Ships (33 U.S.C. 1901 et seq.), the Safe Drinking Water Act (42 U.S.C. 300f et seq.), or the Resources Conservation and Recovery Act (42 U.S.C. 6901 et seq.);

(F) any act or activity constituting an offense involving a Federal health care offense; or

(G) any act that is a criminal violation of subparagraph (A), (B), (C), (D), (E), or (F) of paragraph (1) of section 9(a) of the Endangered Species Act of 1973 (16 U.S.C. 1538(a)(1)), section 2203 of the African Elephant Conservation Act (16 U.S.C. 4223), or section 7(a) of the Rhinoceros and Tiger Conservation Act of 1994 (16 U.S.C. 5305a(a)), if the endangered or threatened species of fish or wildlife, products, items, or substances involved in the violation and relevant conduct, as applicable, have a total value of more than $10,000;

(8) the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States; and

(9) the term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

(d) Nothing in this section shall supersede any provision of Federal, State, or other law imposing criminal penalties or affording civil remedies in addition to those provided for in this section.

(e) Violations of this section may be investigated by such components of the Department of Justice as the Attorney General may direct, and by such components of the Department of the Treasury as the Secretary of the Treasury may direct, as appropriate, and, with respect to offenses over which the Department of Homeland Security has jurisdiction, by such components of the Department of Homeland Security as the Secretary of Homeland Security may direct, and,

with respect to offenses over which the United States Postal Service has jurisdiction, by the Postal Service. Such authority of the Secretary of the Treasury, the Secretary of Homeland Security, and the Postal Service shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury, the Secretary of Homeland Security, the Postal Service, and the Attorney General. Violations of this section involving offenses described in paragraph (c)(7)(E) may be investigated by such components of the Department of Justice as the Attorney General may direct, and the National Enforcement Investigations Center of the Environmental Protection Agency.

(f) There is extraterritorial jurisdiction over the conduct prohibited by this section if—

(1) the conduct is by a United States citizen or, in the case of a non-United States citizen, the conduct occurs in part in the United States; and

(2) the transaction or series of related transactions involves funds or monetary instruments of a value exceeding $10,000.

(g) Notice of Conviction of Financial Institutions.—

If any financial institution or any officer, director, or employee of any financial institution has been found guilty of an offense under this section, section 1957 or 1960 of this title, or section 5322 or 5324 of title 31, the Attorney General shall provide written notice of such fact to the appropriate regulatory agency for the financial institution.

(h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

47

(i) Venue.—

(1) Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in—

(A) any district in which the financial or monetary transaction is conducted; or

(B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

(2) A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.

(3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

Defendants GOOGLE LLC and Shareholders using its software and technologies gave life to this illegal operation was a part of a mulita district money laundering scheme to be involved in illegal money laundering and kickback schemes with the ultimate goal to take from the government through wire across interstate lines to take from the US government clean the monies overseas and reinvest the money around the world a using Mr. Davis and others in similar situations as stepping stones to their ultimate plan resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of Laundering of monetary instruments.

48

59.    Defendants owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## FOURTEENTH CAUSE OF ACTION

## ( Engaging in monetary transactions in property derived from specified unlawful activity) (18 U.S.C 1957)

60.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

61.    Defendants  GOOGLE LLC  and Shareholders intended to commit engaging in monetary transactions in property derived from specified unlawful activity laundering of monetary instruments.  Engaging in monetary transactions in property derived from specified unlawful activity laundering of monetary instruments is Defendant charged with knowingly engaging or attempting to engage in a monetary transaction involving more than $10,000 of criminally derived property.  Defendants GOOGLE LLC and Shareholders unlawful activity participating.  in a worldwide kickback an money laundering scheme using their software program and businesses for illegal kickbacks and money laundering hiding assets overseas and in crypto currencies to clean it up and reinvest in other legitimate ventures resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of engaging in monetary transactions in property derived from specified unlawful activity.

62.    Defendants owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## FIFTEENTH CAUSE OF ACTION
### (Negligent Supervision)

63. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

64. Defendants GOOGLE LLC and Shareholders intended to commit negligent supervision. Negligent supervision is when someone who has a legal responsibility to supervise others fails to do so in a responsible manner. Defendants GOOGLE LLC and Shareholders negligent supervision was allowing their employees attach trackers and monitor and divert Mr. Davis information to other companies agents and government agents for huge domestic harassment campaign from having GOOGLE on my phone permission resulted in Mr. Davis damages and injury Mr. Davis. Therefore, defendant GOOGLE LLC and Shareholders is liable for Negligent Supervision.

65. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

66. Defendants GOOGLE LLC and Shareholders intended to commit the defendant had a duty to supervise the harming party. The defendant had a duty to supervise the harming party is supervisors had a duty of care towards another. Defendants GOOGLE LLC and Shareholders the defendant had a duty to protect Mr. Davis from injury providing adequate security withing their program and the equipment that traffic and hold such data . Therefore, defendants GOOGLE LLC and Shareholders is liable for the defendant had a duty to supervise the harming party.

67. Damages owe in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

68. Defendants GOOGLE LLC and Shareholders intended to commit the defendant negligently supervised the harming party. The defendant negligently supervised the harming

50

party is supervisor that not thoroughly supervising and delegating authority throughout the operation. Defendants GOOGLE LLC and Shareholders was negligent and infrequent with supervision of their employees actions to cause harm to Mr. Davis even when all Microsoft employees knew or should have known of the injustice towards Mr. Davis resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable for the defendant negligently supervised the harming party.

69. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

70. Defendants GOOGLE LLC and Shareholders intended to commit such negligence proximately cause the. Such negligence proximately caused the is that the injury was cause by the actual person direct or immediate. Defendants GOOGLE LLC. and Shareholders such negligence proximately caused the was GOOGLE employees was the proximate causes of Mr. Davis injuries by taking and distributing his information to cavass an area and to receive kick backs in a major money laundering amongst government contractor Infragard and numerous other business in state and worldwide resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable for such negligence proximately caused the.

71. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## SIXTEENTH CAUSE OF ACTION
### (Negligent Hiring)

72. Plaintiff realleg and incorporate by reference all of the preceding paragraphs.

73. Defendants GOOGLE LLC and Shareholders intended to commit negligent hiring. Negligent Hiring is a legal claim made against an employer. The negligent hiring claim argues that the employer knew or should have known their history before hiring them. Basically, if you are not diligent about finding out a candidate's background, you could be responsible for their actions. Defendants GOOGLE LLC and Shareholders negligent hiring was hiring persons who tracked, imprison and take data and sold it to other companies on the kickback and the company was in agreement with this behavior and both benefited from this illegal operation resulted in damages and injury. Therefore, defendants GOOGLE and Shareholders liable for negligent hiring.

74. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

75. Defendants GOOGLE LLC and Shareholders intended to commit that the employer owed the injured party (plaintiff) a duty of care. That the employer owed the injured party (plaintiff) a duty of care is a requirement that a person act toward others and the public with the watchfulness, attention, caution and prudence that a reasonable person in the circumstances would use. If a person's actions do not meet this standard of care, then the acts are considered negligent, and any damages resulting may be claimed in a lawsuit for negligence. Defendants GOOGLE LLC and Shareholders did not think of the duty care and only about the lucrative gains off the kickback and money laundering resulted in damages and injury to Mr. Davis, Therefore, defendants GOOGLE and Shareholders is liable for the employer owed the injured party (plaintiff) a duty of care.

76. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

77. Defendants GOOGLE and Shareholders intended to commit the injury to the plaintiff was reasonably foreseeable. The injury to the plaintiff was reasonably foreseeable is The foreseeability test basically asks whether the person causing the injury should have reasonably foreseen the general consequences that would result because of his or her conduct. Defendants GOOGLE LLC and Shareholders the injury to the plaintiff was reasonably foreseeable was and intentional infliction of emotional distress that was known about and is a part of the agents gaslighting culture simply put its apart of the torture on the psyche to break a person down but not build them back up as in the military resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of the injury to the plaintiff was reasonably foreseeable.

78. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## SEVENTEENTH CAUSE OF ACTION
### (Anti kickback act of 1986 41 U.S.C. - Section 51)

79. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

80. Defendants GOOGLE LLC and Shareholders intended to commit Anti-kickback Act. [1] Anti-kickback act is that the purpose of the kickback was for improperly obtaining or rewarding favorable treatment.. Covered class of "kickback" recipients--The Act prohibits "kickbacks" to prime contractors, prime contractor employees, subcontractors, and subcontractor employees. The Anti-Kickback Act of 1986, 41 U.S.C. § 51 et seq., modernized and closed the loopholes of previous statutes applying to government contractors. The 1986 law attempts to make the anti-kickback statute a more useful prosecutorial tool by expanding the definition of

prohibited conduct and by making the statute applicable to a broader range of persons involved in government subcontracting. Prosecutions under these statutes must establish the following:

1. Prohibited conduct--the Act prohibits attempted as well as completed "kickbacks," which include any money, fees, commission, credit, gift, gratuity, thing of value, or compensation of any kind. The act also provides that the inclusion of kickback amounts in contract prices is prohibited conduct in itself.

2. Purpose of kickback--The Act requires that the purpose of the kickback was for improperly obtaining or rewarding favorable treatment. It is intended to embrace the full range of government contracting. Prior to 1986, the "kickback" was required to be for the inducement or acknowledgement of a subcontract.

3. Covered class of "kickback" recipients--The Act prohibits "kickbacks" to prime contractors, prime contractor employees, subcontractors, and subcontractor employees. These terms are defined in the Act.

4. Type of contract--The Act defines kickbacks to include payments under any government contract. Prior to this legislation, the statutes' applicability was limited to negotiated contracts.

5. Knowledge and willfulness--The Act requires one to knowingly and willfully engage in the prohibited conduct for the imposition of criminal sanctions.

Defendants GOOGLE LLC and Shareholders Anti-kickback act was the illegal colluding of GOOGLE LLC and numerous companies around the world committing bribes and kickbacks fund unbeknownst to the US government for their illegal activities and subjecting persons to illegal searches and seizure of their property and livelihood continue to receive lucruative kickbacks per persons around the United States like a modern day slave auctions with falsily

54

imprisoning person from multiple backgrounds, ethics and social economic levels and similar to the for profit prison industry just in a domestic setting resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable for anti-kickback.

[1] United States ex rel. Moilan v. McAllen Hospitals, L.P., et al., Case No. M-05-CV-263 S.D. Tex.200

81.    Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.


## EIGHTEENTH CAUSE OF ACTION

### (18 U.S. Code § 1951 - Interference with commerce by threats or violence)

82.    Plaintiff realloge and incorporate by reference all of the preceding paragraphs.

83.    Defendants GOOGLE LLC and Shareholders intended to commit Interference with commerce by threats or violence. Interference with commerce by threats or violence is:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.


(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

Defendants GOOGLE LLC and Shareholders interference with commerce by threats or violence over the internet using force algorithms inducing bullyin g and harassing during the hours of commerce and around the clock across interstate lines and across the world to control using their program to imprison your whereabouts on the net and the google maps to imprison your whereabouts out in town and Mr. Davis uses and needs both and Google is everywhere and even other programs that's a search still have to cross Google software they are a monoply. Therefore, defendants GOOGLE LLC and Shareholders is liable for Interference with commerce by threats or violence.

84. Defendants damages owe in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages

<u>**NINTEENTH CAUSE OF ACTION**</u>

**(Theft or bribery concerning programs receiving Federal funds)**

**(18 U. S. section 666)**

85.     Plaintiff realleage and incorporate by reference all of the preceding paragraphs.

86.     Defendants GOOGLE LLC and Shareholders  intended to commit theft or bribery concerning programs receiving Federal funds. [1] enacted in 1984 to extend the reach of federal bribery law beyond federal officials, witnesses and jurors, to employees of private firms that receive federal money. Section 666 makes it a crime for a person to give or accept something of value 'in connection with [a] business', if the 'the entity for which the defendant acted as an agent received more than $10,000 a year in federal assistance'.  Theft or bribery concerning programs receiving Federal funds is The purpose of this statute is protect the integrity of the vast sums of money distributed through federal programs including:

(a) Whoever, if the circumstance described in subsection (b) of this section exists—

(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—

(A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—

(i) is valued at $5,000 or more, and

(ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or

(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more; or

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;

shall be fined under this title, imprisoned not more than 10 years, or both.

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

(c) This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

(d) As used in this section—

(1) the term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative;

(2) the term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission,

58

administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program;

(3) the term "local" means of or pertaining to a political subdivision within a State;

(4) the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States; and

(5) the term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

Defendants GOOGLE LLC and Shareholders was participating in the scheme to receive government funds from a government contract and was accepting government monies from the kickback and bribes from a FBI trained organization called Infragard and other name brand household name American companies that spreads around the world in a multi district scheme resulting in damages and injury to Mr. Davis Therefore, defendants GOOGLE and Shareholders was liable of Theft or bribery concerning programs receiving Federal funds.

[1] Dixson v. United States, 465 U.S. 482 (1984)

87. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH CAUSE OF ACTION

### (Hobbs Act)

### (18 USC § 1951)

59

88.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

89.    Defendants GOOGLE LLC and Shareholders  intended to commit Hobbs Act. See
[1][2]  Hobbs Act is enacted in 1946, as an amendment to the 1934 Anti-Racketeering Act.
Although the Act was originally intended to combat racketeering in labour-management
disputes, the statute has frequently been used in connection with cases involving public
corruption and commercial disputes. The Act criminalizes three distinct forms of criminal
conduct: (1) robbery; (2) extortion by force, threat or fear; and (3) extortion under colour of
official right. Only the third is relevant here. Extortion under colour of official right consists in
the offender's use of his official position to extract something of a value from the alleged victim
–understood, essentially, as the taking of a bribe. It is punishable by up to twenty years in prison.
Proof of "racketeering" as an element of Hobbs Act offenses is not required. Defendants
GOOGLE LLC and Shareholders Hobbs Act was subjecting racketeering and commercial
bribery and money laundering funds by seizing Mr. Davis property his computer data and
computer and cellphone to control and coordinate others to find Mr. Davis anywhere in order to
get their cut of the money resulted in damages and Mr. Davis injury.  Therefore, defendants
GOOGLE LLC and Shareholders is liable of the Hobbs Act.

[1] Evans v. United States, 504 U.S. 255, 265, 112 S. Ct. 1181, 1188 (1992)

[2] United States v. Culbert, 435 U.S. 371, 98 S. Ct. 1112 (1978)


90.    Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury.
Defendants are liable for damages.

## TWENTIETH FIRST CAUSE OF ACTION

### (Racketeer Influenced and Corrupt Organizations (RICO) statute (18 U.S.C. § 1961) 1961)

91.    Plaintiff realllege and incorporate by reference all of the preceding paragraphs.

92.    Defendant  GOOGLE LLC and Shareholders intended to commit Racketeer Influenced and Corrupt Organizations (RICO) statute (18 U.S.C. § 1961) 1961. [1][2][3]  Racketeer Influenced and Corrupt Organizations (RICO) statute (18 U.S.C. § 1961) 1961 is a United States federal law that provides for extended criminal penalties and a civil GOOGLE LLC cause of action for acts performed as part of an ongoing criminal organization. Defendants  Racketeer Influenced and Corrupt Organizations (RICO) was  ongoing criminal cartel and GOOGLE LLC along with numerous government contractors and companies was in charge of its networks and software to communicated and they receive a cut from such actions to steal from US government and Mr. Davis resulted in Mr. Davis injury. Therefore, defendants GOOGLE LLC and Shareholders is liable of Racketeer Influenced and Corrupt Organizations (RICO).

[1] United States v. Philip Morris USA, Inc., 566 F.3d 1095, 1118 (D.C. Cir. 2009)

[2] Rivera v. State of New York, 34 NY 3d 383 (2019)

[3]    S.P.R.L. v. Imrex Co., Inc.,473 U.S. 479, 495 (1985) (stating that § 1962 makes it illegal for a person "to use money derived from a pattern of racketeering activity to invest in an enterprise, to acquire control of an enterprise through a pattern of racketeering activity, or to conduct an enterprise through a pattern of racketeering activity").

93.    Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH SECOND  CAUSE OF ACTION

### (15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers)

(The FCPA covers U.S. and foreign public companies listed on a U.S. stock exchange      issuers)

94.   Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

95.   Defendants GOOGLE LLC and Shareholders intended to commit 15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers.  15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers is:

(a) Prohibition It shall be unlawful for any issuer which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o(d) of this title, or for any officer, director, employee, or agent of such issuer or any stockholder thereof acting on behalf of such issuer, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of—

(A)

(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

62

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of—

(A)

(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office, for purposes of—

(A)

(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

(b) Exception for routine governmental action

Subsections (a) and (g) shall not apply to any facilitating or expediting payment to a foreign official, political party, or party official the purpose of which is to expedite or to secure the performance of a routine governmental action by a foreign official, political party, or party official.

(c) Affirmative defenses It shall be an affirmative defense to actions under subsection (a) or (g) that—

(1) the payment, gift, offer, or promise of anything of value that was made, was lawful under the written laws and regulations of the foreign official's, political party's, party official's, or candidate's country; or

(2) the payment, gift, offer, or promise of anything of value that was made, was a reasonable and bona fide expenditure, such as travel and lodging expenses, incurred by or on behalf of a foreign official, party, party official, or candidate and was directly related to—

(A) the promotion, demonstration, or explanation of products or services; or

(B) the execution or performance of a contract with a foreign government or agency thereof.

(d) Guidelines by Attorney General Not later than one year after August 23, 1988, the Attorney General, after consultation with the Commission, the Secretary of Commerce, the United States Trade Representative, the Secretary of State, and the Secretary of the Treasury, and after obtaining the views of all interested persons through public notice and comment procedures, shall determine to what extent compliance with this section would be enhanced and the business community would be assisted by further clarification of the preceding provisions of this section and may, based on such determination and to the extent necessary and appropriate, issue—

(1) guidelines describing specific types of conduct, associated with common types of export sales arrangements and business contracts, which for purposes of the Department of Justice's present enforcement policy, the Attorney General determines would be in conformance with the preceding provisions of this section; and

(2) general precautionary procedures which issuers may use on a voluntary basis to conform their conduct to the Department of Justice's present enforcement policy regarding the preceding provisions of this section.

The Attorney General shall issue the guidelines and procedures referred to in the preceding sentence in accordance with the provisions of subchapter II of chapter 5 of title 5 and those guidelines and procedures shall be subject to the provisions of chapter 7 of that title.

(e) Opinions of Attorney General

(1) The Attorney General, after consultation with appropriate departments and agencies of the United States and after obtaining the views of all interested persons through public notice and comment procedures, shall establish a procedure to provide responses to specific inquiries by issuers concerning conformance of their conduct with the Department of Justice's present enforcement policy regarding the preceding provisions of this section. The Attorney General shall, within 30 days after receiving such a request, issue an opinion in response to that request. The opinion shall state whether or not certain specified prospective conduct would, for purposes of the Department of Justice's present enforcement policy, violate the preceding provisions of this section. Additional requests for opinions may be filed with the Attorney General regarding other specified prospective conduct that is beyond the scope of conduct specified in previous requests. In any action brought under the applicable provisions of this section, there shall be a rebuttable presumption that conduct, which is specified in a request by an issuer and for which the Attorney General has issued an opinion that such conduct is in conformity with the Department of Justice's present enforcement policy, is in compliance with the preceding provisions of this section. Such a presumption may be rebutted by a preponderance of the evidence. In considering the presumption for purposes of this paragraph, a court shall weigh all relevant factors, including but not limited to whether the information submitted to the Attorney General was accurate and complete and whether it was within the scope of the conduct specified in any request received by the Attorney General. The Attorney General shall establish the procedure required by this paragraph in accordance with the provisions of subchapter II of chapter 5 of title 5 and that procedure shall be subject to the provisions of chapter 7 of that title.

(2) Any document or other material which is provided to, received by, or prepared in the Department of Justice or any other department or agency of the United States in connection with a request by an issuer under the procedure established under paragraph (1), shall be exempt from disclosure under section 552 of title 5 and shall not, except with the consent of the issuer, be made publicly available, regardless of whether the Attorney General responds to such a request or the issuer withdraws such request before receiving a response.

(3) Any issuer who has made a request to the Attorney General under paragraph (1) may withdraw such request prior to the time the Attorney General issues an opinion in response to such request. Any request so withdrawn shall have no force or effect.

(4) The Attorney General shall, to the maximum extent practicable, provide timely guidance concerning the Department of Justice's present enforcement policy with respect to the preceding provisions of this section to potential exporters and small businesses that are unable to obtain specialized counsel on issues pertaining to such provisions. Such guidance shall be limited to responses to requests under paragraph (1) concerning conformity of specified prospective conduct with the Department of Justice's present enforcement policy regarding the preceding provisions of this section and general explanations of compliance responsibilities and of potential liabilities under the preceding provisions of this section.

(f) Definitions For purposes of this section:

(1)

(A) The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or of a public international organization, or any

person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality, or for or on behalf of any such public international organization.

(B) For purposes of subparagraph (A), the term "public international organization" means—

(i) an organization that is designated by Executive order pursuant to section 288 of title 22; or

(ii) any other international organization that is designated by the President by Executive order for the purposes of this section, effective as of the date of publication of such order in the Federal Register.

(2)

(A) A person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if—

(i) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or

(ii) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.

(B) When knowledge of the existence of a particular circumstance is required for an offense, such knowledge is established if a person is aware of a high probability of the existence of such circumstance, unless the person actually believes that such circumstance does not exist.

(3)

(A) The term "routine governmental action" means only an action which is ordinarily and commonly performed by a foreign official in—

(i) obtaining permits, licenses, or other official documents to qualify a person to do business in a foreign country;

(ii) processing governmental papers, such as visas and work orders;

(iii) providing police protection, mail pick-up and delivery, or scheduling inspections associated with contract performance or inspections related to transit of goods across country;

(iv) providing phone service, power and water supply, loading and unloading cargo, or protecting perishable products or commodities from deterioration; or

(v) actions of a similar nature.

(B) The term "routine governmental action" does not include any decision by a foreign official whether, or on what terms, to award new business to or to continue business with a particular party, or any action taken by a foreign official involved in the decision making process to encourage a decision to award new business to or continue business with a particular party.

(g) Alternative jurisdiction

(1) It shall also be unlawful for any issuer organized under the laws of the United States, or a State, territory, possession, or commonwealth of the United States or a political subdivision thereof and which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o(d) of this title, or for any United States person that is an officer, director, employee, or agent of such issuer or a stockholder thereof acting on behalf of such issuer, to corruptly do any act outside the United States in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any of the persons or entities set forth in

paragraphs (1), (2), and (3) of subsection (a) of this section for the purposes set forth therein, irrespective of whether such issuer or such officer, director, employee, agent, or stockholder makes use of the mails or any means or instrumentality of interstate commerce in furtherance of such offer, gift, payment, promise, or authorization.

(2) As used in this subsection, the term "United States person" means a national of the United States (as defined in section 1101 of title 8) or any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship organized under the laws of the United States or any State, territory, possession, or commonwealth of the United States, or any political subdivision thereof.

Defendants GOOGLE LLC and Shareholders 15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers was used influencing and inducing foreign officials and at the time was listed on the U. S. Stock Exchange when GOOGLE used its oversea influence to officials overseas who was in on the act to further the scheme to subject the government to an illegal taking to assist government agency working with for the FBI to bribe officials to increase their companies coffers and business connections and inducing Mr. Davis to all kinds of abuse as a patsy for their illegal schemes resulted in damages and injury to Mr. Davis. Therefore, defendants is liable of Corporation15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers.

96.    Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH THIRD  CAUSE OF ACTION

### (15 U.S. Code § 78dd–2 Prohibited foreign trade practices by domestic concerns)

97. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

98. Defendants GOOGLE LLC and Shareholders intended to commit 15 U.S. Code § 78dd-2 Prohibited foreign trade practices by domestic concerns. 15 U.S. Code § 78dd-2 Prohibited foreign trade practices by domestic concerns is: U.S. companies and citizens (domestic concerns is:

(a) Prohibition It shall be unlawful for any domestic concern, other than an issuer which is subject to section 78dd–1 of this title, or for any officer, director, employee, or agent of such domestic concern or any stockholder thereof acting on behalf of such domestic concern, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of—

(A)

(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of—

(A)

(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office, for purposes of—

(A)

(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person.

(b) Exception for routine governmental action

Subsections (a) and (i) shall not apply to any facilitating or expediting payment to a foreign official, political party, or party official the purpose of which is to expedite or to secure the performance of a routine governmental action by a foreign official, political party, or party official.

(c) Affirmative defenses It shall be an affirmative defense to actions under subsection (a) or (i) that—

(1) the payment, gift, offer, or promise of anything of value that was made, was lawful under the written laws and regulations of the foreign official's, political party's, party official's, or candidate's country; or

(2) the payment, gift, offer, or promise of anything of value that was made, was a reasonable and bona fide expenditure, such as travel and lodging expenses, incurred by or on behalf of a foreign official, party, party official, or candidate and was directly related to—

(A) the promotion, demonstration, or explanation of products or services; or

(B) the execution or performance of a contract with a foreign government or agency thereof.

73

(d) Injunctive relief

(1) When it appears to the Attorney General that any domestic concern to which this section applies, or officer, director, employee, agent, or stockholder thereof, is engaged, or about to engage, in any act or practice constituting a violation of subsection (a) or (i) of this section, the Attorney General may, in his discretion, bring a civil action in an appropriate district court of the United States to enjoin such act or practice, and upon a proper showing, a permanent injunction or a temporary restraining order shall be granted without bond.

(2) For the purpose of any civil investigation which, in the opinion of the Attorney General, is necessary and proper to enforce this section, the Attorney General or his designee are empowered to administer oaths and affirmations, subpoena witnesses, take evidence, and require the production of any books, papers, or other documents which the Attorney General deems relevant or material to such investigation. The attendance of witnesses and the production of documentary evidence may be required from any place in the United States, or any territory, possession, or commonwealth of the United States, at any designated place of hearing.

(3) In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Attorney General may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, or other documents. Any such court may issue an order requiring such person to appear before the Attorney General or his designee, there to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey such order of the court may be punished by such court as a contempt thereof. All process in any such case may be served in the judicial district in which such person resides or may be found. The Attorney

74

General may make such rules relating to civil investigations as may be necessary or appropriate to implement the provisions of this subsection.

(e) Guidelines by Attorney General Not later than 6 months after August 23, 1988, the Attorney General, after consultation with the Securities and Exchange Commission, the Secretary of Commerce, the United States Trade Representative, the Secretary of State, and the Secretary of the Treasury, and after obtaining the views of all interested persons through public notice and comment procedures, shall determine to what extent compliance with this section would be enhanced and the business community would be assisted by further clarification of the preceding provisions of this section and may, based on such determination and to the extent necessary and appropriate, issue—

(1) guidelines describing specific types of conduct, associated with common types of export sales arrangements and business contracts, which for purposes of the Department of Justice's present enforcement policy, the Attorney General determines would be in conformance with the preceding provisions of this section; and

(2) general precautionary procedures which domestic concerns may use on a voluntary basis to conform their conduct to the Department of Justice's present enforcement policy regarding the preceding provisions of this section.

The Attorney General shall issue the guidelines and procedures referred to in the preceding sentence in accordance with the provisions of subchapter II of chapter 5 of title 5 and those guidelines and procedures shall be subject to the provisions of chapter 7 of that title.

(f) Opinions of Attorney General

(1) The Attorney General, after consultation with appropriate departments and agencies of the United States and after obtaining the views of all interested persons through public notice and comment procedures, shall establish a procedure to provide responses to specific inquiries by domestic concerns concerning conformance of their conduct with the Department of Justice's present enforcement policy regarding the preceding provisions of this section. The Attorney General shall, within 30 days after receiving such a request, issue an opinion in response to that request. The opinion shall state whether or not certain specified prospective conduct would, for purposes of the Department of Justice's present enforcement policy, violate the preceding provisions of this section. Additional requests for opinions may be filed with the Attorney General regarding other specified prospective conduct that is beyond the scope of conduct specified in previous requests. In any action brought under the applicable provisions of this section, there shall be a rebuttable presumption that conduct, which is specified in a request by a domestic concern and for which the Attorney General has issued an opinion that such conduct is in conformity with the Department of Justice's present enforcement policy, is in compliance with the preceding provisions of this section. Such a presumption may be rebutted by a preponderance of the evidence. In considering the presumption for purposes of this paragraph, a court shall weigh all relevant factors, including but not limited to whether the information submitted to the Attorney General was accurate and complete and whether it was within the scope of the conduct specified in any request received by the Attorney General. The Attorney General shall establish the procedure required by this paragraph in accordance with the provisions of subchapter II of chapter 5 of title 5 and that procedure shall be subject to the provisions of chapter 7 of that title.

(2) Any document or other material which is provided to, received by, or prepared in the Department of Justice or any other department or agency of the United States in connection with

a request by a domestic concern under the procedure established under paragraph (1), shall be exempt from disclosure under section 552 of title 5 and shall not, except with the consent of the domestic concern, be made publicly available, regardless of whether the Attorney General responds to such a request or the domestic concern withdraws such request before receiving a response.

(3) Any domestic concern who has made a request to the Attorney General under paragraph (1) may withdraw such request prior to the time the Attorney General issues an opinion in response to such request. Any request so withdrawn shall have no force or effect.

(4) The Attorney General shall, to the maximum extent practicable, provide timely guidance concerning the Department of Justice's present enforcement policy with respect to the preceding provisions of this section to potential exporters and small businesses that are unable to obtain specialized counsel on issues pertaining to such provisions. Such guidance shall be limited to responses to requests under paragraph (1) concerning conformity of specified prospective conduct with the Department of Justice's present enforcement policy regarding the preceding provisions of this section and general explanations of compliance responsibilities and of potential liabilities under the preceding provisions of this section.

(g) Penalties

(1)

(A) Any domestic concern that is not a natural person and that violates subsection (a) or (i) of this section shall be fined not more than $2,000,000.

(B) Any domestic concern that is not a natural person and that violates subsection (a) or (i) of this section shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Attorney General.

(2)

(A) Any natural person that is an officer, director, employee, or agent of a domestic concern, or stockholder acting on behalf of such domestic concern, who willfully violates subsection (a) or (i) of this section shall be fined not more than $100,000 or imprisoned not more than 5 years, or both.

(B) Any natural person that is an officer, director, employee, or agent of a domestic concern, or stockholder acting on behalf of such domestic concern, who violates subsection (a) or (i) of this section shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Attorney General.

(3) Whenever a fine is imposed under paragraph (2) upon any officer, director, employee, agent, or stockholder of a domestic concern, such fine may not be paid, directly or indirectly, by such domestic concern.

(h) Definitions For purposes of this section:

(1) The term "domestic concern" means—

(A) any individual who is a citizen, national, or resident of the United States; and

(B) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States,

or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

(2)

(A) The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or of a public international organization, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality, or for or on behalf of any such public international organization.

(B) For purposes of subparagraph (A), the term "public international organization" means—

(i) an organization that is designated by Executive order pursuant to section 288 of title 22; or

(ii) any other international organization that is designated by the President by Executive order for the purposes of this section, effective as of the date of publication of such order in the Federal Register.

(3)

(A) A person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if—

(i) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or

(ii) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.

(B) When knowledge of the existence of a particular circumstance is required for an offense, such knowledge is established if a person is aware of a high probability of the existence of such circumstance, unless the person actually believes that such circumstance does not exist.

(4)

(A) The term "routine governmental action" means only an action which is ordinarily and commonly performed by a foreign official in—

(i) obtaining permits, licenses, or other official documents to qualify a person to do business in a foreign country;

(ii) processing governmental papers, such as visas and work orders;

(iii) providing police protection, mail pick-up and delivery, or scheduling inspections associated with contract performance or inspections related to transit of goods across country;

(iv) providing phone service, power and water supply, loading and unloading cargo, or protecting perishable products or commodities from deterioration; or

(v) actions of a similar nature.

(B) The term "routine governmental action" does not include any decision by a foreign official whether, or on what terms, to award new business to or to continue business with a particular party, or any action taken by a foreign official involved in the decision-making process to encourage a decision to award new business to or continue business with a particular party.

(5) The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place or ship outside thereof, and such term includes the intrastate use of—

(A) a telephone or other interstate means of communication, or

(B) any other interstate instrumentality.

(i) Alternative jurisdiction

(1) It shall also be unlawful for any United States person to corruptly do any act outside the United States in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any of the persons or entities set forth in paragraphs (1), (2), and (3) of subsection (a), for the purposes set forth therein, irrespective of whether such United States person makes use of the mails or any means or instrumentality of interstate commerce in furtherance of such offer, gift, payment, promise, or authorization.

(2) As used in this subsection, the term "United States person" means a national of the United States (as defined in section 1101 of title 8) or any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship organized under the laws of the United States or any State, territory, possession, or commonwealth of the United States, or any political subdivision thereof.

Defendants GOOGLE LLC and Shareholders used its influence within the United States and domestic concerns with a US branch and headquarters with numerous subsidiaries to hide their illegal money to induce other participating foreign officials to hide and clean such illegal proceeds and to reinvest the clean money into investments around the world used to influence others apart of the worldwide money laundering operation and using its browers and other software and hardware in their facilities as a tool to imprison persons through false pretense using that reason to stay unnoticed at the same time breaking the laws of the commerce and

81

antitrust using its company reputation to hide such injustice and no one say nothing due to their invention of the Google browers has monopolized all facets of industry seems to look the other way to the behavior resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of 15 U.S. Code § 78dd–2 Prohibited foreign trade practices by domestic concerns.

99.    Damages owe in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH FOURTH  CAUSE OF ACTION

**(15 U.S. Code § 78dd–3 - Prohibited foreign trade practices by persons other than issuers or domestic concerns)**

100.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

101.    Defendants  GOOGLE LLC and Shareholders intended to commit 15 U.S. Code § 78dd–3 - Prohibited foreign trade practices by persons other than issuers or domestic concerns. 15 U.S. Code § 78dd–3 - Prohibited foreign trade practices by persons other than issuers or domestic concerns is: **any person within the territorial United States that**

(a) Prohibition It shall be unlawful for any person other than an issuer that is subject to section 78dd–1 of this title or a domestic concern (as defined in section 78dd–2 of this title), or for any officer, director, employee, or agent of such person or any stockholder thereof acting on behalf of such person, while in the territory of the United States, corruptly to make use of the mails or any means or instrumentality of interstate commerce or to do any other act in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of—

(A)

(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such person in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of—

(A)

(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such person in obtaining or retaining business for or with, or directing business to, any person; or

83

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office, for purposes of—

(A)

(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such person in obtaining or retaining business for or with, or directing business to, any person.

(b) Exception for routine governmental action

Subsection (a) of this section shall not apply to any facilitating or expediting payment to a foreign official, political party, or party official the purpose of which is to expedite or to secure the performance of a routine governmental action by a foreign official, political party, or party official.

(c) Affirmative defenses It shall be an affirmative defense to actions under subsection (a) of this section that—

(1) the payment, gift, offer, or promise of anything of value that was made, was lawful under the written laws and regulations of the foreign official's, political party's, party official's, or candidate's country; or

(2) the payment, gift, offer, or promise of anything of value that was made, was a reasonable and bona fide expenditure, such as travel and lodging expenses, incurred by or on behalf of a foreign official, party, party official, or candidate and was directly related to—

(A) the promotion, demonstration, or explanation of products or services; or

(B) the execution or performance of a contract with a foreign government or agency thereof.

(d) Injunctive relief

(1) When it appears to the Attorney General that any person to which this section applies, or officer, director, employee, agent, or stockholder thereof, is engaged, or about to engage, in any act or practice constituting a violation of subsection (a) of this section, the Attorney General may, in his discretion, bring a civil action in an appropriate district court of the United States to enjoin such act or practice, and upon a proper showing, a permanent injunction or a temporary restraining order shall be granted without bond.

(2) For the purpose of any civil investigation which, in the opinion of the Attorney General, is necessary and proper to enforce this section, the Attorney General or his designee are empowered to administer oaths and affirmations, subpoena witnesses, take evidence, and require the production of any books, papers, or other documents which the Attorney General deems relevant or material to such investigation. The attendance of witnesses and the production of documentary evidence may be required from any place in the United States, or any territory, possession, or commonwealth of the United States, at any designated place of hearing.

(3) In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Attorney General may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, or other documents. Any such court may issue an order requiring such person to appear before the Attorney General or his designee, there to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey such order of the court may be punished by such court as a contempt thereof.

(4) All process in any such case may be served in the judicial district in which such person resides or may be found. The Attorney General may make such rules relating to civil investigations as may be necessary or appropriate to implement the provisions of this subsection.

(e) Penalties

(1)

(A) Any juridical person that violates subsection (a) of this section shall be fined not more than $2,000,000.

(B) Any juridical person that violates subsection (a) of this section shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Attorney General.

(2)

(A) Any natural person who willfully violates subsection (a) of this section shall be fined not more than $100,000 or imprisoned not more than 5 years, or both.

(B) Any natural person who violates subsection (a) of this section shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Attorney General.

(3) Whenever a fine is imposed under paragraph (2) upon any officer, director, employee, agent, or stockholder of a person, such fine may not be paid, directly or indirectly, by such person.

(f) Definitions For purposes of this section:

(1) The term "person", when referring to an offender, means any natural person other than a national of the United States (as defined in section 1101 of title 8 [1] or any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship organized under the law of a foreign nation or a political subdivision thereof.

(2)

(A) The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or of a public international organization, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality, or for or on behalf of any such public international organization.

(B) For purposes of subparagraph (A), the term "public international organization" means—

(i) an organization that is designated by Executive order pursuant to section 288 of title 22; or

(ii) any other international organization that is designated by the President by Executive order for the purposes of this section, effective as of the date of publication of such order in the Federal Register.

(3)

(A) A person's state of mind is knowing, with respect to conduct, a circumstance or a result if—

(i) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or

(ii) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.

(B) When knowledge of the existence of a particular circumstance is required for an offense, such knowledge is established if a person is aware of a high probability of the existence of such circumstance, unless the person actually believes that such circumstance does not exist.

(4)

(A) The term "routine governmental action" means only an action which is ordinarily and commonly performed by a foreign official in—

(i) obtaining permits, licenses, or other official documents to qualify a person to do business in a foreign country;

(ii) processing governmental papers, such as visas and work orders;

(iii) providing police protection, mail pick-up and delivery, or scheduling inspections associated with contract performance or inspections related to transit of goods across country;

(iv) providing phone service, power and water supply, loading and unloading cargo, or protecting perishable products or commodities from deterioration; or

(v) actions of a similar nature.

(B) The term "routine governmental action" does not include any decision by a foreign official whether, or on what terms, to award new business to or to continue business with a particular

party, or any action taken by a foreign official involved in the decision-making process to encourage a decision to award new business to or continue business with a particular party.

(5) The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place or ship outside thereof, and such term includes the intrastate use of—

(A) a telephone or other interstate means of communication, or

(B) any other interstate instrumentality.

Defendants GOOGLE and Shareholders NC 15 U.S. Code § 78dd–3 Prohibited foreign trade practices by domestic concerns made transaction of money using wire cloud base computer, via phones fax or email to conduct illegal via commerce of several states to conduct transaction from the with foreign official s to bribe and conduct fraudulent transaction within the United States from cellphone to airplane to satellite resulted in damages and Mr. Davis injury. Therefore, defendants GOOGLE and Shareholders is liable of Prohibited foreign trade practices by persons other than issuers or domestic concerns.

102.    Damages owe in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH FIFTH CAUSE OF ACTION
### (Violation of Civil Rights Act of 1964)

103.    Plaintiff realleges and incorporate by reference all of the preceding paragraphs.

104.    Defendants GOOGLE LLC and Shareholders intended to commit Violations of the Civil Rights Act of 1964.[1][2][3][4][5][6] Violation of Civil Rights is prohibits discrimination on the basis of race, color, religion, sex or national origin. Provisions of this civil rights act

89

forbade discrimination on the basis of sex, as well as, race in hiring, promoting, and firing. Defendants GOOGLE LLC and Shareholders Violation of Civil Rights Act of 1964 was discrimination and unfair treatment Mr. Davis received verse the other customers was a intended violation of Mr. Davis Civil Rights and Fourth Amendment rights because of his race was intimidated and at times he put in something else in the browser and it take me to klan meeting or a black man getting hung they program algorithms that voice a viewpoint or position that is coded in the browsers without human have to key it in per verbatim or thought resulted in damages and injury to Mr. Davis. Therefore, Microsoft Inc. and Shareholders is liable for Violation of the Civil Rights Act of 1964.

[1]   Brown v. Board of Education, 347 U.S. 483 (1954)

[2]   Berman v. Parker, 348 U.S. 26 (1954) Under the Fifth Amendment's Takings Clause private property can be taken for a public purpose with just compensation

[3]   United States v. Guest, 383 U.S. 745 (1966) There is a constitutional right to travel from state to state, and the protections of the Fourteenth Amendment extend to citizens who suffer rights deprivations at the hands of private conspiracies where there is minimal state participation in the conspiracy

[4]   Kent v. Dulles, 357 U.S. 116 (1958) The right to travel is a part of the "liberty" of which the citizen cannot be deprived without due process of law under the Fifth Amendment.

[5]   United States v. Jones, 565 U.S. 400 (2012) Attaching a GPS device to a vehicle and then using the device to monitor the vehicle's movements constitutes a search under the Fourth Amendment.

[6]   Katz v. United States, 389 U.S. 347 (1967) The Fourth Amendment's ban on unreasonable searches and seizures applies to all places where an individual has a "reasonable expectation of privacy."

105.   Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH SIXTH CAUSE OF ACTION

### ( Invasion of Privacy by Inclusion on Seclusion)

106.    Plaintiff realleges and incorporate by reference all of the preceding paragraphs.

107.    Defendants GOOGLE LLC and Shareholders intended to commit Invasion of Privacy by Inclusion on Seclusion. Invasion of Privacy by Inclusion [1]on Seclusion  is intended to commit inclusion upon seclusion.  Intrusion upon seclusion applies when someone intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another. Defendants  Invasion of Privacy by Inclusion on Seclusion was taking Mr. Davis data and programs and recondition them to help Google to maintain a hack and sharing that information without permission from Mr. Davis all intended to cause Mr. Davis harm resulted in damages and injury to Mr. Davis. Therefore, defendant GOOGLE LLC and Shareholders is liable for inclusion upon seclusion.

   Carpenter v. United States, 267 U. S. 132 landmark privacy decision.

108.    Damages owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

109.    Defendants  GOOGLE LLC and Shareholders intended to commit intentionally. Intentionally is done deliberately. Defendants GOOGLE LLC and Shareholders intentionally was to deliberately help aid and abet Infragard to illegally share to monitor Mr. Davis information and send that information to person all around the earth that was involved in this scheme and Mr. Davis is just one of many and every time the agent get paid the whole time no matter its another company or affiliate gets paid in the US and Overseas from data tracked on the Microsoft Windows operating system.  Therefore, defendants GOOGLE LLC and Shareholders is liable for intentionally.

110. Damages owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

111. Defendant GOOGLE LLC and Shareholders intended to commit intruding. Intruding is the act of wrongfully entering upon, seizing, or taking possession of the property of another. Defendants GOOGLE LLC and Shareholders intruding was GOOGLE LLC seizing Mr. Davis information for ill gotten gain and using Mr. Davis instead of assisting him as a customer instead treated him like a prisoner and intriding on his personal space and information resulted in damages and Mr. Davis injury. Therefore, defendants GOOGLE LLC and Shareholders is liable for intruding.

112. Damages owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

113. Defendants GOOGLE LLC and Shareholders intended to commit on the solitude or seclusion of another person, or on their private affairs. On the solitude or seclusion of another person, or on their private affairs is intrusion on a person private affair. Defendants Microsoft Inc. and Shareholders on the solitude or seclusion of another person, or on their private affairs was intrusion on using GOOGLE LLC browsers to intrude on Mr. Davis private affairs and broadcast that to agents and agents spread it around town and the world everyone intrude on your private matters resulted in injury and damage to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of on the solitude or seclusion of another person.

114. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damage

92

115.     Defendants Microsoft Inc. and Shareholders intended to commit in a manner that would be highly offensive to a reasonable person. In a manner that would be highly offensive to a reasonable person is the test is whether an ordinary reasonable person would think that what has happened is a breach of an individual's reasonable expectations of privacy. Defendants GOOGLE LLC and Shareholders prudent person if known would not have been in agreement or would think this behavior was acceptable at any level resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE and Shareholders is liable for in a manner that would be highly offensive to a reasonable person.

116.     Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

117.     Defendants Microsoft Inc. and Shareholders intended to commit damages compensatory. Damages compensatory is compensatory damages are money awarded to a plaintiff to compensate for damages, injury, or another incurred loss. Compensatory damages are awarded in civil court cases where loss has occurred as a result of the negligence or unlawful conduct of another party. Defendants GOGGLE LLC and Shareholders compensatory damages was from the illegal and interfered with Mr. Davis privacy rights. Therefore, defendants GOOGLE LLC and Shareholders is liable for damages compensatory.

118.     Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH SEVENTH CAUSE OF ACTION
### (False Imprisonment)

119.     Plaintiff realleges and incorporate by reference all of the preceding paragraphs.

120.     Defendants Microsoft Inc. and Shareholders intended to commit false imprisonment. See [1][2]  False Imprisonment is a person commits false imprisonment when he commits an act of restraint on another person which confines that person in a bounded area.  Defendants GOOGLE and Shareholders false imprisonment was holding Mr. Davis against his will within the parameters of their program and controlling the out as a result Mr. Davis uses one of GOOGLE software items resulted in damages and injury to Mr. Davis.  Therefore,  is liable of false imprisonment.

[1] Herring v. Boyle  1 Cr. M. & R. 377, 149 Eng. Rep. 1126 (Ex. 1834)

[2] Hoffman v. Clinic Hospital, Inc., 213 N.C. 669, 197 S.E. 161 (1938).

121.     Damages owe damages in an amount greater than 75,000 for plaintiff injury.  Defendants are liable for damages.

122.     Defendants GOOGLE LLC and Shareholders intended to commit the illegal restraint of a person.  The illegal restraint of a person is The crime of unlawful restraint occurs whenever someone illegally deprives others of their physical freedom. Unlawful restraint happens when one person knowingly and intentionally restrains another person without that person's consent and without legal justification.  Defendant GOOGLE and Shareholders the illegal restraint of a person was hopeless hold restrain of information and data and controlling the use of Mr.Davis computer and software by GOOGLE programming into their servers and the workers working remotely with Infragard to aid in Mr. Davis imprisonment resulted in damages and Mr. Davis injury.  Therefore, defendants GOOGLE and Shareholders is liable of the illegal restraint of a person.

123. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

124. Defendants GOOGLE LLC and Shareholders intended to commit by force or threat of force. To commit by force or threat of force is something to do which causes another person to act against a person's will. Defendants GOOGLE and Shareholders or threat of force was Microsoft and its agents using information to intimidate force, bully and gaslight around the clock for months and a year. Therefore, defendants is liable of to commit by force or threat of force.

125. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

126. Defendants GOOGLE LLC and Shareholders intended to commit without the other person's consent (or against their will). Without the other person's consent (or against their will) is force restraint against a persons consent. Defendants without the other person's consent ( or against their will ) was the taking control of Mr. Davis computer and software without permission and against Mr. Davis will resulted in injury and damages to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of without the other person's consent ( or against their will).

127. Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

128. Defendants GOOGLE LLC and Shareholders intended to commit proximate cause. Proximate cause is an event sufficiently related to an injury that the courts deem the event to be the cause of that injury. Cause-in-fact is determined by the "but for" test: But for the action, the

result would not have happened resulted in damages and injury to Mr. Davis. Defendants proximate cause was applying tracer onto Mr.Davis Ip address this address id you on the internet and GOOGLE allow other parties to access that but for GOOGLE doing so resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE and Shareholders is liable of proximate cause.

129.    Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

130.    Defendants GOOGLE LLC and Shareholders intended to commit reasonable person. Reasonable person is a test that asks whether the decisions made were legitimate and designed to remedy a certain issue under the circumstances at the time. Courts using this standard look at both the ultimate decision, and the process by which a party went about making that decision. Defendant Microsoft Inc. and Shareholders reasonable person was no reasonable person would attempt to restrain a person via GPS tracking device against their will resulted in injury and damages to Mr. Davis. Therefore, defendants Microsoft Inc. and Shareholders is liable for reasonable person.

131.    Defendants  owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH EIGHTH CAUSE OF ACTION
### ( Intentional Infliction of Emotional Distress)

132.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

133.    Defendants Microsoft Inc. and Shareholders intended to commit intentional infliction of Emotional Distress. Intentional Infliction of Emotional Distress is a common law tort that allows

96

individuals to recover for severe emotional distress caused by another individual who intentionally or recklessly inflicted emotional distress by behaving in an "extreme and outrageous" way. Defendants GOOGLE LLC and Shareholders was the blatant disregard of Mr. Davis rights to privacy while using the Google Browers it was used as spy equipment and tracking equipment was installed to track and view record and produce live feed remotely and in the US and around the world up until now resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of intentional infliction of emotional distress.

134.    Defendants owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

135.    Defendants GOOGLE LLC and Shareholders intended to commit the defendant must act intentionally or recklessly. The defendant must act intentionally or recklessly is the state of mind where a person deliberately and unjustifiably pursues a course of action while consciously disregarding any risks flowing from such action. Defendants GOOGLE LLC and Shareholders the defendant acted with all intentions to be recklessly towards Mr. Davis by help in his imprisonment and harassment in a control environment rather on the computer or in his vehicle and on the cellphone ultimately to receive the illegal kickback money and was intended to be reckless towards Mr. Davis at level to get paid resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE and Shareholders is liable of the defendant must act intentionally or recklessly.

136.    Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

Case 3:21-cv-00228-GCM   Document 1   Filed 05/18/21   Page 279 of 313

137. Defendants GOOGLE LLC and Shareholders intended to commit the defendant's conduct must be extreme and outrageous. The defendant's conduct must be extreme and outrageous is as intentionally or recklessly causing another person severe emotional distress through extreme or outrageous acts. This can be a result of either the Defendant's acts or words. Defendants GOOGLE LLC and Shareholders the defendant's conduct must be extreme and outrageous was acts to control movement and take information and share it to complete that task on a daily basics for a year damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC is liable of the defendant's conduct must be extreme and outrageous.

138. Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

139. Defendants GOOGLE LLC and Shareholders intended to commit the conduct must be the cause. The conduct must be the cause is connection between his or her conduct and the injury to the plaintiff. Defendants GOOGLE LLC and Shareholders conduct was the proximate cause of Mr. Davis injury by their relentless online harassment. Therefore, defendants GOOGLE LLC and Shareholders is liable of the conduct must be the cause.

140. Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

141. Defendants GOOGLE LLC and Shareholders intended to commit of severe emotional distress. Of severe emotional distress is occurs when one acts abominably or outrageously with intent to cause another to suffer severe emotional distress, such as issuing the threat of future harm. Defendants the whole aim of GOOGLE LLC used subliminal mind control and spay ware for ultimate control of not just body but your mind and aid and abet the Infragard to regulate Mr.

98

Davis everywhere he go where persons attack and picked on and gave a hard time even called racist slurs from complete strangers this strangers was strategically waiting on Mr. Davis to gaslight him publicly resulted injury and damages to Mr. Davis. Therefore, defendant GOOGLE LLC and Shareholders is liable of of severe emotion.

142.    Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

## TWENTIETH NINTH CAUSE OF ACTION
### ( Assault and battery )

Plaintiff realleage and incorporate by reference all of the preceding paragraphs.

143.    Defendants GOOGLE LLC and Shareholders intended to commit assault.    Assault and battery is a threat or physical act that creates a reasonable apprehension of imminent harmful or offensive contact with one's person involving an additional, aggravating factor, such as the intent to inflict serious bodily injury or the use of a dangerous weapon.    Defendants GOOGLE LLC and Shareholders assault and battery was extreme harassing behaviors via attaching a tracker onto his browers using GOOGLE browser as a psychological weapon and virtural prison guard resulted in damages and injury to Mr. Davis.    Therefore defendants, GOOGLE LLC and Shareholders is liable of aggravated assault.

144.    Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

145.    Defendants GOOGLE LLC and Shareholders intended to commit an act by a defendant. An act by a defendant is the defendant acts. The defendant intends to cause the victim to apprehend imminent harmful contact from the defendant. The defendant's action causes the

victim to reasonably apprehend such a contact. Defendants was the relentless harassment by many person in different towns and cities that knew where and who I was tracking his location via its Google Maps and the browser and other affiliated programs associated with GOOGLE LLC including correlation with Microsoft giving away my IP address and information in order for them to join in and get paid to harass Mr. Davis without worry or retaliation resulting in damages and injury to Mr. Davis. Therefore, GOOGLE and Shareholders is liable of an act by a defendant.

146. Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

147. Defendants GOOGLE LLC and Shareholders intended to commit an intent to cause harmful or offensive contact on the part of the defendant. An intent to cause harmful or offensive contact on the part of the defendant is At common law, an intentional unpermitted act causing harmful or offensive contact with the "person" of another. Defendants GOOGLE LLC and Shareholders an intent to cause harmful or offensive contact on the part of the defendant was the harmful contact of Mr. Davis and harass involving possible millions of persons in his business to harass him every waking moment every place or town he visited persons are affiliated with this program of the FBI and a community base program called Infragrad and this program was involved in illegal kickbacks involving local business to initiate this large harassment programs of control resulted in injury and damages to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of an intent to cause harmful or offensive contact on the part of the defendant.

148. Defendant owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

149.   Defendants GOOGLE LLC and Shareholders intended to commit harmful or offensive contact to the victim. Harmful or offensive contact to the victim is at common law, an intentional unpermitted act causing harmful or offensive contact with the "person" of another. Battery is concerned with the right to have one's body left alone by others. Battery is both a tort and a crime. Defendants GOOGLE LLC and Shareholders harmful or offensive contact to the victim was GOOGLE formulated attacks resulted in harassment and abuse resulting to in injury and Mr. Davis injury. Therefore, defendants Microsoft Inc. and Shareholders is liable of harmful or offensive contact to the victim.

150.   Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

151.   Defendants GOOGLE LLC and Shareholders intended to commit proximate cause. Proximate cause is the likelihood of calling something a proximate cause increases as the cause becomes more direct and more necessary for the injury to occur. Defendants GOOGLE LLC and Shareholders proximate cause was the coordinated harassment campaigns with business and persons including government agents for control and isolation purposes resulted in damages and Mr. Davis injury. Therefore, defendants GOOGLE LLC and Shareholders is liable of proximate cause.

152.   Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.


## THIRTIETH CAUSE OF ACTION
### (Joint and Severally)

153.   Plaintiff realstate and incorporate by reference all of the preceding paragraphs.

154.  Defendants Microsoft Inc. and Shareholders owe damages in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.  Joint and Severally is  The term jointly and severally indicates that all parties are equally responsible for carrying out the full terms of an agreement. In a personal liability case, for example, each party named may be pursued for repayment of the entire amount due.  Defendant  GOOGLE LLC and Shareholders is still liable and accountable if by any chance a shareholder cannot pay.  Therefore defendant, GOOGLE LLC and Shareholders is liable of joint and severally.

155.  Defendants  owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## THIRTIETH FIRST CAUSE OF ACTION
### (Enterprise Liability)

156.  Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

157.  Defendants GOOGLE LLC and Shareholders intended to commit Enterprise Liability. Enterprise liability is a legal doctrine under which individual entities (for example, otherwise legally unrelated corporations or people) can be held jointly liable for some action on the basis of being part of a shared enterprise. Enterprise liability is a form of secondary liability.  Defendant GOOGLE LLC and Shareholders is responsible for the harassment and joining other companies to do otherwise in large cartel enterprise resulted in Mr. Davis injury.  Therefore defendant, GOOGLE LLC and Shareholders is liable of enterprise liability.

158.  Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

159.   Defendants GOOGLE and Shareholders intended to commit the plaintiff must show that he was injured by a product. The plaintiff must show that he was injured by a product is that the product that the victim was using cause the injury. Defendant GOOGLE LLC and Shareholders GOOGLE browers was used as a weapon instead of a helpful tool and the problem lays is when the weapon or tool is pointed towards everyday Americans that is not doing or conducting any terrorist activities only trying to be productive citizens being harras by persons who are using the excuse to keep the money laundering scheme and kickback alive and continuous these persons make a living of this type of behavior send kids to school buy expensive cars and other things. Therefore defendant, GOOGLE LLC and its Shareholders is liable of the plaintiff must show that he was injuried by a product.

160.   Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

161.   Defendants GOOGLE LLC and Shareholders intended to commit that the injury occurred because the product was defective. The injury occurred because the product was defective is that the abnormal product cause injury due to it being out of specifications than a normal product would be. Defendants GOOGLE LLC and Shareholders induce the defectiveness of its own product intentionally to cause harm and bullying to psychological break down Mr. Davis and was proven effective resulted in damages and injury to Mr. Davis. Therefore defendant, GOOGLE LLC and Shareholders is liable of the injury occurred because the product was defective.

162.   Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

163. Defendants GOOGLE LLC and Shareholders intended to commit that the defect existed at the time the product left the defendant's hands. The defect existed at the time the product left the defendant's hands is that soon as left the defendant hands and the defendant miss the defect. Defendant GOOGLE LLC and Shareholders the defect existed at the time the product left the defendant's hands was the defect of the Google browser and the Google Maps was defective rather intentional or accidental to track and share information of Mr. Davis coordinates to persons of non profit Infragard and share that information in regards to Mr. Davis whereabouts. Therefore, defendant GOOGLE LLC and Shareholders is liable of the defect existed at the time the product left the defendant's hands.

164. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## THIRTIETH SECOND CAUSE OF ACTION

### (Sarbanes Oxley Act (SOX)

### (18 U.S.C. §1514A)

165. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

166. Defendants GOOGLE LLC and Shareholders intended to commit Sarbanes Oxley Act (SOX). Sarbanes Oxley Act (SOX) is The Sarbanes-Oxley Act of 2002 is a law the U.S. Congress passed on July 30 of that year to help protect investors from fraudulent financial reporting by corporations See[1]

And including:

§1514A. Civil action to protect against retaliation in fraud cases

(a) Whistleblower protection for employees of publicly traded companies.--No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)) including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company, or nationally recognized statistical rating organization (as defined in section 3(a) of the Securities Exchange Act of 1934 (15 U.S.C. 78c), or any officer, employee, contractor, subcontractor, or agent of such company or nationally recognized statistical rating organization, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee--

(1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by--

(A) a Federal regulatory or law enforcement agency;

(B) any Member of Congress or any committee of Congress; or

(C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or

(2) to file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of

section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

(b) Enforcement action.--

(1) In general.--A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by--

(A) filing a complaint with the Secretary of Labor; or

(B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

(2) Procedure.--

(A) In general.--An action under paragraph (1)(A) shall be governed under the rules and procedures set forth in section 42121(b) of title 49, United States Code.

(B) Exception.--Notification made under section 42121(b)(1) of title 49, United States Code, shall be made to the person named in the complaint and to the employer.

(C) Burdens of proof.--An action brought under paragraph (1)(B) shall be governed by the legal burdens of proof set forth in section 42121(b) of title 49, United States Code.

(D) Statute of limitations.--An action under paragraph (1) shall be commenced not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation.

(E) Jury trial.--A party to an action brought under paragraph (1)(B) shall be entitled to trial by jury.

(c) Remedies.--

(1) In general.--An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.

(2) Compensatory damages.--Relief for any action under paragraph (1) shall include--

(A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;

(B) the amount of back pay, with interest; and

(C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

(d) Rights retained by employee.--Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law, or under any collective bargaining agreement.

(e)No enforceability of certain provisions waiving rights and remedies or requiring arbitration of disputes.--

(1) Waiver of rights and remedies.--The rights and remedies provided for in this section may not be waived by any agreement, policy form, or condition of employment, including by a predispute arbitration agreement.

(2) Predispute arbitration agreements.--No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section.

Defendants and Shareholders was a Sarbanes Oxley Act (SOX) (18 U.S.C. §1514A) was using its Google browser as an shared spyware in which anything Mr. Davis would input in the browser search engine display would by automatic send to agents in state and around the world to keep up in real time what Mr. Davis was doing, attempting to do in a minute by second detail which also used to track and pinpoint locations of Mr. Davis in buildings on the street in stores via satellite then that is exchanged with the smart grid which has the cameras the the lightbulbs used as cameras via the electric smart grid, light poles all is coordinated with this browser with layer upon layer upon layer of security to envople around Mr. Davis as if he is some kind of threat when he volunteered to join the military on his own and was honorable discharged to be treated from fraudulent activities among other businesses participating in a huge money laundering and kickback scheme that spans the globe and he needs protection he is already receive push back from strongholds that do not agree with him letting this be known. Therefore, defendants GOOGLE LLC and Shareholders are liable for violations of the Sarbanes Oxley Act (SOX) (18 U.S.C. §1514A).

167.    Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

[1] SEC v. WorldCom Inc. 452 F. Supp. 2d 531 (S.D.N.Y. 2006)

## THIRTIETH THIRD CAUSE OF ACTION
### (Electronics Communications Privacy Act of 1986)
### Wiretap Act 18 U.S. Code § 2511 - Interception and disclosure of wire, oral, or electronic communications prohibited.

168.    Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

169.    Defendants GOOGLE LLC and Shareholders intended to commit Wiretap Act 18 U.S. Code § 2511. See [1]Interception and disclosure of wire, oral, or electronic communications prohibited. Wiretap Act 18 U.S. Code § 2511 - Interception and disclosure of wire, oral, or electronic communications prohibited is

(1) Except as otherwise specifically provided in this chapter any person who—

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

(b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when—

(i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or

(ii) such device transmits communications by radio, or interferes with the transmission of such communication; or

(iii) such person knows, or has reason to know, that such device or any component thereof has been sent through the mail or transported in interstate or foreign commerce; or

(iv) such use or endeavor to use (A) takes place on the premises of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or (B)

109

obtains or is for the purpose of obtaining information relating to the operations of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or

(v) such person acts in the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States;

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or

(e)

(i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, intercepted by means authorized by sections 2511(2)(a)(ii), 2511(2)(b)–(c), 2511(2)(e), 2516, and 2518 of this chapter, (ii) knowing or having reason to know that the information was obtained through the interception of such a communication in connection with a criminal investigation, (iii) having obtained or received the information in connection with a criminal investigation, and (iv) with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation,

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

(2)

(a)

(i) It shall not be unlawful under this chapter for an operator of a switchboard, or an officer, employee, or agent of a provider of wire or electronic communication service, whose facilities are used in the transmission of a wire or electronic communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the provider of that service, except that a provider of wire communication service to the public shall not utilize service observing or random monitoring except for mechanical or service quality control checks.

(ii) Notwithstanding any other law, providers of wire or electronic communication service, their officers, employees, and agents, landlords, custodians, or other persons, are authorized to provide information, facilities, or technical assistance to persons authorized by law to intercept wire, oral, or electronic communications or to conduct electronic surveillance, as defined in section 101 of the Foreign Intelligence Surveillance Act of 1978, if such provider, its officers, employees, or agents, landlord, custodian, or other specified person, has been provided with—

(A) a court order directing such assistance or a court order pursuant to section 704 of the Foreign Intelligence Surveillance Act of 1978 signed by the authorizing judge, or

111

(B) a certification in writing by a person specified in section 2518(7) of this title or the Attorney General of the United States that no warrant or court order is required by law, that all statutory requirements have been met, and that the specified assistance is required,

setting forth the period of time during which the provision of the information, facilities, or technical assistance is authorized and specifying the information, facilities, or technical assistance required. No provider of wire or electronic communication service, officer, employee, or agent thereof, or landlord, custodian, or other specified person shall disclose the existence of any interception or surveillance or the device used to accomplish the interception or surveillance with respect to which the person has been furnished a court order or certification under this chapter, except as may otherwise be required by legal process and then only after prior notification to the Attorney General or to the principal prosecuting attorney of a State or any political subdivision of a State, as may be appropriate. Any such disclosure, shall render such person liable for the civil damages provided for in section 2520. No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, or agents, landlord, custodian, or other specified person for providing information, facilities, or assistance in accordance with the terms of a court order, statutory authorization, or certification under this chapter.

(iii) If a certification under subparagraph (ii)(B) for assistance to obtain foreign intelligence information is based on statutory authority, the certification shall identify the specific statutory provision and shall certify that the statutory requirements have been met.

(b) It shall not be unlawful under this chapter for an officer, employee, or agent of the Federal Communications Commission, in the normal course of his employment and in discharge of the monitoring responsibilities exercised by the Commission in the enforcement of chapter 5

of title 47 of the United States Code, to intercept a wire or electronic communication, or oral communication transmitted by radio, or to disclose or use the information thereby obtained.

(c) It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

(d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

(e) Notwithstanding any other provision of this title or section 705 or 706 of the Communications Act of 1934, it shall not be unlawful for an officer, employee, or agent of the United States in the normal course of his official duty to conduct electronic surveillance, as defined in section 101 of the Foreign Intelligence Surveillance Act of 1978, as authorized by that Act.

(f) Nothing contained in this chapter or chapter 121 or 206 of this title, or section 705 of the Communications Act of 1934, shall be deemed to affect the acquisition by the United States Government of foreign intelligence information from international or foreign communications, or foreign intelligence activities conducted in accordance with otherwise applicable Federal law involving a foreign electronic communications system, utilizing a means other than electronic

113

surveillance as defined in section 101 of the Foreign Intelligence Surveillance Act of 1978, and procedures in this chapter or chapter 121 and the Foreign Intelligence Surveillance Act of 1978 shall be the exclusive means by which electronic surveillance, as defined in section 101 of such Act, and the interception of domestic wire, oral, and electronic communications may be conducted.

(g) It shall not be unlawful under this chapter or chapter 121 of this title for any person—

(i) to intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public;

(ii) to intercept any radio communication which is transmitted—

(I) by any station for the use of the general public, or that relates to ships, aircraft, vehicles, or persons in distress;

(II) by any governmental, law enforcement, civil defense, private land mobile, or public safety communications system, including police and fire, readily accessible to the general public;

(III) by a station operating on an authorized frequency within the bands allocated to the amateur, citizens band, or general mobile radio services; or

(IV) by any marine or aeronautical communications system;

(iii) to engage in any conduct which—

(I) is prohibited by section 633 of the Communications Act of 1934; or

(II) is excepted from the application of section 705(a) of the Communications Act of 1934 by section 705(b) of that Act;

(iv) to intercept any wire or electronic communication the transmission of which is causing harmful interference to any lawfully operating station or consumer electronic equipment, to the extent necessary to identify the source of such interference; or

(v) for other users of the same frequency to intercept any radio communication made through a system that utilizes frequencies monitored by individuals engaged in the provision or the use of such system, if such communication is not scrambled or encrypted.

(h) It shall not be unlawful under this chapter—

(i) to use a pen register or a trap and trace device (as those terms are defined for the purposes of chapter 206 (relating to pen registers and trap and trace devices) of this title); or

(ii) for a provider of electronic communication service to record the fact that a wire or electronic communication was initiated or completed in order to protect such provider, another provider furnishing service toward the completion of the wire or electronic communication, or a user of that service, from fraudulent, unlawful or abusive use of such service.

(i) It shall not be unlawful under this chapter for a person acting under color of law to intercept the wire or electronic communications of a computer trespasser transmitted to, through, or from the protected computer, if—

(I) the owner or operator of the protected computer authorizes the interception of the computer trespasser's communications on the protected computer;

(II) the person acting under color of law is lawfully engaged in an investigation;

(III) the person acting under color of law has reasonable grounds to believe that the contents of the computer trespasser's communications will be relevant to the investigation; and

(IV) such interception does not acquire communications other than those transmitted to or from the computer trespasser.

(j) It shall not be unlawful under this chapter for a provider of electronic communication service to the public or remote computing service to intercept or disclose the contents of a wire or electronic communication in response to an order from a foreign government that is subject to an executive agreement that the Attorney General has determined and certified to Congress satisfies section 2523.

(3)

(a) Except as provided in paragraph (b) of this subsection, a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.

(b) A person or entity providing electronic communication service to the public may divulge the contents of any such communication—

(i) as otherwise authorized in section 2511(2)(a) or 2517 of this title;

(ii) with the lawful consent of the originator or any addressee or intended recipient of such communication;

(iii) to a person employed or authorized, or whose facilities are used, to forward such communication to its destination; or

(iv) which were inadvertently obtained by the service provider and which appear to pertain to the commission of a crime, if such divulgence is made to a law enforcement agency.

(4)

(a) Except as provided in paragraph (b) of this subsection or in subsection (5), whoever violates subsection (1) of this section shall be fined under this title or imprisoned not more than five years, or both.

(b) Conduct otherwise an offense under this subsection that consists of or relates to the interception of a satellite transmission that is not encrypted or scrambled and that is transmitted—

(i) to a broadcasting station for purposes of retransmission to the general public; or

(ii) as an audio subcarrier intended for redistribution to facilities open to the public, but not including data transmissions or telephone calls,

is not an offense under this subsection unless the conduct is for the purposes of direct or indirect commercial advantage or private financial gain.

(5)

(a)(i) If the communication is—

(A) a private satellite video communication that is not scrambled or encrypted and the conduct in violation of this chapter is the private viewing of that communication and is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain; or

(B) a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct in violation of this chapter is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain,

then the person who engages in such conduct shall be subject to suit by the Federal Government in a court of competent jurisdiction.

(ii) In an action under this subsection—

(A) if the violation of this chapter is a first offense for the person under paragraph (a) of subsection (4) and such person has not been found liable in a civil action under section 2520 of this title, the Federal Government shall be entitled to appropriate injunctive relief; and

(B) if the violation of this chapter is a second or subsequent offense under paragraph (a) of subsection (4) or such person has been found liable in any prior civil action under section 2520, the person shall be subject to a mandatory $500 civil fine.

(b) The court may use any means within its authority to enforce an injunction issued under paragraph (ii)(A), and shall impose a civil fine of not less than $500 for each violation of such an injunction. Defendants GOOGLE LLC and Shareholders Wiretap Act 18 U.S. Code § 2511 - Interception and disclosure of wire, oral, or electronic communications prohibited was performed by GOOGLE LLC and Shareholders aiding government entities Infragard in an illegal investigation exceeding access illegally giving Mr. Davis information away without persons being under the color of law or a warrant over wire, wireless, cloud, satellite communications resulting in Mr. Davis injury. Therefore, defendant GOOGLE LLC and

118

Shareholders is liable of Wiretap Act 18 U.S. Code § 2511 - Interception and disclosure of wire, oral, or electronic communications prohibited.

[1] Katz v. United States 389 US 347 (1987)

170.     Damages owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## THIRTIETH FOURTH CAUSE OF ACTION
### (Treason U. S. C. 2381)

171.     Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

172.     Defendants  Microsoft Inc. and Shareholders intended to commit treason. Treason is Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States. Defendants GOOGLE LLC  and Shareholders treasons was their actions and collusions with other businesses and other persons in the United States in the theft, money laundering is a crime against the United States its citizens and against Mr. Davis resulted in damage and injury to Mr. Davis.  Therefore, defendant GOOGLE LLC and Shareholders is liable for treason.

173.     Damages owe in an amount that exceeds 75,000 for plaintiff injury.  Defendants are liable for damages.

## THIRTIETH FIFTH  CAUSE OF ACTION
### ( Acts of Terrorism Transcending National Boundaries)
### (18 U. S. C. Code 2332b)

174.     Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

119

175.    Defendants  GOOGLE LLC and Shareholders intended to commit Acts of Terrorism Transcending National Boundaries is: (a) Prohibited Acts.—

(1) Offenses.—Whoever, involving conduct transcending national boundaries and in a circumstance described in subsection (b)—

(A) kills, kidnaps, maims, commits an assault resulting in serious bodily injury, or assaults with a dangerous weapon any person within the United States; or

(B) creates a substantial risk of serious bodily injury to any other person by destroying or damaging any structure, conveyance, or other real or personal property within the United States or by attempting or conspiring to destroy or damage any structure, conveyance, or other real or personal property within the United States;

in violation of the laws of any State, or the United States, shall be punished as prescribed in subsection (c).

(2) Treatment of threats, attempts and conspiracies.—

Whoever threatens to commit an offense under paragraph (1), or attempts or conspires to do so, shall be punished under subsection (c).

(b) Jurisdictional Bases.—

(1) Circumstances.—The circumstances referred to in subsection (a) are—

(A) the mail or any facility of interstate or foreign commerce is used in furtherance of the offense;

(B) the offense obstructs, delays, or affects interstate or foreign commerce, or would have so obstructed, delayed, or affected interstate or foreign commerce if the offense had been consummated;

(C) the victim, or intended victim, is the United States Government, a member of the uniformed services, or any official, officer, employee, or agent of the legislative, executive, or judicial branches, or of any department or agency, of the United States;

(D) the structure, conveyance, or other real or personal property is, in whole or in part, owned, possessed, or leased to the United States, or any department or agency of the United States;

(E) the offense is committed in the territorial sea (including the airspace above and the seabed and subsoil below, and artificial islands and fixed structures erected thereon) of the United States; or

(F) the offense is committed within the special maritime and territorial jurisdiction of the United States.

(2) Co-conspirators and accessories after the fact.—

Jurisdiction shall exist over all principals and co-conspirators of an offense under this section, and accessories after the fact to any offense under this section, if at least one of the circumstances described in subparagraphs (A) through (F) of paragraph (1) is applicable to at least one offender.

(c) Penalties.—

(1) Penalties.—Whoever violates this section shall be punished—

(A) for a killing, or if death results to any person from any other conduct prohibited by this section, by death, or by imprisonment for any term of years or for life;

(B) for kidnapping, by imprisonment for any term of years or for life;

(C) for maiming, by imprisonment for not more than 35 years;

(D) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than 30 years;

(E) for destroying or damaging any structure, conveyance, or other real or personal property, by imprisonment for not more than 25 years;

(F) for attempting or conspiring to commit an offense, for any term of years up to the maximum punishment that would have applied had the offense been completed; and

(G) for threatening to commit an offense under this section, by imprisonment for not more than 10 years.

(2) Consecutive sentence.—

Notwithstanding any other provision of law, the court shall not place on probation any person convicted of a violation of this section; nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment.

(d) Proof Requirements.—The following shall apply to prosecutions under this section:

(1) Knowledge.—

The prosecution is not required to prove knowledge by any defendant of a jurisdictional base alleged in the indictment.

122

(2) State law.—

In a prosecution under this section that is based upon the adoption of State law, only the elements of the offense under State law, and not any provisions pertaining to criminal procedure or evidence, are adopted.

(e) Extraterritorial Jurisdiction.—There is extraterritorial Federal jurisdiction—

(1) over any offense under subsection (a), including any threat, attempt, or conspiracy to commit such offense; and

(2) over conduct which, under section 3, renders any person an accessory after the fact to an offense under subsection (a).

(f) Investigative Authority.—

In addition to any other investigative authority with respect to violations of this title, the Attorney General shall have primary investigative responsibility for all Federal crimes of terrorism, and any violation of section 351(e), 844(e), 844(f)(1), 956(b), 1361, 1366(b), 1366(c), 1751(e), 2152, or 2156 of this title, and the Secretary of the Treasury shall assist the Attorney General at the request of the Attorney General. Nothing in this section shall be construed to interfere with the authority of the United States Secret Service under section 3056.

(g) Definitions.—As used in this section—

(1) the term "conduct transcending national boundaries" means conduct occurring outside of the United States in addition to the conduct occurring in the United States;

(2) the term "facility of interstate or foreign commerce" has the meaning given that term in section 1958(b)(2);

(3) the term "serious bodily injury" has the meaning given that term in section 1365(g)(3); [1]

(4) the term "territorial sea of the United States" means all waters extending seaward to 12 nautical miles from the baselines of the United States, determined in accordance with international law; and

(5) the term "Federal crime of terrorism" means an offense that—

(A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and

(B) is a violation of—

(i) section 32 (relating to destruction of aircraft or aircraft facilities), 37 (relating to violence at international airports), 81 (relating to arson within special maritime and territorial jurisdiction), 175 or 175b (relating to biological weapons), 175c (relating to variola virus), 229 (relating to chemical weapons), subsection (a), (b), (c), or (d) of section 351 (relating to congressional, cabinet, and Supreme Court assassination and kidnaping), 831 (relating to nuclear materials), 832 (relating to participation in nuclear and weapons of mass destruction threats to the United States) [2] 842(m) or (n) (relating to plastic explosives), 844(f)(2) or (3) (relating to arson and bombing of Government property risking or causing death), 844(i) (relating to arson and bombing of property used in interstate commerce), 930(c) (relating to killing or attempted killing during an attack on a Federal facility with a dangerous weapon), 956(a)(1) (relating to conspiracy to murder, kidnap, or maim persons abroad), 1030(a)(1) (relating to protection of computers), 1030(a)(5)(A) resulting in damage as defined in 1030(c)(4)(A)(i)(II) through (VI) (relating to protection of computers), 1114 (relating to killing or attempted killing of officers and employees of the United States), 1116 (relating to murder or manslaughter of foreign officials,

124

official guests, or internationally protected persons), 1203 (relating to hostage taking), 1361 (relating to government property or contracts), 1362 (relating to destruction of communication lines, stations, or systems), 1363 (relating to injury to buildings or property within special maritime and territorial jurisdiction of the United States), 1366(a) (relating to destruction of an energy facility), 1751(a), (b), (c), or (d) (relating to Presidential and Presidential staff assassination and kidnaping), 1992 (relating to terrorist attacks and other acts of violence against railroad carriers and against mass transportation systems on land, on water, or through the air), 2155 (relating to destruction of national defense materials, premises, or utilities), 2156 (relating to national defense material, premises, or utilities), 2280 (relating to violence against maritime navigation), 2280a (relating to maritime safety), 2281 through 2281a (relating to violence against maritime fixed platforms), 2332 (relating to certain homicides and other violence against United States nationals occurring outside of the United States), 2332a (relating to use of weapons of mass destruction), 2332b (relating to acts of terrorism transcending national boundaries), 2332f (relating to bombing of public places and facilities), 2332g (relating to missile systems designed to destroy aircraft), 2332h (relating to radiological dispersal devices), 2332i (relating to acts of nuclear terrorism), 2339 (relating to harboring terrorists), 2339A (relating to providing material support to terrorists), 2339B (relating to providing material support to terrorist organizations), 2339C (relating to financing of terrorism), 2339D (relating to military-type training from a foreign terrorist organization), or 2340A (relating to torture) of this title;

(ii) sections 92 (relating to prohibitions governing atomic weapons) or 236 (relating to sabotage of nuclear facilities or fuel) of the Atomic Energy Act of 1954 (42 U.S.C. 2122 or 2284);

(iii) section 46502 (relating to aircraft piracy), the second sentence of section 46504 (relating to assault on a flight crew with a dangerous weapon), section 46505(b)(3) or (c) (relating to

explosive or incendiary devices, or endangerment of human life by means of weapons, on aircraft), section 46506 if homicide or attempted homicide is involved (relating to application of certain criminal laws to acts on aircraft), or section 60123(b) (relating to destruction of interstate gas or hazardous liquid pipeline facility) of title 49; or

(iv) section 1010A of the Controlled Substances Import and Export Act (relating to narco-terrorism).

176. Defendants GOOGLE LLC and Shareholders Acts of Terrorism Transcending National Boundaries was the acts using their software as a weapon of imprisonment and control within the United States and abroad in a domestic terrorism attack against the United States, American citizens and Mr.Davis used as a scapegoat to hide their criminal activity is a crime against society and Mr. Davis resulted in damages and injury. Therefore, defendants GOOGLE LLC and Shareholders is liable of Acts of Terrorism Transcending National Boundaries.

177. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

## **THIRTIETH CAUSE OF ACTION**

### **(Respondeat Superior)**

178. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

179. Defendants GOOGLE LLC and Shareholders intended to commit Respondeat Superior. Respondeat Superior is a legal doctrine, most commonly used in tort, that holds an employer or principal legally responsible for the wrongful acts of an employee or agent, if such acts occur within the scope of the employment or agency. Defendants Respondeat Superior was the wrongful and intentional act of placing a tracking and listening device and live audio on devices

using Microsoft Windows without notice resulted in damage and injury to Mr. Davis. Therefore, defendants GOOGLE LLC. and Shareholders is liable of Respondeat Superior.

180. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

181. Defendants GOOGLE LLC. and Shareholders intended to commit the agent of the corporation committed the crime. The agent of the corporation committed the crime is a corporation to be found guilty of a crime, the crime has to been committed by an agent of the company while acting on behalf of the company. Defendants GOOGLE LLC and Shareholders the agent of the corporation committed the crime was all agents near and remotely was in on the act working through the GOOGLE browser software linked to one another this involves commercial airplanes , satellites communications and so high technology that move fast and far and the agents of Microsoft utilized that even integrated their own systems to link up resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE and Shareholders is liable of The agent of the corporation committed the crime.

182. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

183. Defendants GOOGLE LLC and Shareholders intended to commit while acting within the scope of the agent's authority. While acting within the scope of the agent's authority is if an agent acts within the scope of his/her authority, a principal is bound by the act of his/her agent. Moreover, a principal is responsible for any action or inaction by the principal's agent. Defendants GOOGLE and Shareholders while acting within the scope of the agent's authority was employees as a collective was aware of the car being compromised and agents of the who

company was acting in the scope of their employment when the intentional breach occurred. Therefore, GOOGLE LLC and Shareholders is liable of while acting within the scope of the agent's authority.

184. Defendants owe in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

185. Defendants GOOGLE LLC and Shareholders intended to commit with an intent to benefit the corporation. With an intent to benefit the corporation is he liability imposed upon a corporation for any criminal act done by any natural person. Liability is imposed so as to regulate the acts of a corporation. The principle of corporate criminal liability is based on the doctrine of respondent superior which is commonly known as the theory of vicarious liability, where the master is made liable for the acts of his servant. Any corporation can be made liable for act of its agent or servant. Defendants GOOGLE LLC and Shareholders with an intent to benefit the corporation was receiving kickbacks not just a few employees the whole organization benefited from the illegal money laundering scheme that span around the world via encrypted satellite systems cellphones avionics it is huge and when one business get paid it goes to parents and other subsidiaries within that same organization structure resulted in damages and Mr. Davis injury. Therefore, defendant GOOGLE and Shareholders is liable of with an intent to benefit the corporation.

186. Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

187. Defendants GOOGLE LLC and Shareholders intended to commit duty. Duty is the responsibility to others to act according to the law. Defendants GOOGLE LLC and

128

Shareholders duty was to accommodate Mr. Davis per the terms of the agreement and the agreement with to GOOGLE owed a duty to Mr. Davis intently break the law resulting damage and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable of duty.

188.    Defendant owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

189.    Defendants GOOGLE LLC and Shareholders intended to commit proximate cause. Proximate cause is an act from which an injury results as a natural, direct, uninterrupted consequence and without which the injury would not have occurred. Defendants GOOGLE LLC and Shareholders proximate cause was uninterrupted harassment, fraud, and unethical behavior and discrimination and sharing Mr. Davis data intended to inflict harm and actions not in his best interest from not allow Mr. the Davis the right to privacy resulted in damages and injury to Mr. Davis. Therefore, defendants GOOGLE LLC and Shareholders is liable for proximate causes.

190.    Defendants owe damages in an amount that exceeds 75,000 for plaintiff injury. Defendants are liable for damages.

191.    As a result of Defendant, illegal actions the plaintiff suffered physical injuries, fear, humiliation, anger, outrage, loss of sleep, PTSD, and other emotional and physical distress

192.    By the conduct alleged above, Plaintiff was deprived of his constitutional rights and due process to obstruction justice and deny equal due process under the law.

193.    The acts alleged above were done intentionally, willfully, maliciously, wantonly with reckless disregard for the safety of the Plaintiff.

194.    At times and dates indicated and herein alleged, each defendant had a duty to keep the plaintiff secure from unlawful and assault, battery, false confinement, and false arrest.

195.    Notwithstanding the duties owed to the Plaintiff, the Defendants failed to prevent the wrongs complained of herein, in violation of 28 U.S.C. § 1331.

WHEREFORE, the Plaintiff prays this court:


A.    For compensatory & punitive damages, injunctive relief, and in an amount exceeding 1,200,000,000,000.00 dollars for the physical and emotional damage he has suffered.

B.    For such other relief as law and equity allows, including costs and reasonable interim and final attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 5/17/2021

Andre Antonio Davis, Plaintiff in Pro Per


## DEMAND FOR JURY TRIAL

**Pursuant to Rule 38 (b), the plaintiff demands trial by jury.**


DATED: 5/17/2021

Andre Antonio Davis, Plaintiff in Pro Per